Kip Evan Steinberg (SBN 096084)
LAW OFFICES OF KIP EVAN STEINBERG
Courthouse Square
1000 Fourth Street, Suite 600
San Rafael, CA 94901
Telephone: 415-453-2855
Facsimile: 415-456-1921
kip@steinberg-immigration-law.com

**Attorney for Plaintiffs MIRSAD HAJRO and JAMES R. MAYOCK**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIRSAD HAJRO, JAMES R. MAYOCK <br><br> Plaintiffs, <br><br> v. <br> UNITED STATES CITIZENSHIP <br> AND IMMIGRATION SERVICES, <br> T. DIANE CEJKA, Director <br> USCIS National Records Center, <br> ROSEMARY MELVILLE, <br> USCIS District Director of San Francisco, <br> MICHAEL CHERTOFF, Secretary <br> Department of Homeland Security, <br> MICHAEL B. MUKASEY, Attorney General <br> Department of Justice <br> Defendants | **Case No. CV 08 1350 RMW** <br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I. INTRODUCTION

Plaintiffs respectfully submit this First Amended Complaint for Declaratory and Injunctive Relief.   Plaintiffs amend the original complaint as of right pursuant to Federal Rule of Procedure 15(a) (permitting amendment of pleading "once as a matter of course at any time before a responsive pleading is served.") The original complaint was filed on March 10, 2008.

This is an action under the Freedom of Information Act, 5 U.S.C. 552, *as*

*amended,* ("FOIA") to order the production of agency records related to Plaintiff Hajro which have been improperly withheld from him. This lawsuit also seeks injunctive relief to enforce the strict time requirements under FOIA. Finally, this action seeks to enforce the terms of a nationwide settlement agreement related to FOIA entered into between Plaintiff Mayock and Defendants and their predecessors for the benefit of aliens such as Plaintiff Hajro.

## II.  PARTIES

1.  Plaintiff, Mirsad Hajro is a lawful permanent resident and resides in San Jose, California. His alien registration number is A77 428 444. He previously was the plaintiff in *Hajro v. Gonzales* No. C 06-7827 JW.

2.  James R. Mayock is an immigration attorney who resides in San Anselmo, California. He practices immigration law in San Francisco, California.

3.  Defendant United States Citizenship And Immigration Services ("USCIS") is an agency within the Department of Homeland Security which has the custody and control of alien registration files. USCIS is also charged by law with the duty of adjudicating N-400 applications for naturalization under 8 U.S.C. §1430 (a). USCIS is an agency within the meaning of 5 U.S.C. §552(f).

4.  Defendant T. Diane Cejka is sued in her official capacity as the Director of the USCIS National Records Center. The National Records Center ("NRC") is the central repository of the agency's alien files and records responds to FOIA requests for copies of these records. The NRC also is the office which has possession of the records Plaintiffs seek.

5.  Defendant Rosemary Melville is sued in her official capacity as the District Director of the USCIS San Francisco District Office. The District

1  Director has oversight responsibilities over the San Jose Field Office  where

2  Plaintiff Hajro's naturalization appeal is pending.  In addition, the San

3  Francisco District Office was named in the original settlement agreement which

4  is a subject of this lawsuit.

5  　　　　6.　　Defendant Michael Chertoff is sued in his official capacity as  the

6  Secretary of the Department of Homeland Security[1].  In this capacity he has

7  responsibility for the administration and enforcement of the immigration laws

8  pursuant to 8 U.S.C. §1103(a) including the accurate, efficient and secure

9  processing of immigration benefits.

10  　　　　7.　　Defendant Michael B. Mukasey is sued in his official capacity as the

11  Attorney General of the United States and is charged with the authority and

12  duty to direct, manage, and supervise all employees and all files and records of

13  the Department of Justice.  The Department of Justice signed a nationwide

14  settlement  agreement on May 21, 1992 which is a subject of this lawsuit.

15

16  　　　　　　　　　　　　**III. JURISDICTION**

17  　　　　8.　　This Court has jurisdiction over this action pursuant to 5 U.S.C.

18  §552(a)(4)(B) (Freedom Of Information Act), 5 U.S.C.  §551 *et seq.*, 5 U.S.C.§

19  555(b),  §702,  §704 and  §706  (Administrative Procedure Act), and 28 U.S.C.

20  §1331 (federal question) as this action arises under the Freedom of Information

21  Act.  5 U.S.C. §552 *et seq.*

22  　　　　9.　　This Court  has jurisdiction to enforce the settlement agreement

23  reached in *Mayock v. Immigration And Naturalization Service*, Civil No. C-85-

24

25  　　　　[1]Since March 1, 2003, the Department of Homeland Security is the
26  agency responsible for implementing the Immigration and Nationality Act.  See
   6 U.S.C.  §271(b)(5) and  6 U.S.C. § 557.
27

28  *Hajro v. USCIS - Case No. CV 08 1350 RMW*
   First Amended Comp. for Decl. and Inj. Relief   3

1   5169-CAL (N.D. Cal), ("the Settlement Agreement").

2       10.    The aid of the Court is invoked under 28 USC §§ 2201 and 2202,

3   authorizing a declaratory judgment.

4                                **IV. VENUE**

5       11.   Venue is proper in the Northern District of California since a

6   substantial part of the events or omissions giving rise to the claim occurred in

7   Northern California.

8                             **V. REMEDY SOUGHT**

9       12.   Plaintiff Hajro seeks to have the Court compel Defendants to

10  provide him with a copy of all withheld material from his alien registration file

11  (78 pages in full, and 8 pages in part) pursuant to his FOIA request.

12      13.  Plaintiffs seek to have the Court issue an order directing Defendants

13  to amend "Track Three" processing of FOIA requests (see ¶20) to comply with

14  the Settlement Agreement's procedures for expedited processing.

15      14.   Plaintiffs seek to have the Court issue an order directing Defendants

16  to amend "Track Three" processing of FOIA requests (see ¶20) to provide for

17  priority processing upon proof that substantial due process rights of the

18  requestor would be impaired by the failure to process immediately.

19      15.  Plaintiffs seek a permanent injunction requiring Defendants to:

20  A) provide a copy of a requestor's file within the twenty day time limit

21  mandated in 5 U.S.C. §552(a)(6)(A);

22   B) give written notice if a twenty day extension of time is needed in unusual

23  circumstances as mandated by §552(a)(6)(B);

24   C) establish a procedure to advise a requestor of his/her right and the

25  procedures to appeal the decision if a request for expedited processing is

26  denied.

27

28  *Hajro v. USCIS - Case No. CV 08 1350 RMW*
    First Amended Comp. for Decl. and Inj. Relief   4

1

## VI. STATEMENT OF FACTS

2 <u>Plaintiff James Mayock</u>

3      16.  Plaintiff Mayock has filed several FOIA requests on behalf of his

4 clients seeking copies of their alien registration files.  It has taken more than

5 20 days for Defendants to produce the records in these cases.

6      17.  Plaintiff Mayock was the plaintiff in *Mayock v. I.N.S.*, 714 F. Supp

7 1558 (N.D. Cal.1989), rev'd and remanded *sub nom. Mayock v. Nelson*, 938 F.

8 2d 1006 (9th Cir. 1991).

9      18.  As a result of the litigation in that case, Plaintiff Mayock entered into

10 a  Settlement Agreement with Defendants and their predecessors[2].

11 (*Exhibit A).*

12      19.  Under the terms of the Settlement Agreement:

13

14 **Expedited Processing for Demonstrated Exceptional Need or**
**Urgency**

15

16 A requestor who demonstrates, consistent with applicable
guidances and law, an "exceptional need or urgency", shall have

17 his/her request processed out of turn on an "expedited" basis.  The
currently applicable guidance...provides that FOIA offices are to

18 grant such treatment when the requestor demonstrates that:

19 a.  an individual's life or personal safety would be jeopardized by
the failure to process a request immediately; or

20 b.  substantial due process rights of the requestor would be
21 impaired by the failure to process immediately, and the
information sought is not otherwise available.

22 **Procedures for Expedited Processing**

23

24      _____

25      [2]The Settlement Agreement is published in a law review article: "*Freedom*
*Of Information Act Response Deadlines: Bridging The Gap Between Legislative*

26 *Intent And Economic Reality* by Eric Sinrod, *The American University Law*
*Review*, Winter 1994 , Volume 43, Number 2, p. 325.

27

28

A request for expedited processing which demonstrates either of the above circumstances shall be processed immediately.

A request which fails to meet the above criteria shall be denied expedited processing and shall be processed on the appropriate track. A requestor must be notified in writing of the decision not to grant the request for expedited treatment, and advised of his/her right and the procedures to appeal the decision...

20. Currently, Defendants use a multi track system for responding to FOIA requests, consisting of three tracks:

*Track One:*[3] Simple requests.

*Track Two*:[4] Complex inquiries that normally necessitate additional search and review time.

*Track Three*:[5] Expedited processing for individuals scheduled for a hearing before an immigration judge.

21. Tracks One and Two were implemented on April 29, 1992.*(Exhibit B)*.

22. "Track Three" was implemented on March 30, 2007. *(Exhibit C)*

23. On January 26, 2008, pursuant to paragraph 10 of the Settlement Agreement, Plaintiff Mayock sent a notification of breach of the Settlement Agreement to the District Director of the USCIS San Francisco District Office. *(Exhibit D)*

---

[3]"Track 1 is for less complex requests that can be processed in 20 working days or less."   72 Fed. Reg. 9017 (2/28/07)

[4]"Track 2 is for complex requests that require more than 20 working days to process and that include searching and line-by-line review of numerous pages of information." 72 Fed. Reg. 9017 (2/28/07)

[5]Referred to as the "Notice To Appear" track. 72 Fed. Reg. 9017(2/28/07)

24.  Plaintiff Mayock has received no reply to this letter.

25.  On information and belief, FOIA requests are no longer processed by local districts, such as the San Francisco District Office.

26.  Plaintiff Mayock was not notified by Defendants of this change of procedure under the Settlement Agreement and is unaware of the exact date that this change in practice occurred.

27.  Currently, all FOIA requests for files of aliens compiled by USCIS are processed in one centralized location at the National Records Center in Lee's Summit, Missouri.

28.  On January 26, 2008, Plaintiff Mayock also sent a notification of breach to the Director of the National Records Center of the Department of Homeland Security.  *(Exhibit D)*

29. Plaintiff Mayock has received no reply to this letter.


Plaintiff Mirsad Hajro

30.  Plaintiff Hajro is a beneficiary under the Settlement Agreement.

31. Plaintiff Hajro applied for naturalization on November 6, 2003 under 8 U.S.C.§ 1430(a).  *(Exhibit E)*

32.  Plaintiff Hajro was interviewed on March 4, 2004 at the USCIS Field Office in San Jose, California.

33.  Plaintiff Hajro made several inquiries about the status of his citizenship application and was informed each time that his application could not be acted upon because the FBI background name check was pending.

34.  Plaintiff Hajro filed a Petition For Hearing On Naturalization Application Under 8 U.S.C. §1447(b) *in pro per* on December 21, 2006.

35.  The case was assigned to the Honorable James Ware.  (*Hajro v.*

*Gonzales* C 06-7827 JW).

36.  On or about August 24, 2007, the parties filed a  joint "Stipulation For Remand and Dismissal" stating that "the necessary name check and FBI background check investigations have been completed, and that USCIS is now ready to complete the adjudication and issue a decision on the Plaintiff's application for Naturalization."

37.   Pursuant to this stipulation, Judge Ware dismissed the case without prejudice on August 30, 2007.  (*Exhibit F*)

38.  Plaintiff Hajro's application for naturalization was denied on October 9, 2007 based on alleged evidence in his alien registration file. *(Exhibit G)*

39.  Plaintiff Hajro filed an appeal of this decision under 8 U.S.C. §1447(a) on or about November 9, 2007 and requested a hearing on Form N-336. *(Exhibit H)*  By law, USCIS must schedule a review hearing before an immigration officer, within a reasonable period of time not to exceed 180 days from the date upon which the appeal is filed.  8 CFR § 336.2(b)

40.  Plaintiff Hajro filed a FOIA request for a copy of his alien registration file on  November 19, 2007.  *( Exhibit I)*

41.  Plaintiff Hajro specifically requested expedited processing pursuant to the Settlement Agreement.

42.  Plaintiff Hajro's FOIA request was accompanied by a letter from his lawyer dated November 7, 2007 which explained that Plaintiff Hajro needed a copy of the file to see the alleged evidence upon which the denial was based and prepare his appeal.   *(Exhibit J)*

43.  Since substantial due process rights of the requestor would be impaired by the failure to process immediately, and the information sought was not otherwise available, the letter argued that this request qualified for

expedited processing under the terms of the Settlement Agreement.

44.  On November 19, 2007 Defendants issued a letter denying Plaintiff Hajro's request for expedited processing because Plaintiff Hajro is not scheduled for a hearing before an immigration judge.   *(Exhibit K)*

45. On November 19, 2007 Defendants issued another letter acknowledging receipt of Plaintiff Hajro's FOIA request and placing it on the "complex track". His case number is NRC2007075364.  *(Exhibit L)*

46.  On information and belief, Plaintiff alleges that the processing time for both "Track One"  and  "Track Two" cases is currently up to 18 months. *(Exhibit  M)*

47.  On information and belief, Plaintiff alleges that the vast majority of requests for alien registration files involve less than 100 pages of material in a single file  located at a single location at the National Records Center,  and do not require consultation with another agency or the search of other offices.

48. After the passage of more than twenty days since Plaintiff Hajro filed his FOIA request, he had not received a copy of his file.   Plaintiff Hajro treated this as an adverse determination pursuant to 6 C.F.R. §5.6(c) and 5 U.S.C. §552(a)(6)(A) and filed an administrative appeal of this denial pursuant to 6 CFR.§5.9(a)(1) on or about December 26, 2007.   *(Exhibit  N)*

49.  On March 10, 2008, Plaintiffs filed their initial Complaint For Declaratory And Injunctive Relief.

50.   On March 27, 2008, Plaintiff Hajro received Defendants' denial of the appeal of the request for expedited processing.  This denial was dated March 21, 2008. (*Exhibit O*).

51.  On March 27, 2008, Plaintiff Hajro received a response to his FOIA request.  Defendants provided Plaintiff Hajro with 356 pages in their entirety

and 8 pages were released in part.  Defendants withheld 78 pages in full.

Defendants' response was dated March 4, 2008  (*Exhibit P*).

52.  On May 12, 2008 Plaintiff Hajro submitted an appeal of the March 4,

2008 decision withholding material from Plaintiff's alien registration file.

(*Exhibit T* ) The appeal stated in part:

> My client is awaiting the scheduling of a hearing on the denial of
> his naturalization application under Section 336 of the
> Immigration & Nationality Act.   This denial was based on the fact
> that my client allegedly falsely testified that he had no foreign
> military service when questioned at his adjustment of status
> interview on November 13, 2000 in Boise, Idaho...
>
> In the 364 pages provided, the government has provided no
> evidence of this alleged testimony regarding foreign military
> service.  Since the government has denied my client's application
> for naturalization based on this alleged testimony, one must
> assume that some evidence of this testimony exists in the file,
> otherwise the denial would be based on no evidence.  For this
> reason, we are seeking all of the withheld material (78 pages in
> full, and 8 pages in part) to see if this withheld material contains
> any such evidence.  In particular, we need to see the interviewing
> officer's notes taken at the interview on November 13, 2000.
> Reliance on any such "secret evidence" to deny my client's
> application for naturalization would be a violation of my client's
> constitutional right to Due Process.  For this reason, if any
> evidence exists of this alleged testimony, it must be disclosed.
>
> We do not insist on the releasing of all withheld material under the
> following conditions:  If the government determines that only some
> pages of the withheld material contains such evidence, we will
> accept these pages as long as the government confirms that no
> other such evidence exists.  In the alternative, we will accept a
> written confirmation from the government that no such evidence
> exists in any of the withheld material.

53.   More than twenty days have passed since this appeal was filed and

no reply has been received.  Plaintiff Hajro has treated this as a denial of his

appeal pursuant to 5 U.S.C. §552(a)(6)(A).

54.  The delays in responding to Plaintiff Hajro's FOIA request are not

attributable to Plaintiff Hajro.

55.  On May 13, 2008 Plaintiff Hajro filed his brief in the underlying

appeal of the denial of his citizenship.  (*Exhibit Q*) As of this date, Plaintiff is awaiting the scheduling of this appeal hearing pursuant to 8 U.S.C. §1447(a) and 8 CFR § 336.2.

56.  Plaintiff Hajro has been and will continue to be irreparably harmed because of the unreasonable delay of Defendants in providing the information requested under the Freedom Of Information Act because without a complete copy of the file, Plaintiff Hajro's attorney has not been able to prepare his appeal adequately.

57.  Plaintiff Hajro has exhausted the applicable administrative remedies with respect to the FOIA request to USCIS.

## VII. FIRST CAUSE OF ACTION

58. Defendants' current multi track policy allows expedited processing only in cases for aliens scheduled for a hearing before an immigration judge. *(Exhibit R).*  This violates the Settlement Agreement in that it does not provide a procedure for a requestor to demonstrate that either A) their life or personal safety would be jeopardized by the failure to process a request immediately or B) substantial due process rights would be impaired by the failure to process immediately in cases other than immigration judge hearings.[6]

59.  Defendants have undermined the fundamental interests protected

---

[6]Examples of such cases include, but are not limited to: appeals of denials of citizenship under 8 U.S.C. §1447, appeals to the Board of Immigration Appeals under 8 C.F.R §1003.3 (See *Exhibit S*, Declaration of Robert Pauw), appeals to the Administrative Appeals Office under 8 C.F.R §103.3, appeals to the Legalization Appeals Office under 8 C.F.R §245a.2(p), responses to "Requests for Evidence" under 8 CFR §103.2(b)(8), and persons with final orders of deportation filing a motion to reopen or reconsider under 8 C.F.R.  §1003.2.

by the Settlement Agreement by gutting its essential due process protections for aliens who need copies of their files in order to have due process for appeals, motions to reopen, and fair hearings in situations *other than hearings before an immigration judge.*

60.  Plaintiffs  allege that both "Track Three" and 6 C.F.R.§5.5(d) violate the Settlement Agreement in that they do not provide a requestor for expedited processing an opportunity to demonstrate that substantial due process rights would be impaired by the failure to process immediately, and the information sought is not otherwise available.

61.  In this case, the information sought is not otherwise available because there is no discovery in immigration proceedings.

## VIII.  SECOND CAUSE OF ACTION

62.  The November 19, 2007 denial of expedited processing of Plaintiff Hajro's FOIA request violated the Settlement Agreement in that 1) Plaintiff Hajro demonstrated that substantial due process rights (i.e. the right to a fair hearing under 8 U.S.C. 1447(a)) would be impaired without access to the evidence used to deny his citizenship application and 2) the November 19, 2007 denial failed to advise Plaintiff Hajro of his right or any procedures to appeal the decision as required by the Settlement Agreement.

## IX.  THIRD CAUSE OF ACTION

63.  The failure to provide Plaintiff Hajro with the requested material, i.e. a copy of his alien registration file, within 20 days of his request violated 5 U.S.C.§552(a)(6)(A) and 6 C.F.R §5.6(b).

## X. FOURTH CAUSE OF ACTION

64. The failure to notify Plaintiff Hajro of the "unusual circumstances" which prevented the agency from processing his request within the 20 day statutory limit and the failure to notify him of the date by which processing of his request could be expected to be completed violated 6 C.F.R .§ 5.5(c)(1).

65. Plaintiff Hajro alleges that Defendants cannot demonstrate "unusual circumstances" as defined in 5 U.S.C. §552(a)(6)(B) to extend the twenty day statutory time limit in Plaintiff Hajro's case.

## XI. FIFTH CAUSE OF ACTION

66. Plaintiffs allege that Defendants have a pattern or practice of failing to comply with the time requirements set forth in 5 U.S.C. § 552(A), (B), (C).

## XII. SIXTH CAUSE OF ACTION

67. Defendants' action in withholding the requested information was arbitrary and capricious under 5 U.S.C. §551 *et seq.*, 5 U.S.C.§ 555(b), §702, §704 and §706, the Administrative Procedure Act.

68. Defendants have willfully and unreasonably delayed and refused to provide Plaintiffs with the information requested both under FOIA and the terms of the Settlement Agreement.

69. Plaintiff Hajro has a right to a copy of the requested documents under both the Settlement Agreement and 5 U.S.C. §552(a)(3).

70. There is no legal basis for Defendants' failure to provide Plaintiff Hajro a copy of the requested material in a timely manner.

71. The withheld material from Plaintiff's alien registration file is not exempt from disclosure under the Freedom of Information Act.

### XIII. SEVENTH CAUSE OF ACTION

72. Withholding such evidence from Plaintiff violates Plaintiff's due process rights because it prevented Plaintiff's attorney from adequately preparing his brief on appeal. Continued withholding of such evidence violates Plaintiff's right to a fair hearing and fundamental fairness.

### XIV. EIGHTH CAUSE OF ACTION

73. Defendants' "Track Three" policy violates the Fifth Amendment guarantee of Equal Protection under the United States Constitution. Aliens whose substantial due process rights would be impaired by failure to process immediately are treated arbitrarily under this policy and the distinction created lacks a rational basis. The policy creates two classes of aliens both of whom require expedited processing of their FOIA requests to ensure due process in the treatment of their immigration cases, except for the fact that members of one class are in removal proceedings.

### XV. NINTH CAUSE OF ACTION

74. On February 28, 2007 Defendants announced in the Federal Register a new "Track Three" policy for processing FOIA requests effective March 30, 2007. *(Exhibit C)* This new policy constituted a substantive rule that departed from prior policy and practice.

75. Defendants implemented this rule without providing a general notice of proposed rule making and a period for public comment, even though the new policy represents a significant change from the Mayock Settlement Agreement and has had an adverse impact on individuals not in removal hearings  who were previously allowed expedited processing under the Mayock Settlement

Agreement.

76.  Defendants' failure to provide a general notice of proposed rule making and public comment period prior to implementing the new "Track Three" policy violates the Administrative Procedure Act, 5 U.S.C. §553.

## XVI.  PRAYER

77.   WHEREFORE, Plaintiffs pray this Court:

(A) Find that Defendants' multi track policy is in violation of the terms of the Settlement Agreement in that it does not provide priority treatment for cases where the requestor demonstrates that 1) an individual's life or personal safety would be jeopardized by the failure to process a request immediately; or 2)  substantial due process rights of the requestor would be impaired by the failure to process immediately.

(B) Order Defendants to amend "Track Three" to comply with the terms of the Settlement Agreement concerning the procedures for Expedited Processing of FOIA requests so that all aliens (not just those scheduled for a hearing before an immigration judge) who can demonstrate that substantial due process rights would be impaired by the failure to process immediately, are considered for expedited processing.

(C) Order Defendants to amend "Track Three" processing of FOIA requests  to provide for priority processing upon proof that substantial due process rights of the requestor would be impaired by the failure to process immediately.

(D) Find that  6 C.F.R.§5.5(d) violates the Settlement Agreement in that this regulation  does not provide a requestor for expedited processing an opportunity to demonstrate that substantial due process rights would be

impaired by the failure to process immediately.

(E) Find that Defendants are in violation of the Freedom Of Information Act by failing to comply with the time requirements set forth in 5 U.S.C. § 552(a)(6)(A), (B), and (C).

(F) Issue a permanent injunction requiring Defendants to 1) provide a copy of a requestor's file within the twenty day time limit mandated in 5 U.S.C. §552(a)(6)(A);  2) give written notice if a twenty day extension of time is needed in unusual circumstances as mandated by §552(a)(6)(B);  establish a procedure to advise a requestor of his/her right and the procedures to appeal the decision if a request for expedited processing is denied.

(G) Find that "Track Three" violates the equal protection of the laws as guaranteed by the Fifth Amendment of the United States Constitution.

(H) Find that Defendants violated the Administrative Procedure Act, 5 U.S.C. §553, in failing to provide a general notice of proposed rule making and a period for public comment period  prior to implementing "Track Three".

(I) Find that the failure to provide Plaintiff Hajro with the requested material within 20 days of his request violated 5 U.S.C.§552(a)(6)(A) and 6 C.F.R §5.6(b).

(J) Find that the failure to provide notification of the "unusual circumstances" which prevented the agency from processing Plaintiff Hajro's request within the 20 day statutory limit and the failure to notify him of the date by which processing of his request can be expected to be completed violated 6 CFR § 5.5(c)(1).

(K) Find that Defendants' denial of Plaintiff Hajro's request violated 5 U.S.C. §552(a)(6)(E) in that the denial failed to provide for expeditious consideration of an administrative appeal of the denial of expedited processing.

1   (L) Find that the agency action in this case was "arbitrary and

2   capricious".

3   (M) Order Defendants to provide Plaintiff Hajro with a complete copy of

4   the withheld material from his alien registration file; or

5   (N) Conduct an in camera review of the withheld material.  1) If the Court

6   determines that none of the withheld material contains any evidence of "false

7   testimony" by Plaintiff Hajro, then make a factual finding to this effect. 2) If the

8   Court determines that some of the pages of the withheld material contains

9   evidence related to the government's claim of "false testimony", then order the

10   government to release only this evidence and make a factual finding that no

11   other such evidence exists.

12   (O)  Award Plaintiff reasonable attorney's fees and costs of court and

13   (P) Grant such other relief at law and in equity as the Court may deem

14   just and proper.

15

16   DATED:   June 10, 2008

17                                    _____/s/_____

18                                    Kip Evan Steinberg
                                     Attorney for Plaintiffs HAJRO &  MAYOCK

19

20

21

22

23

24

25

26

27

28   *Hajro v. USCIS - Case No. CV 08 1350 RMW*
     First Amended Comp. for Decl. and Inj. Relief  17

**LIST OF EXHIBITS**

(pp. 1-84)

A     The Settlement Agreement

B     Policy on Priority for Processing FOIA/PA Requests dated April 29, 1992

C     Announcement of "Track Three" in Federal Register: 72 FR 9017 (February 28, 2007)

D     Notification of Breach letter dated January 26, 2008

E     Receipt for naturalization application filed November 6, 2003

F     Judge Ware's Order dismissing 1447(b) lawsuit August 30, 2007

G     Denial of naturalization application dated October 9, 2007

H     Form N-336 requesting a hearing to appeal denial

I     FOIA request mailed November 8, 2007

J     Letter dated November 7, 2007 requesting expedited processing attached to FOIA request

K     Letter dated November 19, 2007 denying expedited processing of FOIA request

L     Letter dated November 19, 2007 acknowledging receipt of FOIA request and placing it on the "complex track"

M     Samples of "Track One" and "Track Two" FOIA cases showing current backlog up to 18 months

N     FOIA appeal dated December 23, 2007

O     Defendants' three track system for processing FOIA requests as described on website USCIS.gov

P     Defendants' denial of Plaintiff Hajro's appeal of the request for

expedited processing dated March 21, 2008.

Q    Cover letter for Defendants' FOIA response dated March 4, 2008.

R    Plaintiff Hajro's appeal brief in the 8 U.S.C. §1447(a) proceedings contesting the denial of his citizenship application, filed May 13, 2008.

S    Declaration of attorney Robert Pauw.

T    FOIA appeal dated May 12, 2008

n agencies; (5) obtaining a
eptional circumstances" and
c databases for information;
and (8) allowing agencies to
that Congress will examine
torney General will consider
gency backlogs.

# APPENDIX

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES R. MAYOCK, Plaintiff, | ) ) ) | Civil No. C-85-5169-CAL |
| v. | ) ) | |
| IMMIGRATION AND NATURALIZATION SERVICE, *et al.*, Defendants. | ) ) ) ) ) | SETTLEMENT AGREEMENT |

Plaintiff, JAMES R. MAYOCK, and defendants, the IMMIGRATION AND NATURALIZATION SERVICE ("I.N.S."), et al. (hereinafter "defendant"), through their undersigned counsel, hereby agree as follows:

1. The parties do hereby resolve, settle and compromise all outstanding claims and issues, including all attorneys' fees and costs, arising from Civil Action No. 85-5169-CAL, United States District Court for the Northern District of California ("the action").

2. This Settlement Agreement does not constitute an admission by the defendant that defendant, or any of its employees, has violated any law or statute as alleged in the complaint filed by plaintiff in the action. Defendant specifically disclaims that it has engaged in any unlawful pattern and practice either by failing to produce certain categories of Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, information or by failing to respond timely to requests as required by the FOIA.

3. This Settlement Agreement does not constitute an admission by plaintiff that its allegations that defendant engaged in a pattern and practice of violating various FOIA requirements lack merit. Plaintiff also does not subscribe to defendants's legal interpretation of 5 U.S.C. § 552(a)(6)(C) and the applicable case law as specifically



( 1 )

EXHIBIT A

set forth in Attachment A to this Settlement Agreement. Plaintiff otherwise does not necessarily agree that the electronic databases identified on page 2 of Attachment B to this Settlement Agreement constitute all relevant electronic databases to be searched.

4.   Defendant agrees to establish a national Policy on Priority for Processing Freedom of Information Act/Privacy Act ("FOIA/PA") Requests, which policy shall be disseminated to all Regional Record Managers, conspicuously posted in all I.N.S. district offices and a copy mailed to plaintiffs counsel, Eric J. Sinrod, and to Lory Rosenberg, American Immigration Lawyers Foundation, Legal Action Center in Washington, D.C. within two weeks of the execution of this Settlement Agreement. The terms of that national policy shall be as set forth in Attachment A to this Settlement Agreement.

5.   Defendant further agrees that the San Francisco District Office ("SFDO") will continue its present policies and procedures for handling FOIA/PA requests and that the SFDO District Director shall issue a policy statement setting forth the terms of that present SFDO policy. That policy shall be conspicuously posted at the SFDO and a copy mailed to plaintiff's counsel, Eric J. Sinrod, and to Lory Rosenberg, American Immigration Lawyers Foundation, Legal Action Center in Washington, D.C. within two weeks of the execution of this Settlement Agreement. The terms of that SFDO policy statement shall be as set forth in Attachment B to this Settlement Agreement.

6.   Defendant further agrees to provide to plaintiff's counsel, Eric J. Sinrod, and to Lory Rosenberg, American Immigration Lawyers Foundation, Legal Action Center in Washington, D.C. with national FOIA tracking data for all district offices, concerning the total number of requests processed during the month, average days necessary to complete those requests, the number of cases pending, and the average number of days that those cases have been pending, which shall be mailed to Mr. Sinrod and to Ms. Rosenberg by prepaid first class mail on or before the fifteenth of each month for a period of two years after the execution of this Settlement Agreement.

7.   Defendant further agrees to pay plaintiff the lump sum amount of $250,000 in attorneys' fees and costs, which amount shall be paid in full satisfaction of all claims for attorneys' fees and costs that have been made or could have been made by any attorney who participat

ed in the litigation of this ca type shall be taken from th shall tender to plaintiff by payable jointly to James Bunshoft. Plaintiff and/or applicable taxes and othe payment is not tendered be the right to request the dat for in the District Court's ( but only until such time as

8.   In exchange for the c as set forth above, plaintiff causes of action that plaintif the defendant and all I.N. reserves the right to bring a an I.N.S pattern and pract occurred after this litigation

9.   Plaintiff further agre Order of Dismissal, dated period provided in that Or its obligations set forth in and defendant further agr attorneys' fees appeals in th Ninth Circuit, appeal numb by simultaneously executii stipulation of dismissal immediately filing the exec Circuit Court of Appeals.

10.   The parties agree th any breach of this Settleme District Director with notic The SFDO shall, within t notice, respond in writing undertake a good faith ef SFDO would then have an make a good faith effort to weeks following the receip plaintiff shall not institute court concerning a perceiv



Settlement Agreement. Plaintiff
...e that the electronic databases
B to this Settlement Agreement
...abases to be searched.

...a national Policy on Priority for
...Act/Privacy Act ("FOIA/PA")
...minated to all Regional Record
...I.N.S. district offices and a copy
...Sinrod, and to Lory Rosenberg
...dation, Legal Action Center in
...the execution of this Settlement
...nal policy shall be as set forth in
...eement.

...the San Francisco District Office
...: policies and procedures for
...the SFDO District Director shall
...the terms of that present SFDO
...ously posted at the SFDO and a
..., Eric J. Sinrod, and to Lory
...wyers Foundation, Legal Action
...o weeks of the execution of this
...of that SFDO policy statement
...to this Settlement Agreement.

...ovide to plaintiff's counsel, Eric
...merican Immigration Lawyers
...Washington, D.C. with national
...offices, concerning the total
...ng the month, average days
...the number of cases pending
...hose cases have been pending,
...od and to Ms. Rosenberg by
...he fifteenth of each month for
...tion of this Settlement Agree-

...plaintiff the lump sum amount
...s, which amount shall be paid
...rneys' fees and costs that have
...y any attorney who participat-

ed in the litigation of this case in any capacity. No deductions of any
type shall be taken from this lump sum payment, which defendant
shall tender to plaintiff by means of a check or electronic transfer
payable jointly to James R. Mayock and Hancock,, Rothert &
Bunshoft. Plaintiff and/or his counsel are liable for payment of all
applicable taxes and other deductions from this amount. If this
payment is not tendered before June 26, 1992, plaintiff shall retain
the right to request the district court to postpone dismissal provided
for in the District Court's Order of Dismissal, dated April 28, 1992,
but only until such time as plaintiff receives such payment.

8. In exchange for the consideration to be provided by defendant,
as set forth above, plaintiff forever waives and releases all claims and
causes of action that plaintiff has alleged or could have alleged against
the defendant and all I.N.S. employees in this litigation. Plaintiff
reserves the right to bring a subsequent action should he believe that
an I.N.S pattern and practice of failing to comply with FOIA has
occurred after this litigation has concluded.

9. Plaintiff further agrees not to challenge the District Court's
Order of Dismissal, dated April 28, 1992, within the 60 day time
period provided in that Order, provided that defendant fulfills all of
its obligations set forth in paragraphs 4, 5, 6 and 7, above. Plaintiff
and defendant further agree voluntarily to dismiss their respective
attorneys' fees appeals in the United States Court of Appeals for the
Ninth Circuit, appeal numbers 90-16681 and 90-16725 with prejudice,
by simultaneously executing this Settlement Agreement and the
stipulation of dismissal attached hereto as Attachment C and
immediately filing the executed stipulation of dismissal with the Ninth
Circuit Court of Appeals.

10. The parties agree that should plaintiff believe there has been
any breach of this Settlement Agreement, he shall provide the SFDO
District Director with notice in writing of any such perceived breach.
The SFDO shall, within two weeks of the date of receipt of that
notice, respond in writing to the substance of that claim and shall
undertake a good faith effort to resolve plaintiff's concerns. The
SFDO would then have an additional two weeks to meet with and/or
make a good faith effort to resolve plaintiff's claim. During the four
weeks following the receipt of plaintiff's written notice at the SFDO,
plaintiff shall not institute any pattern and practice lawsuit in district
court concerning a perceived breach of the Settlement Agreement.



At the end of that four week period, however, plaintiff shall be free to seek relief in district court for any perceived breach of the Settlement Agreement that he believes have not been corrected by the SFDO.

11. Defendant retains the right to amend, change, revise, or terminate any practice or policy of concern herein. Plaintiff, in the event of any such amendment, change, revision, or termination by defendant of any practice or policy of concern herein, shall retain the right to institute a new action challenging any such amendment, change, revision or termination and any of its consequences.

12. The parties acknowledge that they enter into this agreement freely and voluntarily and that this agreement is intended by the parties to be the full and final settlement of the matters encompassed herein, and there are no terms and conditions of settlement not set forth herein.

| | |
|---|---|
| May 22, 1992<br>DATE | //s// Eric Sinrod<br>ERIC SINROD<br>Hancock, Rothert & Bunshoft<br>Four Embarcadero Center<br>San Francisco, CA  94111-4168<br>Tel:  (415) 981-5550 |
| May 22, 1992<br>DATE | //s// James R. Mayock<br>JAMES R. MAYOCK<br>CROSLAND, STRAND, FREEMAN<br>& MAYOCK<br>260 California Street<br>San Francisco, CA  94111<br>Tel: (415) 765-5111<br>Attorneys for plaintiff |
| May 21, 1992<br>DATE | //s// Paul W. Bridenhagen<br>PAUL W. BRIDENHAGEN<br>Department of Justice<br>901 E Street, N.W., Room 848<br>Washington, D.C.  20530<br>Tel: (202) 514-4781<br>Attorneys for defendants |

④

ever, plaintiff shall be free
perceived breach of the
ve not been corrected by

mend, change, revise, or
n herein. Plaintiff, in the
evision, or termination by
ern herein, shall retain the
ng any such amendment
f its consequences.

enter into this agreement
ment is intended by the
f the matters encompassed
tions of settlement not set

c Sinrod
C SINROD
Rothert & Bunshoft
arcadero Center
isco, CA 94111-4168
) 981-5550

es R. Mayock
ES R. MAYOCK
ID, STRAND, FREEMAN
CK
rnia Street
isco, CA 94111
765-5111
for plaintiff

l W. Bridenhagen
IL W. BRIDENHAGEN
nt of Justice
et, N.W., Room 848
n, D.C. 20530
514-4781
for defendants

# ATTACHMENT A

## PRIORITY PROCESSING PROGRAM

The purpose of this memorandum is to set policy for establishing priority for processing Freedom of Information Act/Privacy Act ("FOIA/PA") requests and the procedures to be used by INS offices when acting on requests that ask for "expedited processing."

The FOIA, 5 U.S.C. § 552(a)(6)(A), requires federal agencies to determine whether to release requested documents within 10 working days. If an agency fails to comply with this requirement, the requester may treat the failure as an exhaustion of administrative remedies and file suit. 5 U.S.C. § 552(a)(6)(B) allows this period to be extended for an additional 10 working days in the event of "unusual circumstances" as follows:

(i) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;

(ii) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or

(iii) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject matter interest therein.

Those INS FOIA/PA offices which have such a backlog that the extension authorized in these unusual circumstances would be irrelevant should rely on the language of 5 U.S.C. § 552(a)(6)(C). The leading case on this provision is *Open American v. Watergate Special Prosecuting Force*, 547 F.2d 605 (D.C. Cir. 1976), which provides that a volume of requests beyond that which an agency could reasonably have anticipated constitutes "exceptional circumstances," and that processing these requests on a "first-in, first-out" basis satisfies the



requirement that an agency exercise due diligence in dealing with this backlog.

In general, each INS FOIA/PA office must adopt a first-in, first-out (FIFO] processing policy as its basic guideline in determining the order in which it processes requests. If strict FIFO processing of all requests regardless of the volume of records requested would cause some requesters with simple requests to wait for extraordinary periods of time while a limited number requesters with exceptionally complex requests are served, individual offices may adopt a multi-track system as follows:

### Track 1 - Simple Requests

— Require five days or less to process.

— Request a limited number of documents.

— Involve minimal review for claims exemptions.

Simple requests are those which require five days or less to process, including requests for only one or two specific documents that are easily accessed and which, by their nature would not normally be exempt from the requester (*e.g.*, request for a copy of one's own birth certificate or naturalization certificate).

### Track 2 - Complex Requests

— Require more than five days to locate, review and prepare for disclosure.

— Request more than a limited number of documents.

— Involve more than a minimal review for claims exemption.

Complex requests are those which it is estimated that the records sought in the request will take more than five days to locate, review and prepare the requested records for disclosure (*e.g.* files requiring line-by-line review of numerous pages of personal information, classified files requiring review for national security implications, investigative files, particularly those that are of current or recent

investigations, that require ca personnel; and sensitive inter decision-making process).

### Simultaneous Two-Track FIFO

Under this two-track system s ahead of more complex ones This procedure, however, will long as the FIFO approach w good faith effort is made to p possible. FOIA offices may not to processing Track 1 over Tra

### Expedited Processing for Dem

A requester who demonstrat and law, an "exceptional need processed out of turn on a applicable guidance, set forth FOIA UPDATE, Summer 1983 such treatment when the requ

a. an individual's life or p the failure to process a

b. substantial due proce impaired by the fail information sought is

### Procedures for Expedited Pr

A request for expedited p the above circumstances sha

A request which fails to r expedited processing and sha A requester must be notifie the request for expedited tre the procedures to appeal notification are enclosed.



iligence in dealing with this

ust adopt a first-in, first-out
.deline in determining the
trict FIFO processing of all
rds requested would cause
it for extraordinary periods
with exceptionally complex
r adopt a multi-track system

process.

f documents.

laims exemptions.

five days or less to process,
pecific documents that are
re would not normally be
or a copy of one's own birth

ays to locate, review and

l number of documents.

al review for claims exemp-

estimated that the records
l five days to locate, review,
sclosure (e.g. files requiring
 of personal information;
ional security implications;
t are of current or recent

investigations, that require careful coordination with investigative personnel; and sensitive internal memoranda that are part of the decision-making process).

## Simultaneous Two-Track FIFO Processing

Under this two-track system some simple requests will be processed ahead of more complex ones which may have been received earlier. This procedure, however, will not negate a claim of due diligence as long as the FIFO approach within each track is maintained, and a good faith effort is made to process all requests as expeditiously as possible. FOIA offices may not, however, devote all, of their resources to processing Track 1 over Track 2, or vice-versa.

## Expedited Processing for Demonstrated Exceptional Need or Urgency

A requester who demonstrates, consistent with applicable guidances and law, an "exceptional need or urgency", shall have his/her request processed out of turn on an "expedited" basis. The currently applicable guidance, set forth in the Attached Department of Justice FOIA UPDATE, Summer 1983, provides that FOIA offices are to grant such treatment when the requester demonstrates that:

a.  an individual's life or personal safety would be jeopardized by the failure to process a request immediately; or

b.  substantial due process rights of the requester would be impaired by the failure to process immediately, and the information sought is not otherwise available.

## Procedures for Expedited Processing

A request for expedited processing which demonstrates either of the above circumstances shall be processed immediately.

A request which fails to meet the above criteria shall be denied expedited processing and shall be processed on the appropriate track. A requester must be notified in writing of the decision not to grant the request for expedited treatment, and advised of his/her right and the procedures to appeal the decision. Sample letters for this notification are enclosed.



Please disseminate this policy to your FOIA/PA Officers and insure that each is fully aware of these requirements. This rescinds HQINF memorandum 1491-P, dated March 1990, same subject. Any questions concerning this policy should be directed to Mildred Carter, FOIA/PA Specialist, or Russell Powell, Chief of FOIA/PA Section, on FTS 368-1722.

Robert L. Martinez
Assistant Commissioner

Enclosures
cc:    Regional Administrators
      District Directors

A

IMMIGRATION A
San Fr
**Policies & Proced**

The purpose of this mer
District Office's ("SFDO's
Freedom of Information
personnel shall adhere to
in responding to a FOIA

I.   Receipt and Loggin

    A.   Mailed Requ

        1.   The FC
           time t
           reques
        2.   After
           be en
           system
        3.   An ac
           reques
           days o

    B.   Hand Delive

        1.   All re
           stamp
           receir
        2.   After
           be er
           systen
        3.   An a
           reque
           days
           hand
           office

18

OIA/PA Officers and insure
ents. This rescinds HQINF
same subject. Any questions
to Mildred Carter, FOIA/PA
[A/PA Section, on FTS 368-

# ATTACHMENT B

### IMMIGRATION AND NATURALIZATION SERVICE
San Francisco District Office
**Policies & Procedures for Handling FOIA Requests**

The purpose of this memorandum is to set forth the San Francisco District Office's ("SFDO's") policies and procedures for handling Freedom of Information Act ("FOIA") requests. All SFDO FOIA personnel shall adhere to the policies and procedures set forth below in responding to a FOIA request.

I.   Receipt and Logging of Requests

    A.   Mailed Requests

        1.   The FOIA unit will promptly retrieve its mail each time the mail is delivered and date stamp all requests with that day's date.

        2.   After date stamping the request, the request will be entered into the FOIA computer tracking system in the appropriate category.

        3.   An acknowledgement of receipt of the FOIA request will be mailed to the requester within two days of the receipt of the request.

    B.   Hand Delivered Requests

        1.   All requests that are hand-delivered will be date stamped with that day's date promptly upon receipt.

        2.   After date stamping the request, the request will be entered into the FOIA computer tracking system in the appropriate category.

        3.   An acknowledgement of receipt of the FOIA request will be mailed to the requester within two days of the date the request is received if not handed to tho requester while he is still in the office.

(9)

II.  Screening Requests and Obtaining Alien File

    A.  The location of the Alien File from which information has been requested will be determined promptly.

    B.  If the Alien File is located in another files control office (FCO):

        1.  The FOIA request will be immediately forwarded to that office.

        2.  The requester will be mailed a notice of the request's transfer to another office within two days of the date the transfer is made.

        3.  If the request is for "all files", a search of electronic data bases will be made and releasable information located will be sent to the requester with the notice of transfer.

    C.  If the Alien File is located in the Immigration Card Facility, a request for the file will be made immediately. The request will then be treated as if this office were the original FCO.

    D.  If the Alien File is located in this District, it will be obtained promptly so that work can begin.

III.  Working the Request

    A.  The Alien File will be received and appropriate deletions made and identified in accordance with statutes, regulations and established procedures.

    B.  The following electronic databases will be searched by name and date of birth of the subject of the request, as necessary for each request.

        1.  Central Index System (CIS)

        2.  Deportable Alien Control System (DACS)

        3.  Fees Applications Receipt Entry System (FARES)

        4.  Naturalization Casework System (NACS)

        5.  Non-Immigrant Information System (NIIS)

        6.  Student/School System (STSC)

        7.  Legaliz...

        8.  Any pe...

    C.  Information ... listed in III.B. ... to informatio...

    D.  Audio/video ... request will al...

IV.  Extension of Time

    A.  All SFDO FO... requirements ... and (C).

    B.  An extension ... a response t... following circ...

        1.  Some ... tion m...

        2.  The vo... large.

        3.  Other ... ment ...

    C.  If an extensi... 552(a)(6)(B) ... promptly to t... delay and set...

    D.  Where an ... § 552(a)(6)(... final respons... original requ...

V.  Information Disclo...

    A.  Entire Page

        1.  When

g Alien File

File from which information
determined promptly.

n another files control office

ll be immediately forwarded

be mailed a notice of the
another office within two
transfer is made.
"all files", a search of elec-
ill be made and releasable
will be sent to the requester
ansfer.

d in the Immigration Card
le will be made immediately.
ated as if this office were the

d in this District, it will be
work can begin.

ed and appropriate deletions
ordance with statutes, regula-
dures.

atabases will be searched by
he subject of the request, as

1 (CIS)
ntrol System (DACS)
ceipt Entry System (FARES)
ork System (NACS)
rmation System (NIIS)
em (STSC)

7.    Legalization Application System (LAPS)
8.    Any pertinent systems established subsequently.

C.    Information obtained from the electronic data bases listed in III.B. above will be processed in a like manner to information in the Alien-Files.

D.    Audio/video records pertaining to the subject of the request will also be considered for release.

IV.    Extension of Time

A.    All SFDO FOIA personnel shall comply with the time requirements set forth in 5 U.S.C. § 552(a)(6)(A), (B), and (C).

B.    An extension of time under 5 U.S.C § 552(a)(6)(B) for a response to the requester can be used only in the following circumstances:

    1.    Some or all of the requested records/ information must be obtained from another office.

    2.    The volume of records to be reviewed is unusually large.

    3.    Other federal government agencies of Department of Justice component must be consulted.

C.    If an extension of time is appropriate under 5 U.S.C § 552(a)(6)(B), a letter of explanation will be sent promptly to the requester explaining the reason for the delay and setting a new response date.

D.    Where an extension of time pursuant to 5 U.S.C § 552(a)(6)(B) is determined to be appropriate, the final response shall be within 20 working days of the original request date.

V.    Information Disclosure

A.    Entire Page Withhold

    1.    When an entire page of a file is withheld from



disclosure to a FOIA requester, the specific subject matter of the withheld sheet need not be identified.

2. When an entire page of a file is withheld, however, the following information will be released in lieu of the page itself:

   a. The "in lieu of" page will be identified in its upper right hand corner with the page number of the page withheld, e.g. L-7, R-29, etc.

   b. "Entire Page" will than be placed immediately beneath the page number.

   c. Centered in the upper half of the "in lieu of" page will be the U.S.C. citation that exempts from disclosure the withheld page.

   d. Centered in the lower half of the "in lieu of" page will be the identification of the withheld page by type, form number and date, as applicable, e.g. Attorneys' Worksheet, 1/23/89 or Investigator's Worksheet, SF-10, 2/14/88.

B. Less Than Entire Page Withheld

1. When less than an entire page is withheld, a numerical citation to the statutory section relied upon for exemption from disclosure will be placed adjacent to redacted information.

2. The form number, date, and any information which generally describes the type of form will ordinarily not be redacted, in order to assist the requestor in making a decision as to whether or not to appeal the decision to exempt information from disclosure.

VI. Review and Distribution of Completed Request

A. After the requested records and information have been gathered, a cover letter will be prepared indicating what types of documents are being withheld and correlating that with the exemption(s) relied upon.

B. After approval
will be signed
and the packag

C. If the requeste
and has asked t
it mailed, the
the package is

D. A copy of any r
be kept by this

E. As the final st
FOIA compute



12

A requester, the specific
vithheld sheet need not be

of a file is withheld, howev-
rmation will be released in

' page will be identified in
1and corner with the page
page withheld, e.g. L-7, R-

ill than be placed immedi-
e page number.
upper half of the "in lieu
e the U.S.C. citation that
sclosure the withheld page,
lower half of the "in lieu
: the identification of the
y type, form number and
licable, e.g. Attorneys'
23/89 or Investigator's
), 2/14/88.

eld

ntire page is withheld, a
ie statutory section relied
from disclosure will be
icted information.
te, and any information
bes the type of form will
ted, in order to assist the
decision as to whether or
on to exempt information

ed Request

id information have been
prepared indicating what
withheld and correlating
ied upon.

B. After approval by appropriate officials, the cover letter
will be signed by the District Director, or his designee,
and the package then mailed to the requester.

C. If the requester has an urgent need for the information
and has asked to pick-up the package rather than having
it mailed, the requester will be notified by phone that
the package is ready.

D. A copy of any material not released to the requester will
be kept by this office for the specified time period.

E. As the final step, the request will be closed out of the
FOIA computer tracking system.

13

### 5. INS Extends *Proyecto San Pablo* Filing Deadline to July 15

In 69 Interpreter Releases 260, 281 (Mar. 2, 1992), we reproduced a February 7, 1992 INS cable implementing a federal court order in *Proyecto San Pablo v. INS*, No. 89–456–TUC (D. Ariz. Jan. 29, 1992). In that case the court invalidated certain INS regulations and procedures that denied legalization to certain aliens who were deemed to lack continuous residence because of an absence from the U.S. due to deportation.[1] In January 1992 U.S. District Judge William D. Browning stayed previous orders for relief, but ordered the INS to grant work authorization to class members.[2]

Judge Browning ordered the INS to send to potential class members copies of the court's opinion along with an application form for them to return to an INS Service Center.[3] Individuals contacted then assume the responsibility of pursuing work authorization. Regional INS offices were to accept all work authorization applications received from such individuals during a 90-day period beginning March 16, 1992 and ending June 15, 1992. Upon receiving a response from an alien, the INS must also examine the alien's legalization file to determine if he or she is a class member.

The INS has now agreed to extend the filing deadline by one month, to July 15, 1992. The INS announced the extension in a May 28, 1992 letter from INS attorney Ellen Sue Shapiro to Seattle, Washington attorney Robert H. Gibbs, one of plaintiffs' counsel.[4] Ms. Shapiro explained that the Service is extending the deadline because it "is anxious for all class members to receive interim relief, and is concerned by your representations that not all legitimately entitled aliens have done so." Ms. Shapiro added, however, that the INS will not send out another mailing to aliens informing them of the extension.

---

1. See 69 Interpreter Releases 129 (Jan. 27, 1992); 68 Interpreter Releases 1231 (Sept. 23, 1991).
2. See 69 Interpreter Releases 161 (Feb. 3, 1992).
3. The form is reproduced in 69 Interpreter Releases 281 (Mar. 2, 1992).
4. The 3-page INS letter is available through the IR/AILA joint reprint service (reprint number IR–03–0792). The cost is $2.30 by mail, plus $3.00 postage/handling per mail order (not per item); $10.30 by fax. To order, call AILA at (202–371–9377) or fax (credit cards only; 202–371–9449).

Ms. Shapiro's letter makes two other noteworthy points. First, the letter makes clear that the INS will accept copies of the application form, and not just the official form mailed by the Service, as long as the copy includes the alien's A-number. Second, the letter clarifies that any class members who did not receive the INS' official notice should immediately contact the plaintiffs' counsel, who are listed in the Service's February 7, 1992 wire. □

### 6. FOIA Case Against INS Finally Settled

After seven years of litigation, the INS has settled an important Freedom of Information Act (FOIA) case. *Maycock v. INS*, Civ. No. C–85–5169–CAL (N.D. Cal. May 22, 1992). The settlement will effect nationwide changes in INS FOIA procedures, and may help prevent deportation of aliens to countries where they would face persecution and war.

The case focused on the INS' failure to respond to more than 100 information requests within the 10-day limit mandated by the FOIA. The suit charged that the INS routinely took months—in some cases years—to respond to the requests, often long after the aliens had already been deported. According to the suit, timely access to the requested information might have prevented the deportations.

Under the settlement, the INS has agreed to establish a national Policy on Priority for Processing Freedom of Information Act/Privacy Act Requests within two weeks of the date of the settlement. The new policy should be in place by early June 1992.

The new policy permits INS FOIA offices to continue to exceed FOIA's time limits when the office has a great backlog of requests, as now exist in most INS FOIA offices. The new policy also does not bind the INS to take any affirmative efforts to reduce FOIA backlogs. However, the new policy mandates a new multi-track processing system that should significantly expedite the processing of many FOIA requests. "Simple" requests (defined as those requiring five days or less to process, requesting a limited number of documents, and involving minimal review for exemptions from FOIA's disclosure requirements) will be processed on a "first-in, first-out" (FIFO) basis. "Complex" requests will be separately processed on a FIFO basis. Previously, all requests were lumped in together and processed on a FIFO basis. In addition, the new policy provides that from now on, the INS will process FOIA requests that

EXHIBIT B

show "exceptional need or urgency" on an immediate basis.

The settlement also incorporates a five-page list of policies and procedures for handling FOIA requests at the INS' San Francisco office. Among other things, that office will now be required to follow FOIA's time requirements. The INS also agreed to pay the plaintiffs $250,000 to cover attorney's fees and costs.

The plaintiffs were represented by San Francisco attorneys Eric J. Sinrod and James R. Mayock. "We established a priority program which benefits FOIA requesters across the nation," said Mr. Sinrod. "We also cleaned up all the FOIA practices of the San Francisco INS office," he added. Mr. Mayock commented that "immigrants will now get a fair shake in deportation cases because of timely and full disclosure of information."

According to Mr. Sinrod, the INS had argued that it was exempt from FOIA's time requirements because the agency suffered from a "chronic" backlog of FOIA requests and therefore only was required to respond on a FIFO basis. In June 1989, U.S. District Judge Charles A. Legge disagreed with the INS and ruled in favor of the plaintiffs, holding that the INS nationally could not avoid the 10-day rule simply by claiming a routine backlog of FOIA requests, and that the INS must give priority attention to requests for information needed in exclusion or deportation hearings. He also held that the San Francisco INS office had to come into strict compliance with FOIA's 10-day rule.[1]

In July 1991 the Ninth Circuit reversed and remanded Judge Legge's decision, holding that Judge Legge needed to consider additional facts before reaching a final judgment. *Mayock v. Nelson*, 938 F.2d 1006 (9th Cir. 1991), rev'g *Mayock v. INS*, 714 F. Supp. 1558 (N.D. Cal. 1989).[2] After months of further negotiations, the case was settled before Judge Legge reached a final judgment.

"After seven years of litigation, we convinced the INS that we would take this case to the U.S. Supreme Court, if necessary," Mr. Sinrod stated. "I believe that the INS realized that it would be prudent to settle this case on fair terms." ❑

---

[1] See 66 Interpreter Releases 734 (July 25, 1989).

[2] See 68 Interpreter Releases 943 (July 29, 1991).

## 7. INS Issues New Guidelines on Incomplete Asylum Applications

INS headquarters has developed new guidelines on returning incomplete applications to asylum applicants. A May 28, 1992 memorandum signed by INS Deputy Commissioner Ricardo Inzunza outlines the definition of a complete asylum application, based on the regulations and the I-589 asylum application. The memo, with attachments, is reproduced in Appendix II of this Release.

The memo notes that 8 CFR § 208.3 defines the "form of application" required from asylum applicants. Under that regulation, the following documents compose a complete asylum application: (1) Form I-589, in quadruplicate, and an additional copy for each family member; (2) Form G-325A, biographic information, for each person over 14 years old; (3) Form FD-258 fingerprint card for each person over 14; (4) two photographs for each person; (5) supporting documentation; and (6) evidence of claimed relationship for all family members. In addition, applicants may submit Form I-765 applications for work authorization.

The memo adds that the instructions on the I-589 reiterate this information and state documentary requirements for applicants. An additional copy of the application is required for each dependent, and evidence of relationships must be included. Any documents in a foreign language must be accompanied by an English translation.

The memo also states that additional guidelines on what constitutes a "substantially incomplete" application may be issued at a later date. Until that time, the memo instructs INS offices not to return an application because it appears to be "substantially incomplete."

Attachment 1 to the memo defines a complete I-589 package, delineating the forms and documents that must be included. "Applications which are lacking the necessary documents must be returned as incomplete," the memo states, in an apparent inconsistency.

Attachment 2 defines the "variables" that must be completed on each form for INS offices to accept an application and consider it filed. Since an I-589 cannot be entered into the system without certain essential variables, the memo continues, these must be included on at least one of the forms in the asylum

## 5. INS Finalizes National Policy for Responding to FOIA Requests

In 69 Interpreter Releases 707 (June 8, 1992) we reported on a settlement in *Mayock v. INS*, Civ. No. C–85–5169–CAL (N.D. Cal. May 22, 1992), which challenged the INS' procedures for responding to requests under the Freedom of Information Act (FOIA). As part of the settlement, the Service agreed to establish a national policy for responding to FOIA requests.

The INS has now finalized those procedures in a memorandum to the field issued by Assistant Commissioner for Records System Robert L. Martinez. The memo, dated April 29, 1992, is reproduced in Appendix V of this Release.

The memo notes that the FOIA, 5 U.S.C. § 552(a)(6)(A), requires federal agencies to determine whether to release requested records within 10 working days. If an agency fails to comply, the requester may treat the failure as an exhaustion of remedies and file suit. The statute also allows this period to be extended for an additional 10 days in the event of "unusual circumstances." The memo describes three such circumstances.

Those INS offices that have such a backlog that the authorized extension would be irrelevant may rely on *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), which held that a volume of requests beyond that which an agency could reasonably have anticipated constitutes "exceptional circumstances," and that processing these requests on a "first-in, first-out" basis satisfies the requirement that an agency exercise due diligence.

In general, each office should adopt a first-in, first-out processing policy, Mr. Martinez' memo states. If strict adherence to this would cause some requesters with simple requests (five days or less to process) to wait for extraordinary periods of time while a limited number of complex requests (more than five days) are processed, offices may adopt a "multi-track" system. Under this system, some simple requests would be processed ahead of complex cases. "This procedure, however, will not negate a claim of due diligence, as long as a [first-in, first-out] approach within each track is maintained, and a good faith effort is made to process all requests as expeditiously as possible," Mr. Martinez states.

Finally, the memorandum notes that a requester who demonstrates an "exceptional need or urgency" is to have his or her request processed out of turn on an expedited basis. In attached guidelines, the Justice Department mandates that a requester for expedited treatment demonstrate either that a person's life or safety is threatened, or that the requester's due process rights would be impaired. Mr. Martinez' memo also includes model responses to requesters for such expedited processing. □

## 6. INS General Counsel Opinion Discusses Immigration of Adopted Siblings

When is a sibling not a sibling? When his or her fellow sibling is adopted by another set of parents. That seems to be the conclusion for immigration purposes of a June 21, 1990 legal opinion issued by then-INS General Counsel William P. Cook. The opinion concluded that if the INS grants an immigration benefit based on the relationship between an adopted person and his or her adoptive parent, another individual born to the adopted child's natural parents does not qualify for immigrant classification as the adopted person's brother or sister.

The legal opinion is reproduced in Appendix VI of this Release. The opinion discussed the following fact situation, presented by the State Department's Visa Office: Two aliens are born to common parents. One of the aliens is later adopted by others, and obtains immigrant status based on the adoptive relationship. The adopted alien eventually becomes a U.S. citizen. The adopted alien then seeks to classify the other alien as his sibling under the old fifth preference (now the family fourth preference).

Based on these facts, the opinion discussed the following question: What effect does adoption have, for purposes of the immigration laws, on the relationship between two persons born to common parents?

The legal opinion first noted that an adopted child is considered the child of his or her adoptive parents, not his or her natural parents. Citing *Matter of Lum*, 11 I&N Dec. 55 (BIA 1964), the opinion held that an adopted person can only be considered the child of his or her natural parents if the INS granted no immigration benefits based on the adoptive relationship *and* granting benefits in the future is no longer possible (emphasis provided).

Appendix V

# Memorandum



CO 1491-P

**Subject** Policy on Priority for Processing
FOIA/PA Requests

**Date** 4/29/92

**To** Regional Records Managers

**From** Records Systems
Division (HQRSD)

The purpose of this memorandum is to set the policy for
establishing priority for processing Freedom of Information Act and
Privacy Act (FOIA/PA) requests and the procedures to be used by INS
offices when acting on requests that ask for "expedited
processing."

The FOIA, 5 U.S.C § 552(a)(6)(A), requires federal agencies to
determine whether to release requested records within 10 working
days. If an agency fails to comply with this requirement, the
requester may treat the failure as an exhaustion of administrative
remedies and file suit. 5 U.S.C. § 552(a)(6)(B) allows this period
to be extended for an additional 10 working days in the event of
"unusual circumstances" as follows:

> (i) the need to search for and collect the requested records
> from field facilities or other establishments that are
> separate from the office processing the request;
>
> (ii) the need to search for, collect, and appropriately
> examine a voluminous amount of separate and distinct records
> which are demanded in a single request, or
>
> (iii) the need for consultation, which shall be conducted
> with all practicable speed, with another agency having a
> substantial interest in the determination of the request or
> among two or more components of the agency having substantial
> subject matter interest therein.

Those INS FOIA/PA offices which have such a backlog that the
extension authorized in these unusual circumstances would be
irrelevant should rely on the language of 5 U.S.C. 552 § (a)(6)(C).
The leading case on this provision is, Open America v. Watergate
Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976), which
provides that a volume of requests beyond that which an agency
could reasonably have anticipated constitutes "exceptional
circumstances," and that processing these requests on a "first-in,
first-out" basis satisfies the requirement that the agency
exercise due diligence in dealing with this backlog.

Appendix V, continued

Page 2
Regional Records Managers

In general, each INS FOIA/PA office must adopt a first-in, first-out (FIFO) processing policy as its basic guideline in determining the order in which it is going to process requests. If strict FIFO processing of all requests, regardless of the volume of records requested, would cause some requesters with simple requests to wait for extraordinary periods of time while a limited number of requesters with exceptionally complex requests are served, individual offices may adopt a multi-track system as follows:

   Track 1 - Simple Requests

   Simple requests are those which require a brief time (five days or less) to process (e.g., they request a limited number of documents, and involve minimal review for exemption claims). They include requests for only one or two specific documents that are easily accessed and which, by their nature, would not normally be exempt from the requester (e.g., request for a copy of one's own birth certificate or naturalization certificate).

   Track 2 - Complex Requests

   Complex requests are those which require more than five days to locate, review and prepare for disclosure (e.g., they request more than a limited number of documents, and involve more than a minimal review for exemption claims). Such requests include files requiring line-by-line review of numerous pages of personal information; classified files requiring review for national security implications; investigative files, particularly those that are of current or recent investigations, that require careful coordination with investigative personnel; and sensitive internal memoranda that are part of the decision making process.

Simultaneous Two-Track FIFO Processing

   Under this two-track system some simple requests will be processed ahead of more complex ones which may have been received earlier. This procedure, however, will not negate a claim of due diligence as long as a FIFO approach within each track is maintained, and a good faith effort is made to process all requests as expeditiously as possible. FOIA/PA offices may not, however, devote all of their resources to processing Track 1 over Track 2, or visa-versa.

Expedited Processing for Demonstrated Exceptional Need or Urgency

   A requester who demonstrates an "exceptional need or urgency" shall have his/her request processed out of turn on an "expedited" basis. In the attached copy of FOIA UPDATE Summer of 1983, the Department of Justice provided guidance as to what a requester must

18

Appendix V, continued

Page 3
Regional Records Managers

show to require the granting of a request for expedited treatment.
FOIA/PA offices are to grant such treatment when the requester
demonstrates that:

    a. an individual's life or personal safety would be
jeopardized by the failure to process a request immediately;
or

    b. substantial due process rights of the requester would be
impaired by the failure to process immediately, and the
information sought is not otherwise available.

Procedures for Expedited Processing

    A request for expedited processing which demonstrates either
of the above circumstances shall be processed immediately.

    A request which fails to meet the above criteria shall be
denied expedited processing and shall be processed on the
appropriate track. A requester must be notified in writing of the
decision not to grant the request for expedited treatment, and
advised of his/her right and the procedures to appeal the decision.
Sample letters for this notification are enclosed.

Please disseminate this policy to your FOIA/PA Officers and insure
that each is fully aware of these requirements. This rescinds
HQINT memorandum 1491-P, dated March 1990, same subject. Any
questions concerning this policy should be directed to Mildred
Carter, FOIA/PA Specialist, or Russell Powell, Chief, FOIA/PA
Section, on (202) 514-1722.

ROBERT L. MARTINEZ  4/29/92
Assistant Commissioner

Attachments

CC:  Regional Administrators
     District Directors

(19)

Appendix V, continued

Mr. John Doe
ABC News
00 West 10th Street
New York, NY 10023

Subject: Expedited Treatment

Dear Mr. Doe:

Your request was received in this office on 00/00/00, seeking
expedited treatment of your request for access to information from
INS records.

On the basis of the information you provided, we have determined
that expedited processing of your request is not warranted.
Standards established by the Department of Justice regarding
expedited processing are very strict (copy attached) and permit
expedited treatment only when the requester demonstrates that:

    a.    an individual's life or personal safety would be
jeopardized by the failure to process a request immediately; or

    b.    substantial due process rights of the requester would be
impaired by the failure to process immediately, and the
information sought is not otherwise available.

In the event you can demonstrate any further showing as to the
nature and degree of the loss that will be suffered if processing
is not expedited, or any such reliance by the subject on the
availability of INS information alone will prevent impairment of
due process rights, submit this additional information to INS for
reconsideration.

You may choose to appeal my decision in this matter by writing to
the Attorney General, Office of Information and Privacy, United
States Department of Justice, Room 7238 Main Justice Building,
10th Street and Constitution Avenue, N. W., Washington D.C. 20530,
within 30 days of receipt of this letter. Your letter should
reference the control number and the letter and envelope should be
clearly marked: "FREEDOM OF INFORMATION APPEAL".

Sincerely,


Mr. John Doe
ABC News
00 West 10th Street
New York, NY 10023

Subject: Expedited Treatment

Dear Mr Doe:

Your request was received in this office on 00/00/00, seeking
expedited treatment of your request for access to information from
INS records.

On the basis of the information you provided, we have determined
that expedited processing of your request is warranted and will
therefore begin processing this request in the near future.

Sincerely,

Appendix V, continued

U.S. Department of Justice
Office of Information and Privacy

# FOIA UPDATE

## OIP Guidance

# When to Expedite FOIA Requests

An issue bound to be confronted sooner or later by all federal agencies is whether to give certain requesters expedited treatment under the Freedom of Information Act. Because the granting of a request for expedition necessarily works to the direct disadvantage of other FOIA requesters, the merits of such requests should be assessed carefully.

The FOIA requires that federal agencies determine whether to release requested records within 10 working days, but that period may be extended for an additional 10 working days whenever any of three statutorily defined "unusual circumstances" exist. 5 U.S.C. §552(a)(6)(B). Many agencies are often unable to meet these deadlines due to such factors as the number of requests received, the volume of records sought, decentralized recordkeeping procedures, and limitations on resources—often coupled with the need for a line-by-line review of sensitive documents. The U.S. Court of Appeals for the D.C. Circuit has recognized this problem and has specifically approved the equitable practice of handling requests on a "first-in, first-out" basis. See Open America v. Watergate Special Prosecution Force, 547 F.2d 605, 614-16 (D.C. Cir. 1976), citing 5 U.S.C. §552(a)(6)(C).

At the same time, however, the D.C. Circuit in Open America recognized that some FOIA requests necessarily involve a far greater degree of urgency than others and that when a requester can show "exceptional need or urgency," his request should be processed out of turn. 547 F.2d at 616. The Open America decision did not specify any particular circumstances which might constitute "exceptional need or urgency," so decisions on whether to grant expedition have been left for agency FOIA officers to make on a case-by-case basis. Several years of administrative practice in this area, though, together with at least some specific judicial precedents, have served to develop the following guidelines and considerations.

### Threat to Life or Safety

First, FOIA processing should be expedited whenever it is demonstrated that an individual's life or personal safety would be jeopardized by the failure to process a request immediately. Of the handful of court decisions to have ordered expedited processing, almost all have fallen into this category. See, e.g., Ersov v. FBI, 443 F. Supp. 1349, 1353 (S.D. Cal. 1978) (plaintiff obtained expedited treatment after lack of information exposed her to harm by organized crime figures); ACLU, 612 F.2d 1202 (9th Cir. 1980); Cleaver v. Kelley, 427 F. Supp. 80, 81 (D.D.C. 1976) (plaintiff faced multiple criminal charges carrying possible death penalty in state court). At the administrative level, the Department of Justice has expedited a request to facilitate disclosure of medical information about a child's father vital to the child's emergency medical treatment. Another agency agreed to process immediately a request from the parents of a young woman believed to be facing a serious threat to her life in the custody of a cult. To be sure, FOIA requests involving substantiated "life-or-death" matters are rare, but no more

compelling justification can exist for special FOIA treatment.

### Loss of Substantial Due Process Rights

As a general rule, a request also should be expedited if it is shown that substantial due process rights of the requester would be impaired by the failure to process immediately and that the information sought is not otherwise available. Indeed, the practices of many federal agencies reflect such concern for the due process rights of requesters. At the Justice Department's Drug Enforcement Administration, for example, the portion of a drug offender's file that is relevant to an upcoming parole hearing is routinely processed for release out of turn under the FOIA. Similarly, other agencies regularly expedite FOIA requests for information needed in contract award processes so that filing deadlines can be met.

It is not sufficient, however, for a requester merely to allege that requested records are "needed" in connection with some judicial or administrative proceeding; rather, the immediate use of the FOIA must be shown to be critical to the preservation of a substantial right. See Rivera v. DEA, 2 GDS ¶81,365 at 81,953 (D.D.C. 1981) ("A pending civil suit does not generally qualify a FOIA demand for expedited processing."). Indeed, in Mitsubishi Electric Corp. v. Department of Justice, 39 Ad.L.Rep.2d (P&F) 1133, 1140-42 (D.D.C. 1976), the court pointedly refused to order expedited processing where a requester had not availed itself of existing civil discovery mechanisms for obtaining the records sought in connection with criminal proceedings, weak "due process" claims have likewise been found inadequate. See, e.g., Gonzalez v. DEA, 2 GDS ¶81,016 at 81,069 (D.D.C. 1980) (use of FOIA as discovery tool to aid standard post-judgment attack on criminal conviction held insufficient); Auker v. United States Department of Justice, 3 GDS ¶83,227 (D.D.C. 1981) (need for documents for preparation as witness in criminal trial held insufficient).

### Other Considerations

Beyond these two narrow categories, it is unclear to what extent agencies have the discretion to grant requests for expedition under any other circumstances. Only one judicial decision has ventured beyond these categories—Schaefer v. IRS, 3 GDS ¶82,515 at 83,302-03 (D.D.C. 1982), where a court somewhat perfunctorily ordered immediate disclosure of a record related to imminent action by Congress. Moreover, agencies should not forget the interest of all requesters in having their requests treated equitably, as well as the public interest in the integrity of FOIA processing. See Mitsubishi Electric Corp. v. Department of Justice, supra, 39 Ad.L. Rep.2d (P&F) at 1142 (Expedited processing, "if granted, will adversely impact upon the conflicting interests of numerous individuals whose requests and appeals were filed [earlier]."). Because a decision to take a FOIA request out of turn necessarily entails further delay for other requesters waiting patiently in line, simple fairness demands that it be made only upon careful scrutiny of truly exceptional circumstances.



**FOIA Update**
**Vol. IV, No. 2**
**1983**

*OIP Guidance*

# When to Expedite FOIA Requests

An issue bound to be confronted sooner or later by all federal agencies is whether to give certain requesters expedited treatment under the Freedom of Information Act. Because the granting of a request for expedition necessarily works to the direct disadvantage of other FOIA requesters, the merits of such requests should be assessed carefully.

The FOIA requires that federal agencies determine whether to release requested records within 10 working days, but that period may be extended for an additional 10 working days whenever any of three statutorily defined "unusual circumstances" exist. 5 U.S.C. § 552(a)(6)(B). Many agencies are often unable to meet these deadlines due to such factors as the number of requests received, the volume of records sought, decentralized recordkeeping procedures, and limitations on resources--often coupled with the need for a line-by-line review of sensitive documents. The U.S. Court of Appeals for the D.C. Circuit has recognized this problem and has specifically approved the equitable practice of handling requests on a "first-in, first-out" basis. *See Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976), *citing* 5 U.S.C. § 552(a)(6)(C).

At the same time, however, the D.C. Circuit in *Open America* recognized that some FOIA requests necessarily involve a far greater degree of urgency than others and that when a requester can show "exceptional need or urgency," his request should be processed out of turn. 547 F.2d at 616. The *Open America* decision did not specify any particular circumstance which might constitute "exceptional need or urgency," so decisions on whether to grant expedition have been left for agency FOIA officers to make on a case-by-case basis. Several years of administrative practice in this area, though, together with at least some specific judicial precedents, have served to develop the following guidelines and considerations.

## Threat to Life or Safety

First, FOIA processing should be expedited whenever it is demonstrated that an individual's life or personal safety would be jeopardized by the failure to process a request immediately. Of the handful of court decisions to have ordered expedited processing, almost all have fallen into this category. *See, e.g., Exner v. FBI*, 443 F. Supp. 1349, 1353 (S.D. Cal. 1978) (plaintiff obtained expedited treatment after leak of information exposed her to harm by organized crime figures), *aff'd*, 612 F.2d 1202 (9th Cir. 1980); *Cleaver v. Kelley*, 427 F. Supp. 80, 81 (D.D.C. 1976) (plaintiff faced multiple criminal charges carrying possible death penalty in state court). At the administrative level, the Department of Justice has expedited a request to facilitate disclosure of medical information about a child's father vital to the child's emergency medical treatment. Another agency agreed to process immediately a request from the parents of a young woman believed to be facing a serious threat to her life in the custody of a cult. To be sure, FOIA requests involving substantiated "life-or-death" matters are rare, but no more compelling justification can exist for special FOIA treatment.

## Loss of Substantial Due Process Rights

As a general rule, a request also should be expedited if it is shown that substantial due process rights of



the requester would be impaired by the failure to process immediately and that the information sought is not otherwise available. Indeed, the practices of many federal agencies reflect such concern for the due process rights of requesters. At the Justice Department's Drug Enforcement Administration, for example, the portion of a drug offender's file that is relevant to an upcoming parole hearing is routinely processed for release out of turn under the FOIA. Similarly, other agencies regularly expedite FOIA requests for information needed in contract award protests so that filing deadlines can be met.

It is not sufficient, however, for a requester merely to allege that requested records are "needed" in connection with some judicial or administrative proceeding; rather, the immediate use of the FOIA must be shown to be critical to the preservation of a substantial right. *See Rivera v. DEA*, 2 GDS ¶ 81,365 at 81,953 (D.D.C. 1981) ("A pending civil suit does not generally qualify a FOIA demand for expedited processing."). Indeed, in *Mitsubishi Electric Corp. v. Department of Justice*, 39 Ad. L. Rep.2d (P&F) 1133, 1140-42 (D.D.C. 1976), the court pointedly refused to order expedited processing where a requester had not availed itself of existing civil discovery mechanisms for obtaining the records sought. In connection with criminal proceedings, weak "due process" claims have likewise been found inadequate. *See, e.g., Gonzalez v. DEA*, 2 GDS ¶ 81,016 at 81,069 (D.D.C. 1980) (use of FOIA as discovery tool to aid standard post-judgment attack on criminal conviction held insufficient); *Bubar v. United States Department of Justice*, 3 GDS ¶ 83,227 (D.D.C. 1981) (need for documents for preparation as witness in criminal trial held insufficient).

### Other Considerations

Beyond these two narrow categories, it is unclear to what extent agencies have the discretion to grant requests for expedition under any other circumstances. Only one judicial decision has ventured beyond these categories -- *Schacter v. IRS*, 3 GDS ¶ 82,515 at 83,302-03 (D.D.C. 1982), where a court somewhat perfunctorily ordered immediate disclosure of a record related to imminent action by Congress. Moreover, agencies should not forget the interests of all requesters in having their requests treated equitably, as well as the public interest in the integrity of FOIA processing. *See Mitsubishi Electric Corp. v. Department of Justice, supra*, 39 Ad. L. Rep.2d (P&F) at 1142 (Expedited processing, "if granted, will adversely impact upon the conflicting interests of numerous individuals whose requests and appeals were filed [earlier]."). Because a decision to take a FOIA request out of turn necessarily entails further delay for other requesters waiting patiently in line, simple fairness demands that it be made only upon careful scrutiny of truly exceptional circumstances.

Go to: FOIA Update Home Page



DOCUMENT NUMBER: FR7-07

FEDERAL REGISTER CITE: 72 FR 9017

DATE OF PUBLICATION: February 28, 2007

BILLING CODE: 4410-10-P

DEPARTMENT OF HOMELAND SECURITY

U.S. Citizenship and Immigration Services

[CIS No. 2394-06; DHS Docket No. USCIS-2006-0051]

RIN 1615-ZA40

Special FOIA Processing Track for Individuals Appearing Before an Immigration Judge

AGENCY: U.S. Citizenship and Immigration Services, DHS.

ACTION: Notice.

SUMMARY: U.S. Citizenship and Immigration Services (USCIS) is improving its processing of Freedom of Information Act (FOIA) requests from the general public by establishing a third processing track for individuals appearing before an immigration court. Currently, a large portion of FOIA requests are submitted by individuals who have received a Notice To Appear for a hearing before an immigration judge or by such individuals' attorneys or representatives. By creating an additional processing track, USCIS will be abl e to provide the public with more expeditious service and to thereby improve customer satisfaction.

DATES: This notice is effective March 30, 2007.




EXHIBIT C

Case 5:06-cv-01350-RMW   Document 11-3   Filed 06/10/2008   Page 2 of 19

FOR FURTHER INFORM   ION CONTACT: Brian J. Welsh, Ch:   Freedom of Information Act and Privacy Act, U.S. Citizenship and Immigration Services, Department of Homeland Security, P.O. Box 648010, Lee's Summit, Missouri 64064, Phone: 816-350-5785, E-Mail: uscis.foia@dhs.gov .

SUPPLEMENTARY INFORMATION:

**Background:**

Under the Freedom of Information Act, 5 U.S.C. 552 ("FOIA"), the Privacy Act, 5 U.S.C. 552a, and the Department of Homeland Security's implementing regulations located at 6 CFR 5.5 (b), the Secretary of Homeland Security may use two or more processing tracks for responding to FOIA requests. Currently, USCIS has two tracks: Track 1 is for less complex requests that can be processed in 20 working days or less. Track 2 is for complex requests that may require more than 20 working days to process and that includ e searching and line-by-line review of numerous pages of information. With this notice, USCIS will establish a third processing track, the "Notice To Appear" track, which will allow for accelerated access to the Alien-File (A-File) for those individuals who have been served with a charging document and have been scheduled for a hearing before an immigration judge as a result. The creation of this track is consistent with Executive Order 13392, "Improving Agency Disclosure of Information" (December 14, 2005) , which requires Federal agencies to improve their FOIA processing.

"Notice To Appear" track cases do not include cases in which the immigration judge has issued a final order or cases in which an appeal of an immigration judge's decision has been filed with the Board of Immigration Appeals (BIA). "Notice To Appear" track cases do not include cases in which the subject's date of scheduled hearing before the immigration judge has passed and current records indicate that the subject failed to appear for his/her scheduled hearing, resulting in closure of the removal/deportatio n proceedings by the immigration judge.

An Alien-File or A-File is the series of records USCIS maintains on immigrants, certain non-immigrants, applicants for citizenship, certain individuals who have relinquished their United States citizenship, applicants for permanent residence or other immigration benefits, and individuals who have become subjects of immigration enforcement proceedings. The A-File documents the history of such people's interaction with USCIS or other components of the Department of Homeland Security (DHS) in actions prescribe d by the Immigration and Nationality Act (INA) and related regulations. USCIS uses the information in an A-File to adjudicate requests for immigration-related benefits and to enforce U.S. immigration laws.

Individuals may request access to their A-files by filing a FOIA request with Form G-639, Freedom of Information/Privacy Act Request, or by having their attorney or representative submit such a request along with a Form G-28, Notice of Entry of Appearance as Attorney or Representative, on their behalf. These forms can be found at http://www.uscis.gov .

A requester (including individuals, attorneys, or representatives) seeking to be placed in the queue must provide a copy of one of the following documents:

1. Form I-862, Notice To Appear, documenting the scheduled date of the subject's hearing

2. Form I-122, Order To Show Cause, documenting the scheduled date of the subject's hearing before the immigration judge;

3. A written notice of continuation of a scheduled hearing before the immigration judge; or

4. Form I-863, Notice of Referral to Immigration Judge.

After USCIS receives the request and validates it as a proper request, USCIS will place it in a queue of previously received requests of a similar nature. USCIS will take the requests in the order of receipt, as mandated by the FOIA and the applicable implementing DHS regulations at 6 CFR 5. USCIS will only accept requests for expedited processing for this queue if the requester has satisfied the requirements outlined in 6 CFR 5.5(d).

All other FOIA requirements, as described in 6 CFR part 5, Disclosure of Records and Information, will apply.

This notice does not affect those requests that do not fall in the above-described category.

February 21, 2007     **Signed**

_____   _____

**Dated:       Emilio T. Gonzalez,**

          Director,

          U.S. Citizenship and

          Immigration Services.

**Kip Evan Steinberg**

Certified Specialist • Immigration & Nationality Law • The State Bar of California Board of Legal Specialization

**Eric W. Rathhaus**

January 26, 2008

USCIS
District Director Rosemary Melville
630 Sansome Street
San Francisco, CA 94111

U.S. Department of Homeland Security
National Records Center
Director T. Diane Cejka
P.O. Box 648010
Lee's Summit, MO 64064-8010

Re:   **Notification of Breach of Settlement Agreement**
      *Mayock v. I.N.S.* **(Civil No. C-85-5169-CAL)**

      **Mirsad Hajro NRC2007075364**

Dear Ms. Melville and Ms. Cejka:

This office represents Mr. James Mayock and Mr. Mirsad Hajro.

**I**

Please consider this letter as notification of breach of the settlement agreement in *Mayock v. I.N.S.* (Civil No. C-85-5169-CAL). This letter is sent pursuant to paragraph 10 of said agreement. A copy of the settlement agreement is attached to this letter.

 Mr. Mayock was the plaintiff in *Mayock v. I.N.S.*, 714 F. Supp 1558 (N.D. Cal.1989), a case which involved litigation under the Freedom of Information Act. As a result of the litigation in that case, Plaintiff Mayock entered into a settlement agreement with the Department of Justice on May 22, 1992. Under the terms of the settlement agreement:

> A (FOIA) requestor who demonstrates, consistent with applicable guidances and law, an "exceptional need or urgency", shall have his/her request processed out of turn on an "expedited" basis. The currently applicable guidance...provides that the FOIA offices are to grant such treatment when the requestor demonstrates that:

**Law Offices of Kip Evan Steinberg**
Courthouse Square • 1000 Fourth Street • Suite 600 • San Rafael, California 94901
Tel: 415.453.2855 • Fax: 415.456.1921
kip@steinberg-immigration-law.com • eric@steinberg-immigration-law.com   (25)
www.steinbergimmlaw.com


EXHIBIT D

a. an individual's life or personal safety would be jeopardized by
the failure to process a request immediately; or

b. substantial due process rights of the requestor would be
impaired by the failure to process immediately, and the
information sought is not otherwise available.

### Procedures for Expedited Processing

A request for expedited processing which demonstrates either of
the above circumstances shall be processed immediately.

A request which fails to meet the above criteria shall be denied
expedited processing and shall be processed on the appropriate
track. A requestor must be notified in writing of the decision not to
grant the request for expedited treatment, and advised of his/her
right and the procedures to appeal the decision...

USCIS currently has a multi track processing for FOIA requests with three
tracks: *Track One*: Routine requests; *Track Two*: Complex inquiries that
normally necessitate additional search and review time; *Track Three*: Requests
by individuals scheduled for a hearing before an immigration judge.

USCIS' current multi track policy allows expedited processing only in cases for
aliens scheduled for a hearing before an immigration judge. This violates the
settlement agreement in that it does not provide a procedure for a requestor to
demonstrate that either A) their life or personal safety would be jeopardized by
the failure to process a request immediately or B) substantial due process
rights would be impaired by the failure to process immediately in cases other
than immigration judge hearings. Examples of such cases include, but are not
limited to, Section 336 appeals of denials of citizenship, AAO appeals, BIA
appeals, and persons with final orders of deportation.

In addition, to being a breach of the settlement agreement, it our contention
that the current procedures USCIS utilizes to respond to FOIA requests violate
the 20 day response time set forth in 5 U.S.C. §552(a)(6)(A) and 6 C.F.R.
§5.6(b). This 20 day period was recently reconfirmed by Congress in Section 6
of the "Openness Promotes Effectiveness in our National Government Act of
2007" signed by President Bush on December 31, 2007.

### II

For example, in a case arising out of the San Jose sub-office, Mirsad Hajro
(A77 428 444) applied for naturalization on November 6, 2003. The application



was denied on October 9, 2007 for lack of good moral character based on alleged evidence in his alien registration file. Mr. Hajro filed a Section 336 appeal of this decision on or about November 9, 2007 and requested a hearing.

Mr. Hajro then filed a FOIA request for a copy of his alien registration file on November 19, 2007 and specifically requested "Track Three" expedited processing pursuant to the settlement agreement. The FOIA request was accompanied by a letter from his lawyer which explained how Mr. Hajro qualified for expedited processing under the terms of the settlement agreement.

On November 19, 2007 the National Records Center issued a letter denying Mr. Hajro's request for expedited processing because Mr. Hajro is not scheduled for a hearing before an immigration judge. On the same day, the National Records Center issued another letter acknowledging receipt of Mr. Hajaro's FOIA request and placing it on the "complex track". His case number is NRC2007075364.

The denial of expedited processing of Mr. Hajro's FOIA request violates the settlement agreement for two reasons: 1) Mr. Hajro demonstrated that substantial due process rights (i.e. the right to a fair hearing under Sec. 336) would be impaired without access to the evidence used to deny his citizenship application and 2) the denial failed to advise Mr. Hajro of his right or any procedures to appeal the decision.

In addition, it is our belief that 6 C.F.R. §5.5(d) violates the settlement agreement in that this regulation governing USCIS' processing of requests for expedited processing does not provide an opportunity to demonstrate that substantial due process rights of the requestor would be impaired by the failure to process immediately, and the information sought is not otherwise available.

Finally, please be advised that it is our intention to file a lawsuit challenging these policies and procedures as violating the settlement agreement unless USCIS takes action to resolve these concerns in the next 30 days. In addition, the lawsuit will challenge the current pattern or practice of USCIS of taking approximately eighteen months to respond to FOIA requests as it exceeds the 20 day time limit set forth in the law.

Very truly yours,


Kip Evan Steinberg



Case 5:08-cv-01350-RMW   Document

# Notice of Action

## UNITED STATES OF AMERICA

| Receipt with Exception | | | NOTICE DATE November 12, 2003 |
|---|---|---|---|
| CASE TYPE N400   Application For Naturalization | | | INS A# A 077 428 444 |
| APPLICATION NUMBER LIN*000603000 | RECEIVED DATE November 06, 2003 | PRIORITY DATE November 06, 2003 | PAGE 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

MIRSAD HAJRO
#119
1180 GRAND AVE
BOISE ID 83702

**PAYMENT INFORMATION:**

| | |
|---|---|
| Single Application Fee: | $310.00 |
| Total Amount Received: | $310.00 |
| Total Balance Due: | $0.00 |

The above application has been received by our office and is in progress, but has been noted with one or more of the following exception(s):

Missing Evidence(s) - your application was missing evidence(s) that you will need to provide at the time of your naturalization interview. You will be notified under separate notice of the necessary evidence(s) that you will be required to bring to your interview. Do not submit any evidence(s) by mail.

Our records indicate your personal information is as follows:
Date of Birth:            January 18, 1975
Address Where You Live:   1180 GRAND AVE # 119
                          BOISE ID 83702

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local INS office. You should expect to be notified within 365 days of this notice.

**IMPORTANT NOTICE:** All naturalization applicants who were between the ages of 14-75 at the time of filing must have their fingerprints taken at an INS Application Support Center (ASC) so they can be submitted to the Federal Bureau of Investigation for a criminal history check. If we received your application without a fingerprint card (FD-258), or your fingerprint card was received on or after December 3, 1997, you will need to go to an ASC to be fingerprinted. Do not have your fingerprints taken anywhere else! You will receive a notice that will provide you with information about when and where to go to have your fingerprints taken and what you will need to bring with you. Please inform the office listed below immediately of any address changes.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or INS forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call the NCSC TDD at 1-800-767-1833.

If you have access to the Internet, you can also visit INS at www.ins.usdoj.gov. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

INS Office Address:
US IMMIGRATION AND NATURALIZATION SERVICE
PO BOX 87400
LINCOLN NE 68501-

INS Customer Service Number:
(800) 375-5283

APPLICANT COPY

EXHIBIT E 



LINS000561077

1 | SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
2 | JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
3 | Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
4 | Assistant United States Attorney

5 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
6 | Telephone: (415) 436-7124
FAX: (415) 436-7169

7

8 | Attorneys for Defendants

9

**IT IS SO ORDERED**

*James Ware*

Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIRSAD HAJRO, | ) |
| Plaintiff, | ) No. C 06-7827 JW |
| v. | ) |
| ALBERTO GONZALES, United States Attorney General; | ) **STIPULATION FOR REMAND and DISMISSAL; and [PROPOSED] ORDER** |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; | ) |
| EMILIO GONZALEZ, Director of United States Citizenship and Immigration Services; | ) |
| ROBERT S. MUELLER, Director of Federal Bureau of Investigation; | ) |
| DONALD NEUFELD, Director of the United States Citizenship and Immigration Services, California Service Center, | ) |
| Defendants. | ) |

This case is an action for a judicial hearing on Plaintiff's application for Naturalization. Plaintiff alleges a delay by U.S. Citizenship and Immigration Services ("USCIS") in adjudicating that application. *See* INA § 336(b), 8 U.S.C. § 1447(b).

The parties have been advised that the necessary name check and FBI background check investigations have been completed, and that USCIS is now ready to complete the adjudication and issue a decision on the Plaintiff's application for Naturalization. Therefore, the parties HEREBY STIPULATE AND AGREE that:

Stipulation for Remand and Dismissal
C 06-7827 JW

(29)

EXHIBIT F

(1) Plaintiff's naturalization application is REMANDED to U.S. Citizenship and Immigration Services for adjudication of, and issuance of a decision on, said application within 45 days after entry of this Order;

(2) This action is DISMISSED without prejudice and without costs or fees upon issuance of a decision by U.S. Citizenship and Immigration Services; and

(3) The Court shall retain jurisdiction to enforce the terms of this stipulation.

Date: August 23, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

/s/
ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants

Date: August 24, 2007

/s/
MIRSAD HAJRO
*Pro se*

## ORDER

Pursuant to stipulation, IT IS SO ORDERED. The Clerk shall close this file.

Date:     August 30, 2007

JAMES WARE
United States District Judge

Stipulation for Remand and Dismissal
C 06-7827 JW

(30)



U.S. Department of Homeland Security
1887 Monterey Road
San Jose, CA 95112

**U.S. Citizenship
and Immigration
Services**

OCT 0 9 2007

Mirsad Hajro
316 South 11th Street, #1
San Jose, California 95112

Alien File Number: **A077428444**
N-400 Application ID No.: **LIN*000603000**

## DECISION

On November 6, 2003, you filed an application for naturalization in accordance with Section 319(a) of the Immigration and Nationality Act. On March 4, 2004, you appeared for an examination of your application for naturalization. On September 26, 2007, you were again interviewed regarding your application for naturalization.

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

### See Attachment(s)

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, you **must file a request for a hearing within 30 days of the date of this notice (33 days if received by mail)**. If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the Field Office Director, with the Citizenship and Immigration Services office that made the decision, on Form N-336, **Request for a Hearing on a Decision in Naturalization Proceedings Under Section 336 of the Act, together with the appropriate fee at the time of filing. (Please refer to our website www.uscis.gov for the appropriate fee.)** A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

Francis D. Siciliano
Field Office Director

Enclosure: Form N-336

31

EXHIBIT  G

Form N-335

Attachment(s) to Form N-335

Applicant: Mirsad Hajro
Application for Naturalization, Form N-400
Alien Number: A 077428444

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

On November 6, 2003, you applied for naturalization under Section 319(a) of the Immigration and Nationality Act, as amended, herein the Act. On March 4, 2004 and September 26, 2007, you were interviewed by an officer of the Citizenship and Immigration Services, herein the Service, to determine your eligibility for naturalization. You were questioned under oath by the interviewing officer about your answers provided on your N-400 Application. You were also questioned about your service during the war in Bosnia, and you testified to the following: that you served in the army for about six months; that you were drafted in September 1994, and had your training in Zenica; that you had to patrol the streets in your neighborhood; that you got sick during training so they put you in the 16th Division as a clerk; that your duties involve typing letters from the commanders and taking them to communications for encryption.

A review of your record reveals, however, that on November 13, 2000, you were interviewed by an officer of the Service regarding your Form I-485, Application to Register Permanent Residence or Adjust Status. During that interview, you were questioned under oath by the interviewing officer about your answers provided on your I-485 application, Part 3.C, Foreign Military Service. You indicated that you had no foreign military service. Clearly this record indicates that your testimony was not truthful and failed to reveal an accurate image of your past activities in your home country.

Section 316 (a) of the Act states in pertinent part:

"No person...shall be naturalized unless such applicant during the five years immediately preceding the date of filing his application...has been and still is a person of good moral character..."

Title 8, Code of Federal Regulations (8 C.F.R.), part 316.10(b)(2)(vi) states:

"An applicant shall be found to lack good moral character if during the statutory period the applicant has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit."

You failed to provide truthful testimony about your foreign military service. By not admitting to serving in the military service in Central Bosnia during the war, this material omission cut off a highly relevant line of questioning that directly related to your admissibility to the United States as a lawful permanent resident. This material misrepresentation occurred during the required time period needed to show good moral character for your naturalization eligibility. Therefore, the Service cannot make a determination that you are a person of good moral character, as required under Section 316(a) of the Act and 8 CFR 316.10(b)(2).

Inasmuch as you have failed to establish that you are a person of good moral character, your application must be and hereby is denied. This decision is made without prejudice toward the filing of a new application in the future.

32

OMB No. 1615-0050; Expires 10/31/06

# N-336, Request for a Hearing on a Decision in Naturalization Proceedings
## (Under Section 336 of the INA)

Department of Homeland Security
U.S. Citizenship and Immigration Services

| For USCIS Only | |
|---|---|
| **Decision:** ☐ Grant  ☐ Denial | Fee: |

**1. In the Matter of:**  (Name of Naturalization Applicant)

Mirsad                    Hajro

File Number:

**A-** A077 428 444

**2. I am filing a request for hearing on the decision dated:**

10/09/2007

**3. Please check the one block that applies:**

**a.** ☐ I am **not submitting** a separate brief, statement or evidence.

**b.** ☐ I am **submitting** a separate brief, statement and/or evidence with this form.

**c.** ☒ I need ___30___ *beyond receipt of copy of file under FOIA* days to submit a brief, statement and/or evidence

to the USCIS. (May be granted only for good cause shown. Explain in a separate letter.) SEE ADDENDUM.

**4. Person filing request:** Kip Evan Steinberg on behalf of Mirsad Hajro

Name (Type or print in black ink.)

Law Offices of Kip Evan Steinberg

Address (Street Number and Name)                    (Apt. Number)

1000 Fourth Street, Suite 600

(City)                    (State)                    (Zip Code)

San Rafael                CA                          94901

Signature                                Date (mm/dd/yyyy)

11/06/2007

☒ I am an attorney or representative and I represent the applicant requesting a hearing on a naturalization proceeding. [You must attach a Notice or Entry or Appearance (Form G-28) if you are an attorney or representative and did not previously submit such a form.]

(Person for whom you are appearing)

Mirsad                    Hajro

**5. Briefly state the reason(s) for this request for a hearing:**

Our brief will demonstrate that the applicant did not give false testimony on November 13, 2000 and did not make a material misrepresentation during the required time period to show good moral character.

(33)

Form N-336 Instructions (Rev. 05/08/06)Y

EXHIBIT H

Case 5:08-cv-01355-RMW   Document 11-3   Filed 05/10/2008   Page 13 of 19

## Addendum to N-336, Item 3, Good Cause Explanation

I have just been retained to represent Mirsad Hajro in this matter.   I am requesting a period of 30 days beyond the date I receive a copy of my client's file from USCIS to submit a brief.  I need a copy of the file in order to preapre the brief.

Please be advised that I have submitted a request under the Freedom of Information Act to obtain a copy of the file on an expedited basis under the terms of the settlement agreement reached in Mayock v. INS, Case No. C-85-5619-Cal (N.D. Cal. May 22, 1992).  This agreement allows expedited treatment for a requestor who demonstrates that substantial due process rights of the requestor would be impaired by the failure to process immediately and the information sought is not otherwise available.   For this reason I am respectfully requesting 30 days beyond the date I receive a copy of the file from USCIS.

34

OMB No. 1653-0030; Expires 11/30/08

Department of Homeland Security
U.S. Citizenship and Immigration Services

**G-639, Freedom of Information/**
**Privacy Act Request**

---

NOTE: The completion of this form is optional. Any written format for Freedom of Information or Privacy Act requests is acceptable.

**START HERE - Please type or print in black ink. Read instructions before completing this form.**

**1. Type of Request:** *(Check appropriate box)*

☒ Freedom of Information Act (FOIA). *(Complete all items except* **Number 6.** *)*

☐ Privacy Act (PA). *(* **Number 6** *must be completed in addition to all other applicable items.)*

☐ Amendment. *(PA only.* **Number 5** *must be completed in addition to all other applicable items.)*

**2. Requester Information:**

| Name of Requester: (Last, First and Middle Names) | Date (mm/dd/yyyy) | Daytime Telephone: |
|---|---|---|
| Kip Evan Steinberg | 11/08/2007 | 415-453-2855 |

| Address *(Street Number and Name):* | Apt. Number: |
|---|---|
| 1000 Fourth Street, Suite 600 | |

| City: | State: | Zip Code: |
|---|---|---|
| San Rafael | CA | 94901 |

By my signature, I consent to the following:

Pay all costs incurred for search, duplication and review of materials up to **$25.00**, when applicable. *(See Instructions.)*

*Signature of requester:*

☐ Deceased Subject - Proof of death must be attached. *(Obituary, Death Certificate or other proof of death required.)*

**3. Consent to Release Information.** *(Complete if name is different from Requester)( Numbers 7 and 8 must be completed)*

| Print Name of Person Giving Consent: | Signature of Person Giving Consent. *(Original signature required.)* |
|---|---|
| Mirsad Hajaro | *Hajro Mirsad* |

*By my signature, I consent to the following:* *(Check applicable boxes)*

☒ Allow the Requester named in **Number 2** above: ☒ All of my records, or ☐ A portion of my records. *(If a portion, specify below what part, i.e. copy of application.)*

*(Consent is required for records of U.S. citizens (USC) and Lawful Permanent Residents (LPR).)*

**4. Information needed to search for record(s).**

Specific information, document(s), or record(s) desired: *(Identify by name, date, subject matter and location of information.)*

Copy of complete file including all electronic records and FBI name check

Purpose: *(Optional:* You are not required to state the purpose for your request. However, doing so may assist USCIS to locate the records needed to respond to your request.)

legal representation

**5. Data Needed on Subject of Record.** *(If data marked with an asterisk (*) is not provided, records may not be located.)*

| * Family Name | Given Name: | Middle Name: |
|---|---|---|
| Hajro | Mirsad | |

| * Other names used, if any: | * Name at time of entry into the U.S.: | I-94 Admissions #: |
|---|---|---|
| | Mirsad Hajro | |

| * Alien Registration Number: | * Petition or Claim Receipt #: | * Country of Birth: | * Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| A077 428 444 | | Bosnia-Herzegovina | 01/18/1975 |

Names of other family members that may appear on requested record(s) *(i.e., Spouse, Daughter, Son):*

| Father's Name | First | Middle | Last |
|---|---|---|---|
| Kasim | | | Hajro |

| Mother's Name | First | Middle | Last (Include Maiden Name) |
|---|---|---|---|
| Adaleta | | | Becar |

Form G-639 (Rev. 11/13/06)Y





| Country of Origin: *(Place of Departure)*<br>Boznia-Herzegovina | Port-of-Entry Into the U.S.:<br>Lincoln, Nebraska | | Date of Entry:<br>11/13/00 |
|---|---|---|---|
| Manner of Entry: *(Air, Sea, Land)*<br>AOS | Mode of Travel: *(Name of Carrier)*<br>n/a | | U.S. Social Security Number:<br>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 |
| Name on Naturalization Certificate: | | Certificate #: | Naturalization Date: |
| Address on Date of Naturalization: | | Court and Location: | |

---

**6. Verification of Subject's Identity:**    *(See Instructions for explanation. Check one Box.)*

☒    In-Person With ID          ☐   Notarized Affidavit of Identity          ☐   Other *(Specify)* _____

**7. Signature of Subject of Record:**

*(Original signature required)*    _~~Hamo Licul~~_          Date: _11/06/07_

Telephone No.: 408-298-5453

**8. Notary:**    *(Normally needed from persons who are the subject of the records sought or for a sworn declaration under penalty of perjury. See below.)*

Subscribed and sworn to before me this _____ Day of _____ in the Year _____

Signature of Notary _____    My Commission Expires on _____

**OR**

**NOTE:**   *If a declaration is provided in lieu of a notarized signature, it must state at a minimum the following: (Include Notary Seal or Stamp in the appropriate space below.)*

**Executed outside U.S.**

If executed outside the United States: "I declare (certify, verify or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____

**Executed in U.S.**

If executed within the United States, its territories, possessions, or commonwealths: "I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Signature: _~~Hamo Licul~~_

(Seal/Stamp)                    (Seal/Stamp)

(36)

KIP EVAN STEINBERG
CERTIFIED SPECIALIST • IMMIGRATION & NATIONALITY LAW • THE STATE BAR OF CALIFORNIA BOARD OF LEGAL SPECIALIZATION

ERIC W. RATHHAUS

November 7, 2007

National Records Center
FOIA Unit
P.O. Box 648010
Lee's Summit, MO 64064-8010

**Re: "TRACK THREE" REQUEST FOR EXPEDITE**
**Mirsad Hajro**
**File No. A77 428 444**

Dear Sir or Madam:

Please consider this a request for Expedited Processing of the above named individual's FOIA request under the terms of the national settlement agreement in *Mayock v. INS*, Case No. C-85-5619-Cal (N.D. Cal. May 22, 1992).

As you know, this agreement allows for expedited treatment for a requestor who demonstrates that substantial due process rights of the requestor would be impaired by the failure to process immediately and the information sought is not otherwise available. For the following reasons, my client qualifies for expedited processing:

My client has filed a Request for a Hearing on a Decision in Naturalization Proceedings under Section 336 of the Immigration & Nationality Act. I am attaching a copy of the Request for Hearing (Form N-336) and the October 9, 2007 decision denying my client's naturalization application. I need a copy of my client's alien registration file in order to prepare a brief in support of this administrative appeal. Substantial due process rights of my client would be impaired by the failure to process this FOIA request immediately, since the brief cannot be adequately be prepared without reviewing the documents in my client's file. These include documents upon which the denial was based. This information is not otherwise available. Thank you for attention to this matter.

Very truly yours,


Kip Evan Steinberg
encl.
cc: Mirsad Hajro

LAW OFFICES OF KIP EVAN STEINBERG
Courthouse Square • 1000 Fourth Street • Suite 600 • San Rafael, California 94901
Tel: 415.453.2855 • Fax: 415.456.1921
kip@steinberg-immigration-law.com • eric@steinberg-immigration-law.com (37)
www.steinbergimmlaw.com


EXHIBIT J



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

**RECEIVED**

**U.S. Citizenship
and Immigration
Services**

November 19, 2007

**NOV 3 0 2007**

**LAW OFFICES OF
KIP EVAN STEINBERG**

NRC2007075364

Kip Evan Steinberg
Attorney at Law
1000 Fourth Street, Suite 600
San Rafael, CA 94901

Dear Kip Evan Steinberg:

This letter is in response to your request for expedited treatment regarding the subject: <u>Mirsad Hajro.</u>
Your original Freedom of Information Act (FOIA) request was received on November 19, 2007.

Even though you have specified in your request that you would like your case processed as a Track 3
case, you did not comply with the requirements set forth in the Federal Register Notice and on our
website.  You must provide one of the documents below or your request will not be placed in Track 3.

- Form I-862, Notice to Appear

- Form I-122 Order to Show Cause

- Form I-863 Notice of Referral to Immigration Judge

- Written notice of the continuation of a scheduled hearing before the Immigration Judge

Cases in which an immigration judge has issued a final order or those in which an appeal of a decision has
been filed with the Board of Immigration Appeals will not be eligible for Track 3.  Individuals wishing to
move their pending FOIA request to the new track must resubmit based on the above guidelines. Until
such time as one of the documents listed above is received, your case will remain in its current track.

Sincerely,

T. Diane Cejka
Director

EXHIBIT  K

38

**U.S. Department of Homeland Security**
P.O. Box 648010
Lee's Summit, MO 64064-8010



**U.S. Citizenship
and Immigration
Services**

November 19, 2007

# RECEIVED

NRC2007075364

**NOV 3 0 2007**

Kip Evan Steinberg
Attorney at Law
1000 Fourth Street, Suite 600
San Rafael, CA 94901

**LAW OFFICES OF
KIP EVAN STEINBERG**

Dear Kip Evan Steinberg:

We received your request for information relating to Mirsad Hajro on November 19, 2007.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: NRC2007075364. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. This is to inform you that your request has been placed in the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. Attorneys automatically receive CDs, unless they contact us to request paper copies. Once an attorney has requested paper copies, all future responsive records will be provided via paper – there is no need to call again. For individuals (i.e., non-attorneys) please call our office at 816-350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.



**EXHIBIT L**

NRC2007075364
Page 2

If you have any questions concerning your pending FOIA/PA request, please address them to this office,
Attention: FOIA/PA Officer, or call us at 816-350-5570, or fax any FOIA/PA related correspondence to
816-350-5785. If you have questions concerning the status of a pending Application or Petition or any
other type of immigration matter, you must contact your local District Office or call the National
Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any
pending Applications or Petitions or any other type of immigration matter.  You may also check the status
of your FOIA request by e-mailing USCIS.FOIA@DHS.GOV.

Sincerely,

T. Diane Cejka
Director

40

# EXHIBIT M

CLIENT "A" - "Simple Track"    Filed 04-25-05    Processed March 09, 2006

CLIENT "B" - "Simple Track"    Filed 12-19-05    Processed June 15, 2007

CLIENT "C" - "Simple Track"    Filed 12-19-05    Processed June 15, 2007

CLIENT "D" - "Complex Track" Filed 08-26-06    Processed Feb. 01, 2008

CLIENT "E" - "Complex Track" Filed 09-29-06    Processed March 20, 2008

CLIENT "F" - "Complex Track" Filed 05-04-07    Remains Pending



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

RECEIVED

MAY 01 2005

LAW OFFICES OF
KIP EVAN STEINBERG



U.S. Citizenship
and Immigration
Services

April 25, 2005

NRC2005032604

Kip Evan Steinberg
Attorney at Law
1000 Fourth St., Ste. 600
San Rafael, CA  94901

CLIENT "A"

Dear Kip Evan Steinberg:

We received your request for information relating to ▇▇▇▇▇▇▇ on April 25, 2005.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. 552). It has been assigned the following control number: NRC2005032604. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the simple track.

If you have further questions, please address your inquiry to this office, Attention: FOIA/PA Officer. You may also call us at 816-350-5570 or fax any correspondence to 816-350-5785.

Sincerely,

Randall J. Hawkinson
Acting FOIA Officer

42

EXHIBIT M

www.uscis.gov



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

U.S. Citizenship
and Immigration
Services

March 9, 2006

NRC2005032604

Kip Evan Steinberg
Attorney at Law
1000 Fourth St., Ste. 600
San Rafael, CA 94901

Dear Kip Evan Steinberg:

This is in response to your Freedom of Information Act (FOIA)/Privacy Act (PA) request received in this office April 25, 2005, regarding your client, ████████████. We have completed the review of all documents and have identified one hundred forty-five (145) pages that are responsive to your request. Enclosed are one hundred thirty-two (132) pages in their entirety. We are withholding one (1) page in full pursuant to 5 U.S.C. 552a (d)(5) of the PA and 5 U.S.C. 552 (b)(5) of the FOIA. In our review of this page, we have determined that it contains no reasonable segregable portions of non-exempt information. We are withholding twelve (12) pages in part pursuant to 5 U.S.C. 552a (k)(2) of the PA and (b)(7)(C) and (b)(7)(E) of the FOIA. Please note you are receiving the best reproducible copies available. The basis for the redactions taken is as follows:

   Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

   Exemption (d)(5) permits the government to withhold all documents or information, which are compiled in reasonable anticipation of a civil action or proceeding. This extends to any records compiled in anticipation of civil proceedings, whether prepared by attorneys or lay investigators.

   Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld various information relating to third-party individuals. The types of documents and/or information withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

   Exemption (k)(2) provides protection to investigatory material compiled for law enforcement purposes. The types of documents and/or information withheld in conjunction with (b)(7)(C) could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents relating to third party individuals that are considered personal.

43

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonable be expected to risk circumvention of the law. The types of documents and/or information withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

Exemption (k)(2) provides protection to investigatory material compiled for law enforcement purposes. The types of documents and/or information withheld in conjunction with (b)(7)(E) could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques and various other documents.

In the event you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 111 Massachusetts Ave., NW, Washington, DC 20529, within 60 days of receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Please be advised that the National Records Center does not process any type of petition/application or any other benefit under the Immigration and Nationality Act. Therefore, if you have any questions or wish to submit documentation relating to a pending petition/application or any other matter pending with the agency, you must address these issues with your nearest District Office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at (816) 350-5570 or fax any correspondence to (816) 350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)

44



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

CLIENT "B"

December 19, 2005

RECEIVED

JAN 0 3 2006

LAW OFFICES OF
KIP EVAN STEINBERG

NRC2005123173

Kip Evan Steinberg
Attorney at Law
1000 Fourth St., Ste. 600
San Rafael, CA 94901

Dear Kip Evan Steinberg:

We received your request for information relating to your client, ███████████████ on December 19, 2005.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. 552). It has been assigned the following control number: NRC2005123173. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the simple track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers, except Apple brand, through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. Attorneys automatically receive CD's, unless they contact us to request paper copies. Once an attorney has requested paper copies, all future responsive records will be provided via paper – there is no need to call again. For individuals (i.e. non-attorneys) please call our office at (816) 350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.



If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at (816) 350-5570, or fax any FOIA/PA related correspondence to (816) 350-5785. If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.

Sincerely,

T. Diane Cejka
Director

46



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

June 15, 2007

**NRC2005123173**

Kip Evan Steinberg
Attorney at Law
1000 Fourth St., Ste. 600
San Rafael, CA 94901

Dear Kip Evan Steinberg:

This is in response to your Freedom of Information Act (FOIA) request received in this office December 19, 2005, regarding your client: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

We have completed our search for records that are responsive to your request and have identified 79 pages. Enclosed are 64 pages in their entirety. We have withheld seven pages in part and eight pages in full pursuant to 5 U.S.C. 552 (b)(2), (b)(5) and (b)(7)(C) of the FOIA. In our review of these pages withheld in full, we have determined that they contain no reasonably segregable portions of non-exempt information. All documents provided are the best reproducible copies available.

Exemption (b)(2) provides protection for records that are related solely to the internal personnel rules and practices of an agency. The types of documents and/or information we have withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and breakrooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators.

Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld various information relating to third-party individuals. The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Please be advised that the National Records Center does not process any type of petition/application or any other benefits under the Immigration and Nationality Act. Therefore, if you have any questions or wish to submit documentation relating to a pending petition/application or any other matter pending with this agency, you must address these issues with your nearest District Office.



In the event you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 111 Massachusetts Ave., NW, Washington, DC 20529, within 60 days of receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you should have any additional question about your request, please direct your inquiries to this office at the above address.  You may also call us at (816) 350-5570 or fax any correspondence to (816) 350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure (s)

48



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

December 19, 2005

CLIENT "C"

NRC2005123172

Kip Evan Steinberg
Attorney at Law
1000 Fourth St. Ste. 600
San Rafael, CA 94901



RECEIVED

JAN 0 3 2006

LAW OFFICES OF
KIP EVAN STEINBERG

Dear Kip Evan Steinberg:

We received your request for information relating to your client ████████████, on December 19, 2005.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. 552). It has been assigned the following control number: NRC2005123172. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the simple track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers, except Apple brand, through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. Attorneys automatically receive CDs, unless they contact us to request paper copies. Once an attorney has requested paper copies, all future responsive records will be provided via paper – there is no need to call again. For individuals (i.e. non-attorneys) please call our office at (816) 350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.

49

If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at (816) 350-5570, or fax any FOIA/PA related correspondence to (816) 350-5785.  If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.

Sincerely,

T. Diane Cejka
Director

50



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

U.S. Citizenship
and Immigration
Services

June 15, 2007

NRC2005123172

Kip Evan Steinberg
Attorney at Law
1000 Fourth Street, Ste. 600
San Rafael, CA 94901

Dear Kip Evan Steinberg:

This is in response to your Freedom of Information Act (FOIA)/Privacy Act (PA) request received in this office on December 19, 2005, regarding ███████████

We have completed the review of all documents responsive to your request and have identified 97 pages, which are responsive to your request. Enclosed are 76 pages released in their entirety, and 15 pages released in part. We are withholding 6 pages in full. In our review of these pages we have determined that they contain no reasonable segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions, which are exempt pursuant to Title 5 U.S.C. 552 (b)(2), (b)(5), (b)(6), and (b)(7)(C) of the FOIA.

- Exemption (b)(2) provides protection for records that are related solely to the internal personnel rules and practices of an agency. The types of documents and/or information that we have withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and breakrooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators.

- Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information that we have withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

- Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

- Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy.



We have withheld various information relating to third-party individuals.  The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

The enclosed record consists of the best reproducible copies available.

In the event you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 111 Massachusetts Ave., NW, Washington, DC 20529, within 60 days of receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Please be advised that the National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act.  If you have questions or wish to submit documentation relating to a pending application/petition or any other matter pending with this agency, you must address these issues with your nearest District Office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at (816) 350-5570 or fax any correspondence to (816) 350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)

52





U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

August 28, 2006

RECEIVED

SEP 0 1 2006

LAW OFFICES OF
KIP EVAN STEINBERG

NRC2006061058

Kip Evan Steinbert
Attorney at Law
1000 Fourth St., Suite 600
San Rafael, CA 94901

CLIENT "D"

Dear Kip Evan Steinbert:

We received your request for information relating to your client, ▆▆▆▆▆▆▆ on
August 28, 2006.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. 552). It
has been assigned the following control number: NRC2006061058. Please cite this number in any further
inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is
deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be
charged for searching for records sought at the respective clerical, professional, and/or managerial rates of
$4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first
100 copies and two hours of search time are not charged, and the remaining combined charges for search
and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any
fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this
system we consider each request according to the complexity and volume so that requesters with a simple
and quick response do not wait for extended periods of time while we review complex voluminous
requests. Because of the nature of your request we have placed your request on the complex track. Since
your request is on the complex track, you may wish to modify it to identify a specific document(s), the
exact information sought, and location if known. Upon receipt, we will reconsider your request for
eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for
use on your personal computer. This option is an alternative to paper copies. The CD is readable on all
computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on
the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only
records 15 pages or more are eligible for CD printing. **Attorneys automatically receive CDs, unless
they contact us to request paper copies. Once an attorney has requested paper copies, all future
responsive records will be provided via paper – there is no need to call again.** For individuals (i.e.
non-attorneys) please call our office at (816) 350-5570 to order your record on CD. Once you request
your records on either CD or paper, all future records will be furnished in the format you have requested.



If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at (816) 350-5570, or fax any FOIA/PA related correspondence to (816) 650-5785. If you have questions concerning the status of a pending Application of Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications of Petitions or any other type of immigration matter.


Sincerely,

T. Diane Cejka
Director

(54)

U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010



U.S. Citizenship
and Immigration
Services

February 1, 2008

┌ **RECEIVED** ┐

FEB 0 7 2008

LAW OFFICES OF
KIP EVAN STEINBERG

NRC2006061058

Kip Evan Steinberg
Attorney at Law
1000 Fourth St., Suite 600
San Rafael, CA 94901

Dear Kip Evan Steinberg:

This is in response to your Freedom of Information Act (FOIA) request received in this office August 28, 2006, regarding the subject: ███████████████.

We have completed the review of all documents responsive to your request and have identified 78 pages which are responsive to your request. Enclosed are 64 pages released in their entirety, and 10 pages released in part. We are withholding 4 pages in full. In our review of these pages we have determined that they contain no reasonable segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

The following exemptions are applicable:

Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information that we have withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.



55

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonable be expected to risk circumvention of the law. The types of documents and/or information that we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

The enclosed record consists of the best reproducible copies available.

In the event you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, FOIA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Please be advised that the National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at 816-350-5570 or fax any correspondence to 816-350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)

56



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

U.S. Citizenship
and Immigration
Services

September 29, 2006



NRC2006076008

Kip Evan Steinberg
Attorney At Law
1000 Fourth Street, Suite 600
San Rafael, CA 94901

CLIENT "E"

Dear Kip Evan Steinberg:

We received your request for information relating to your client, ██████████ on September 29, 2006.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. 552). It has been assigned the following control number: **NRC2006076008**. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. **Attorneys automatically receive CDs, unless they contact us to request paper copies. Once an attorney has requested paper copies, all future responsive records will be provided via paper – there is no need to call again.** For individuals (i.e. non-attorneys) please call our office at (816) 350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.



If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at (816) 350-5570, or fax any FOIA/PA related correspondence to (816) 350-5785. If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.

Sincerely,

T. Diane Cejka
Director



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

March 3, 2008

NRC2006076008

Kip Evan Steinberg
Attorney At Law
1000 Fourth Street, Suite 600
San Rafael, CA 94901

Dear Kip Evan Steinberg:

This letter is in response to your status request, regarding the Freedom of Information Act request for information about the subject: ████████, received on September 29, 2006.

Your request is currently number 3532 on the list of 72025 pending cases to be worked.

We will answer your request as quickly as possible. If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at 816-350-5570 or fax any correspondence to 816-350-5785.

Sincerely,

T. Diane Cejka
Director

**RECEIVED**

MAR 1 0 2008

LAW OFFICES OF
KIP EVAN STEINBERG

59

www.uscis.gov



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

March 20, 2008

RECEIVED

MAR 2 7 2008

LAW OFFICES OF
KIP EVAN STEINBERG

NRC2006076008

Kip Evan Steinberg
Attorney At Law
1000 Fourth Street, Suite 600
San Rafael, CA 94901

Dear Kip Evan Steinberg:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office September 29, 2006, regarding the subject: ▓▓▓▓▓▓

We have completed the review of all documents and have identified 80 pages which are responsive to your request. Enclosed are 46 pages released in their entirety, and 25 pages released in part. We are withholding nine pages in full. In our review of these pages we have determined that they contain no reasonable segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(2), (b)(5), and (b)(6) of the FOIA.

The following exemptions are applicable:

**Freedom of Information Act U.S.C. 552 (b)(2)**
Exemption (b)(2) provides protection for records that are related solely to the internal personnel rules and practices of an agency. The types of documents and/or information that we have withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and break rooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators.

**Freedom of Information Act U.S.C. 552 (b)(5)**
Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information that we have withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

**Freedom of Information Act U.S.C. 552 (b)(6)**
Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.



The enclosed record consists of the best reproducible copies available.

In the event you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Please be advised that the National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at 816-350-5570 or fax any correspondence to 816-350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)

61

Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

 U.S. Citizenship
and Immigration
Services

 

UNITED STATES POSTAGE **U.S. OFFICIAL MAIL**
PENALTY FOR
PRIVATE USE $300
PITNEY BOWES
02 1A        **$ 00.41⁰**
0004206190   MAR 24 2008
MAILED FROM ZIP CODE 64064



Hairo, Mirsad

Steinberg, Kip Evan
Attorney at Law
1000 Fourth Street, Suite 600
San Rafael, CA 94901

RECEIVE

MAR 27 2008

LAW OFFICES OF
KIP EVAN STEINBERG

---

Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

 U.S. Citizenship
and Immigration
Services

 

UNITED STATES POSTAGE **U.S. OFFICIAL MAIL**
PENALTY FOR
PRIVATE USE $300
PITNEY BOWES
02 1A        **$ 00.41⁰**
0004206190   MAR 24 2008
MAILED FROM ZIP CODE 64064

Steinberg, Kip Evan
Attorney At Law
1000 Fourth Street, Suite 600
San Rafael, CA 94901

NRC2006.076008

RECEiVE

MAR 27 2008

LAW OFFICES OF
KIP EVAN STEINBERG



(62)



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

May 4, 2007

NRC2007032866

CLIENT "F"

Dear

We received your request for information relating to          May 4, 2007.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. 552). It has been assigned the following control number: NRC2007032866. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. **Attorneys automatically receive CDs, unless they contact us to request paper copies. Once an attorney has requested paper copies, all future responsive records will be provided via paper – there is no need to call again.** For individuals (i.e. non-attorneys) please call our office at (816) 350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.



63

If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at (816) 350-5570, or fax any FOIA/PA related correspondence to (816) 350-5785. If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.

Sincerely,

T. Diane Cejka
Director

64

**KIP EVAN STEINBERG**
CERTIFIED SPECIALIST • IMMIGRATION & NATIONALITY LAW • THE STATE BAR OF CALIFORNIA BOARD OF LEGAL SPECIALIZATION

ERIC W. RATHHAUS

December 23, 2007

Associate General Counsel (General Law)
Department of Homeland Security
Washington D.C. 20528

**Re:  FOIA Appeal**
      **Mirsad Hajrol (A77 428 444)**
      **File No.  NRC2007075364**

Dear Sir or Madam:

On behalf of my above named client, I filed a FOIA request on November 19, 2007.  On November 30, 2007 we received the enclosed letters from the National Records Center.  One letter acknowledged receipt of the FOIA request and placed it on the "complex track".  *(Exhibit A)*  The other letter denied our request for expedited processing. *(Exhibit B)*  Please be advised that I consider this as an adverse decision and request that you consider this letter as an appeal.  Pursuant to 5 U.S.C. §552(a)(6)(E), we are requesting expeditious consideration of this denial of expedited processing.

1.  Appeal of Denial of Expedited Processing

We requested expedited processing of the above named individual's FOIA request under the terms of the national settlement agreement in *Mayock v. INS*, Case No. C-85-5619-Cal (N.D. Cal. May 22, 1992).  A copy of our letter and the Settlement Agreement are attached to this letter.  *(Exhibit C & D)*

The Settlement Agreement allows for expedited treatment for a requestor who demonstrates that substantial due process rights of the requestor would be impaired by the failure to process immediately and the information sought is not otherwise available.   For the following reasons, my client qualifies for expedited processing:

My client has filed a Request for a Hearing on a Decision in Naturalization Proceedings under Section 336 of the Immigration & Nationality Act.  I am attaching a copy of the Request for Hearing (Form N-336) *(Exhibit E)* and the October 9, 2007 *(Exhibit F)* decision denying my client's naturalization application.  I need a copy of my client's alien registration file in order to prepare a brief in support of this administrative appeal.   Substantial due process rights of my client would be impaired by the failure to process this

LAW OFFICES OF KIP EVAN STEINBERG
Courthouse Square  •  1000 Fourth Street  •  Suite 600  •  San Rafael, California 94901
Tel: 415.453.2855  •  Fax: 415.456.1921
kip@steinberg-immigration-law.com  •  eric@steinberg-immigration-law.com
www.steinbergimmlaw.com





EXHIBIT

N

FOIA request immediately, since the brief cannot be adequately be prepared without reviewing the documents in my client's file.  These include documents upon which the denial was based.  This information is not otherwise available.

The denial of expedited processing violates the Settlement Agreement because my client has demonstrated that substantial due process rights will be impaired by the failure to process this FOIA request immediately.

## 2.  Appeal of Failure to Provide Requested Records in Twenty Days.

Failure to provide the requested records in twenty days violates  5 U.S.C. §552(a)(6)(A) and 6 C.F.R §5.6(b).  In addition the failure to notify my client of the "unusual circumstances" which prevents the agency from processing his request within the 20 day statutory limit and the failure to notify him of the date by which processing of his request can be expected to be completed violates 6 CFR § 5.5(c)(1).

Very truly yours,


Kip Evan Steinberg
encl.

cc: Mirsad Hajro



U.S. Department of Homeland Security
*Office of General Counsel*
20 Massachusetts Avenue NW, Room 421
Washington, DC 20529

# RECEIVED

MAR 2 7 2008

LAW OFFICES OF
KIP EVAN STEINBERG

U.S. Citizenship
and Immigration
Services

APP2008000171

MAR 2 1 2008

Kip Evan Steinberg
Attorney at Law
1000 Fourth Street, Suite 600
San Rafael, CA 94901

Re: NRC2007075364

Dear Mr. Steinberg:

You appealed the action of the National Records Center regarding your request for access to records pertaining to Mirsad Hajro, dated November 19, 2007.

Based on the information you provided, we are denying your appeal. In order to obtain expedited processing of a request for information submitted pursuant to the Freedom of Information Act, regulations issued by the Department of Homeland Security require that the requester demonstrate that his/her request warrants expedited treatment because it involves:

(1) circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

(2) an urgency to inform the public about an actual or alleged federal government activity (if you are a person primarily engaged in disseminating information).

In neither your original request nor your notice of appeal have you demonstrated that either factor applies to your request. Therefore, I am denying your appeal because you have failed to demonstrate that your request merits expedited treatment.

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Peter D. Gregory, Chief
Commercial & Administrative Law Division
Department of Homeland Security
U.S. Citizenship and Immigration Services

(67)

EXHIBIT        O

U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010



**U.S. Citizenship
and Immigration
Services**

March 4, 2008                 **RECEIVED**      NRC2007075364

Kip Evan Steinberg                    MAR 2 7 2008
Attorney at Law
1000 Fourth Street, Suite 600         LAW OFFICES OF
San Rafael, CA 94901                  KIP EVAN STEINBERG

Dear Kip Evan Steinberg:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this
office November 19, 2007, regarding your client, Mirsad Hajro.

We have completed the review of all documents responsive to your request and have identified 442 pages
which are responsive to your request. Enclosed are 356 pages released in their entirety, and 8 pages
released in part. We are withholding 78 pages in full. In our review of these pages we have determined
that they contain no reasonable segregable portion(s) of non-exempt information. We have reviewed and
have determined to release all information except those portions that are exempt pursuant to
5 U.S.C. § 552a (k)(2) and (d)(5) of the Privacy Act and 5 U.S.C. § 552 (b)(5), (b)(7)(C) and (b)(7)(E) of
the FOIA.

The following exemptions are applicable:

❑   Exemption (k)(2) of the PA provides protection to investigatory material compiled for law
    enforcement purposes. The types of documents and/or information withheld in conjunction with
    (b)(7)(C) of the FOIA could consist of names, addresses, identification numbers, telephone
    numbers, fax numbers, or various other documents relating to third party individuals that are
    considered personal.

❑   Exemption (b)(7)(C) provides protection for personal information in law enforcement records,
    which could reasonably be expected to constitute an unwarranted invasion of personal privacy.
    We have withheld various information relating to third-party individuals. The types of
    documents and/or information withheld could consist of names, addresses, identification
    numbers, telephone numbers, fax numbers, or various other documents that are considered
    personal.

❑   Exemption (k)(2) of the PA provides protection to investigatory material compiled for law
    enforcement purposes. The types of documents and/or information withheld in conjunction with
    (b)(7)(E) of the FOIA could consist of law enforcement systems checks, manuals, checkpoint
    locations, surveillance techniques and various other documents.





**EXHIBIT    P**

NRC2007075364
Page 2

- ❑ Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonable be expected to risk circumvention of the law. The types of documents and/or information withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

- ❑ Exemption (b)(5) of the FOIA provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

- ❑ Exemption (d)(5) of the PA permits the government to withhold all documents or information, which are compiled in reasonable anticipation of a civil action or proceeding. This extends to any records compiled in anticipation of civil proceedings, whether prepared by attorneys or lay investigators.

The enclosed record consists of the best reproducible copies available.

In the event you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Please be advised that the National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at 816-350-5570 or fax any correspondence to 816-350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)



1   Kip Evan Steinberg
    Law Offices of Kip Evan Steinberg
2   1000 Fourth Street, Suite 600
    San Rafael, CA 94901
3
    Tel:  (415) 453-2855
4   Fax: (415) 456-1921
    kip@steinberg-immigration-law.com
5
    Attorneys for Applicant
6

7

8               DEPARTMENT OF HOMELAND SECURITY

9        UNITED STATED CITIZENSHIP AND IMMIGRATION SERVICES

10                    SAN JOSE, CALIFORNIA

11  In Re:                      )     File No. A77 428 444
                                )
12                              )     SECTION 336 HEARING
                                )
13  Mirsad Hajaro              )     HEARING BRIEF
                                )
14  _____)

15                        **Introduction**

16       The applicant filed an application for naturalization under INA Section

17  319(a) on November 6, 2003.  That application was denied on October 9, 2007

18  based on a finding of lack of good moral character.   The applicant has

19  requested a hearing before an immigration officer pursuant to Section 336 of

20  the Immigration and Nationality Act.

21       According to the denial, on March 4, 2004 and September 26, 2007, the

22  applicant testified that he served in the Bosnian army for about six months as a

23  clerk typist.  The denial further states that the applicant failed to mention this

24  military service when he was questioned under oath by the interviewing officer

25  regarding Form I-485 on November 13, 2000.  Specifically, the denial states:

26       You indicated that you had no foreign military service.  Clearly this
         record indicates that your testimony was not truthful and failed to
27       reveal an accurate image of your past activities in your home
         country...You failed to provide truthful testimony about your
28       foreign service military service.  By not admitting to serving in the

                              ⑦0

                        EXHIBIT         Q

military service in Central Bosnia during the war, this material omission cut off a highly relevant line of questioning that directly related to your admissibility to the United States as a lawful permanent resident. This material misrepresentation occurred during the required time period needed to show good moral character for your naturalization eligibility. Therefore, the Service cannot make a determination that you are a person of good moral character...Inasmuch as you have failed to establish that you are a person of good moral character, your application must be and hereby is denied.

**There Is No Evidence That the Applicant Was Ever Asked Specifically and Directly about His Foreign Military Service on November 13, 2000**

The applicant obtained a copy of his alien registration file under the Freedom of Information Act. (*Exhibit A*) This request identified 442 pages of 8 pages were withheld in part and 78 pages were withheld in full.[1]  Of the remaining 356 pages, the only actual evidence concerning this issue was the written response to question Part 3(C) on Form I-485. (*Exhibit B*) This question reads as follows:

List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place since your 18th birthday. Include any foreign military service in this part. If none, write "none". Include the name of organization, location, dates of membership from and to, and the nature of the organization.

The applicant's written response to this question was "none". However, there is no indication anywhere on the application form or in the other 355 pages provided to the applicant that he was ever actually and specifically asked

---

[1]The applicant has filed an appeal under the Freedom of Information Act challenging the withholding of this material. (*Exhibit C*) Reliance on any evidence withheld from the applicant to deny his citizenship application would constitute a violation of Due Process.

2

(71)

1   at the interview about his <u>foreign military service</u>.[2]  The only evidence we have is

2   that question 3(C) on Form I-485 was answered as "none" and circled,

3   presumably by the immigration officer.  However, this circle notation does not

4   tell us if the words "foreign military service" were part of whatever the officer

5   inquired about.  There are many parts to the laundry list of items in question

6   3(C)  which might or might not have been mentioned.

7        The circling of the word "none" hardly constitutes proof that "During the

8   interview, you were questioned under oath by the interviewing officer about

9   your answers provided on your I-485 application, Part 3.C. Foreign Military

10  Service.  <u>You indicated that you had no foreign military service</u>.  Clearly this

11  record indicates that your testimony was not truthful and failed to reveal an

12  accurate image of your past activities in your home country." (Emphasis added)

13  With all due respect, this is an overbroad statement and conclusion since there

14  is no evidence that the applicant was actually asked specifically about foreign

15  military service at the interview.  Nor is it even clear that he ever read the

16  question thoroughly or understood the question correctly when he completed

17  application.

18       The truth has a much simpler and less sinister explanation.  The

19  applicant's failure to mention his military service on the form was caused by his

---

20

21       [2]The average adjustment of status interview last about fifteen minutes.

22

23  Immigration officers do not have the time to read the entire application,
    including every word of every question, to an applicant.  Usually the officer

24  selects just a few of the questions.  Question 3(C)  is not always asked at every
    interview.   When this question is asked, it is usually in abbreviated form such

25  as "Any clubs or organizations?".  In twenty-eight years of practicing
    immigration law, it is the experience of this attorney that the interviewing

26  officer never recites the entire verbiage, word for word, of this elongated

27  question.

28                                        3



72

1 | very simple level of English at the time he completed the form and his failure to

2 | read and comprehend everything on the application form.   Neither he nor his

3 | wife ever read the fine print of this application question and relied on the help of

4 | a refugee center case worker to complete the form.   Nor do either of them ever

5 | remember being specifically and directly asked about the applicant's foreign

6 | military service at the interview.   *See* affidavits of the applicant and his wife.

7 | (*Exhibits.D* and *E*)

8

9 | ### *Mala Fide* Intent

10 |    The applicant's failure to provide information about his military service

11 | was not done with the intent to obtain an immigration benefit.   *Mala fide* intent

12 | is required both by regulation and the United States Supreme Court:

13 |    8 C.F.R.§316.10(b)(2)(vi) states: "An applicant shall be found to lack good

14 | moral character if during the statutory period the applicant has given false

15 | testimony to obtain any benefit under the Act, if the testimony was made under

16 | oath or affirmation *and with an intent to obtain an immigration benefit.* "

17 | (emphasis added)

18 |    The Supreme Court has held that in order to constitute "false testimony"

19 | an inaccurate statement must be intentionally made with the subjective intent

20 | of obtaining an immigration benefit.   *Kungys v. United States, 485 U.S. 759,779*

21 | *(1988); See also, U.S. v. Hovsepian*, 422 F. 3d 883, 887-89 (9th Cir. 2005) (*en*

22 | *banc*) (inaccurate statements on naturalization application or in testimony were

23 | not intentional or made to secure an immigration benefit and therefore did not

24 | constitute false testimony.) (*Exhibit F*)   Furthermore, false statements made in

25 | an application are not included because "false testimony" only includes oral

26 | statements.   *Kungys, supra*, at 780.

27

28 |                    4



73

1    There is simply no evidence that the applicant provided inaccurate

2  information concerning his military service <u>with the intention of securing an</u>

3  <u>immigration benefit</u>.  Logically, one must ask what would the applicant gain

4  from deliberately hiding his military service when he was merely a clerk typist

5  during a brief six month service in the army in which he saw no combat and

6  never saw any prisoners of war.[3]  There is no evidence that he participated in

7  war atrocities such as genocide, torture, or extra-judicial killings.[4]  He had

8  nothing to hide and no motive to lie.

9    The inaccurate written statement in response to I-485 question Part 3(C)

10  cannot be "false testimony" because it was not an oral statement.  The response

11  "none" was also made without any intention to deceive.  Finally, there is no

12  evidence that the applicant ever  "testified" about his foreign military service

13  because there is no evidence that he was ever specifically and directly asked

14  this question at the interview.   For these reasons, the record does not support a

15

16

17

18    [3]On September 26, 2007 he testified under oath that he was drafted into

19  the army where he served for approximately six months as a clerk typist and
   saw no combat and never saw any prisoners of war.

20

21    [4]The denial characterizes the alleged misrepresentation as "material".
   However, the alleged misrepresentation was actually <u>not</u> material because

22  service in a non-combat role in the military does not render one ineligible for
   permanent residence.  Only participation in genocide, or acts of torture or

23  extra-judicial killings would have rendered the applicant ineligible for
   permanent residence.  <u>See</u> INA Sections 212(a)(3)(E)(ii) and (iii).  While this

24  characterization of "materiality" is legally incorrect, it is also irrelevant to the

25  issue in this case since the bar of false testimony applies if made with the
   subjective intent of obtaining immigration benefits whether or not the

26  misrepresentation is material to the immigration decision.  *Kungys v. United*

27  *States*, 485 U.S. 759, 779 (1988).

28                                          5



1    finding of a lack of good moral character.[5]

2         It is respectfully submitted that the applicant qualifies for naturalization.

3

4    Dated: May 12, 2008                          Respectfully submitted,

5                                                      /s/

6

7                                                 Kip Evan Steinberg

8

9

10

11

12

13

14

15

16

17

18

19    _____

20        [5].On the contrary, there is evidence of good moral character in the
      record:  On September 26, 2007 the applicant testified that "It is the
21    responsibility of every Moslem to encourage others and to show people to be a
      moral example to mankind.  The biggest problem is that Muslims don't practice
22    Islam.  If everybody would practice his religion, Islam, Christianity, Buddhism,
      there is no belief system that is encouraging killing.  We just need to practice
23    it...It's the responsibility of all Muslims to be good-mannered and to be an
      example for mankind."  He further testified that he had traveled to India "for
24    my spiritual enlightenment...I saw their humility and their poverty there and
25    this had a huge impact on me.  We never learned this in Bosnia.  It was such a
      period for me, it was amazing."  If anything, such testimony supports a finding
26    of good moral character.

27

28                                      6

                                     (75)



Home > About USCIS > Freedom of Information and Privacy Acts (FOIA)

# FOIA

**USCIS Freedom of Information Act (FOIA) and Privacy Act (PA) Contact:**

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
(816) 350-5570
Fax (816) 350-5785
uscis.foia@dhs.gov

**Making a FOIA or PA request:**

1. **To Request USCIS Records:** Unless otherwise noted below, mail or fax all requests for USCIS records, including alien files and procurement information, to the National Records Center at the address listed above. Please note: ALL FOIA REQUESTS MUST BE SUBMITTED IN WRITING. Form G-639 (available from this website under Immigration Forms) may be used for this purpose, but is not required. Please see "How to make a FOIA or PA request" for detailed information necessary to process your request. Unfortunately, we are unable to accept FOIA or PA requests by e-mail at this time.

2. **To Request Human Resources Information:** Mail requests for this information to: Customs and Border Protection, Burlington Human Resources Office, 70 Kimball Avenue, South Burlington, Vermont 05403-6813.

3. **To Request Certifications:** Certification of Nonexistence of a Record involves an agency decision. The USCIS Office of Records Management prepares this documentation. Requests for this service should be addressed to U.S. Citizenship and Immigration Services, ATTN: Records Service Branch, 111 Massachusetts Avenue, NW, 4th Floor, Washington, D.C. 20529.

4. To Request Customs and Border Patrol records: Effective October 1, 2007, mail all requests for non-Alien file Customs and Border Patrol records to U.S.Customs and Border Protection, 1300 Pennsylvania Ave., N.W., Attn: Mint Annex Building, FOIA Division, Washington, D.C. 20229.

5. **Effective immediately, USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests. When forwarding any documents to USCIS related to a FOIA or PA request, please ensure all Social Security Numbers are blanked out or removed.**

**Reading Rooms:**

1. **Conventional Reading Room:**
The USCIS Public Reading Room is located at 111 Massachusetts Avenue, N.W. 1st Floor, Washington, D.C. 20529. The hours of operation are 9:00 a.m. to 3:00 p.m., Monday through Friday. The Reading Room is closed on Federal holidays. Please contact the Freedom of Information Office at (202) 272-8280 to make arrangements to view information in the Reading Room. At this on-site location you can review information that has been placed in binders and shelved, or you can take advantage of two computers made ready for electronic viewing of information maintained in our Electronic Reading Room.

The majority of information in our public reading room is made up of Administrative Decisions. The numerous Decisions have been indexed and categorized to assist you in navigating to your desired document.

2. **Electronic Reading Room (ERR):**
The ERR includes frequently requested records, opinions, policy statements, and staff manuals/instructions to staff, created after November 1, 1996.

**Multitrack Processing:**

USCIS uses a three-track system to process FOIA requests.

- Track One: Routine requests;
- Track Two: Complex inquiries that normally necessitate additional search and review time; and
- Track Three: Requests by individuals scheduled for a hearing before an immigration judge.

Track Three became effective March 30, 2007. It consists of FOIA requests of individuals who are scheduled to appear before an immigration judge. The new track allows for accelerated access to A-files requested through the FOIA process, provided an individual or the individual's representative includes at least one of the following documents with the FOIA request:

- Notice to Appear (Form I-862);
- Order to Show Cause (Form I-122);
- Notice of Referral to Immigration Judge (Form I-863); or
- A written request of continuation of a scheduled hearing before the immigration judge.

Requesters wishing to move a pending FOIA request to this new Track Three for processing must resubmit the request and comply with the above requirements.

Notice of this new track was published in the Federal Register February 28, 2007. A link to the Federal Register Notice is

(76)

EXHIBIT R

located under "Related Links" on this page.

**FOIA Requester Service Center:**

The National Records Center operates a call center to answer questions about filing a request, provide status updates of pending requests, and otherwise provide assistance in obtaining records from USCIS. The call center operates from 7:00 AM to 2:15 PM Central Time. The phone number to reach a call center representative is (816) 350-5570. You may also fax inquiries to the National Records Center at (816) 350-5785, or e-mail your questions to uscis.foia@dhs.gov.

**Web Status Check:**

**You may obtain the status of pending requests online from the link below.**

FOIA Request Status Check

How to Make a FOIA or PA Request

FOIA Addresses

USCIS FOIA PA Handbook (118KB PDF)

THE FREEDOM OF INFORMATION ACT
Freedom of Information Act

THE PRIVACY ACT OF 1974
Privacy Act

FOIA Annual Reports

System Notices

U.S. Citizenship and Immigration Services Major Immigration Information Systems

Last updated: 05/28/2008



Kip Evan Steinberg (SBN 096084)
LAW OFFICES OF KIP EVAN STEINBERG
Courthouse Square
1000 Fourth Street, Suite 600
San Rafael, CA 94901
Telephone: 415-453-2855
Facsimile: 415-456-1921
kip@steinberg-immigration-law.com

**Attorney for Plaintiffs MIRSAD HAJRO and JAMES R. MAYOCK**


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


| | |
|---|---|
| MIRSAD HAJRO, JAMES R. MAYOCK | ) |
| | ) |
| Plaintiffs, | ) **Case No. CV 08 1350 RMW** |
| | ) |
| v. | ) |
| UNITED STATES CITIZENSHIP | ) |
| AND IMMIGRATION SERVICES, | ) |
| T. DIANE CEJKA, Director | ) **DECLARATION OF** |
| USCIS National Records Center, | ) **ROBERT PAUW** |
| ROSEMARY MELVILLE, | ) |
| USCIS District Director of San Francisco, | ) |
| MICHAEL CHERTOFF, Secretary | ) |
| Department of Homeland Security, | ) |
| MICHAEL B. MUKASEY, Attorney General | ) |
| Department of Justice | ) |
| Defendants | ) |
| | ) |

I, Robert Pauw, make the following declaration under penalty of perjury:



EXHIBIT    S

1. I am a partner in the law firm of GIBBS HOUSTON PAUW, specializing in immigration law.

2. I am the attorney in a case pending before the Board of Immigration Appeals. I did not represent my client at the removal hearing at which he was found deportable by an immigration judge and denied the relief he applied for under 8 U.S. C. §1255 (i) ("adjustment of status") based on his marriage to a United States citizen.

3. I believe that evidence may exist in his alien registration file which would prove that he is eligible for relief from removal under 8 U.S.C. §1255(i).

4. I filed a Freedom of Information Act Request and requested Track Three expedited processing in order to obtain a copy of this evidence from my client's file before my appeal brief was due at the Board of Immigration Appeals. The FOIA request number is NRC2008012895.

5. My request for expedited processing was denied by USCIS because my client is not currently in proceedings before an immigration judge and I was required to file my appeal brief without this evidence. The specific details of this case are as follows:

6. My client is "Jose". His wife is "Denise".

7. Denise is a United States citizen. She filed an I-130 visa petition on April 30, 2001 on behalf of her husband, Jose, in person at the Seattle office of the Immigration Service, pro se. She did not keep a copy of the petition.

8. She received a receipt about two months later from the USCIS Nebraska Service Center, showing a receipt date of June 19, 2001.

9. After the I-130 petition was approved, Jose filed for adjustment of status pursuant to 8 U.S.C. §1255(i).

10. USCIS denied the adjustment of status application because the receipt date from the NSC showed a date of filing of June 19, 2001 rather than the actual date of filing which was April 30, 2001. Jose was then put in removal proceedings.

11. In the removal proceedings, Jose was represented by another attorney.

12. The immigration judge concluded that Jose was not eligible for relief under 8 U.S.C.§ 1255(i) because there was no proof of filing on or before April 30, 2001; he did not allow Jose to pursue the adjustment of status application.

13. I was retained by Jose and to represent him on his appeal to the Board of Immigration Appeals.

14. CIS has still not provided me with a copy of the I-130 file, which might have evidence helpful in showing that the I-130 visa petition was in fact filed on April 30, 2001. This information is not otherwise available.

15. I filed a Freedom of Information Act request for the I-130 file on February 21, 2008 requesting expedited Track 3 processing.

16. On March 3, 2008 USCIS responded with a request for documents proving that my client is in removal proceedings.



17. On March 6, 2008 we responded with a copy of the Notice to Appear (Form I-862) which is the charging document placing my client in removal proceedings.

18. On March 20, 2008 USCIS sent a response denying our request for expedited processing because we did not provide a current date to appear before an immigration judge. Obviously, we could not do so because the case was on appeal at the Board of Immigration Appeals and is no longer pending before an immigration judge.

19. Because USCIS may have evidence in its files showing that my client is eligible for relief from deportation, but refused to expedite the processing of my client's FOIA request prior to the date our appeal brief was due, his due process rights have been impaired.

20. Our appeal brief was due on or about May 2, 2008 and has been filed. The case is currently pending before the Board of Immigration Appeals.

I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: June 4, 2008

Robert Pauw





**U.S. Department of Ju~~st~~ice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Pauw, Robert, Esq.**
**1000 Second Ave., Suite 1600**
**Seattle, WA 98104-0000**

**Office of the District Counsel/SEA**
**1000 Second Avenue, Suite 2900**
**Seattle, WA 98104**

Name: ████████████ JOSE █          A98-174-132

Type of Proceeding: Removal          Date of this notice: 4/2/2008

Type of Appeal: Case Appeal          Appeal filed by:   Alien

Date of Appeal: 2/1/2008

### NOTICE -- BRIEFING EXTENSION REQUEST GRANTED

Alien's <u>original</u> due date: 4/11/2008          DHS' <u>original</u> due date: 5/2/2008

o   The request by the alien for an additional amount of time to submit a brief, which
    was received on  4/2/2008, is GRANTED.

o   The alien's brief must be **received** at the Board of Immigration Appeals on or before
    5/2/2008.

o   The DHS' brief must be **received** at the Board of Immigration Appeals on or before
    5/23/2008.

### PLEASE NOTE

**WARNING:**   If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail
to file the brief or statement within the time set for filing, the Board may summarily dismiss your
appeal.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

The Board generally does not grant more than one extension per party or per case, if
detained.  Therefore, if you have received an extension, you should assume that you will not
be granted any further extensions. Each party's current due date is stated above

(82)

KIP EVAN STEINBERG
CERTIFIED SPECIALIST • IMMIGRATION & NATIONALITY LAW • THE STATE BAR OF CALIFORNIA BOARD OF LEGAL SPECIALIZATION

ERIC W. RATHHAUS

May 12, 2008

Associate General Counsel (General Law)
Department of Homeland Security
Washington D.C. 20528

**Re:  FOIA Appeal - Request for Expedited Processing**
**Mirsad Hajro (A77 428 444)**
**File No.  NRC2007075364**

Dear Sir or Madam:

My client, Mirsad Hajro, filed a FOIA request on November 19, 2007.   On March 27, 2008 we received the enclosed letter from the National Records Center informing us that: "We have completed the review of all documents responsive to your request and have identified 442 pages which are responsive to your request.  Enclosed are 356 pages released in their entirety, and 8 pages released in part.  We are withholding 78 pages in full..." (*Exhibit 1*)

Please consider this letter as an appeal to withhold this information.  We are requesting <u>expedited processing</u> of this appeal for the same due process reasons stated in our previous appeal (*Exhibit 2*).

My client is awaiting the scheduling of a hearing on the denial of his naturalization application under Section 336 of the Immigration & Nationality Act.   This denial was based on the fact that my client allegedly falsely testified that he had no foreign military service when questioned at his adjustment of status interview on November 13, 2000 in Boise, Idaho. (*Exhibit 3*)

In the 364 pages provided, the government has provided no evidence of this alleged testimony regarding foreign military service.  Since the government has denied my client's application for naturalization based on this alleged testimony, one must assume that some evidence of this testimony exists in the file, otherwise the denial would be based on no evidence.  For this reason, we are seeking all of the withheld material (78 pages in full, and 8 pages in part) to see if this withheld material contains any such evidence.  In particular, we need to see the interviewing officer's notes taken at the interview on November 13, 2000.  Reliance on any such "secret evidence" to deny my client's application for naturalization would be a violation of my client's constitutional right to Due Process.  For this reason, if any evidence exists of this alleged testimony, it must be disclosed.

LAW OFFICES OF KIP EVAN STEINBERG
Courthouse Square  •  1000 Fourth Street  •  Suite 600  •  San Rafael, California 94901
Tel: 415.453.2855  •  Fax: 415.456.1921
kip@steinberg-immigration-law.com  •  eric@steinberg-immigration-law.com
www.steinbergimmlaw.com




EXHIBIT T

We do not insist on the releasing of all withheld material under the following conditions: If the government determines that only some pages of the withheld material contains such evidence, we will accept these pages as long as the government confirms that no other such evidence exists. In the alternative, we will accept a written confirmation from the government that no such evidence exists in any of the withheld material.

Respectfully submitted,

Kip Evan Steinberg
encl.

cc: Mirsad Hajro

84