JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124
   FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIRSAD HAJRO, JAMES R. MAYOCK, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; <br> T. DIANE CEJKA, Director, USCIS National Records Center; <br> ROSEMARY MELVILLE, USCIS District Director of San Francisco; <br> MICHAEL CHERTOFF, Secretary, Department of Homeland Security; <br> MICHAEL B. MUKASEY, Attorney General Department of Justice, <br><br> Defendants. | No. C 08-1350 RMW <br><br> ANSWER |

Defendants hereby submit their Answer to Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief.

///

///

ANSWER
C08-1350 RMW                              1

## I. INTRODUCTION

Defendant Department of Homeland Security ("DHS")[1] through their undersigned counsel, respectfully answers the Complaint filed in the above-captioned matter as follows:

Plaintiffs' Introduction is a statement of Plaintiffs' case to which no answer is required. To the extent a response is required, Defendant admits only that this is an action under the Freedom of Information Act ("FOIA"), and that a Rule 15(a) amendment of pleading is appropriate at this time. Defendant denies that agency records related to Plaintiff Mirsad Hajro have been improperly withheld from him. Defendant avers that the USCIS is in full compliance with the terms and conditions of the time requirements under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. §§ 552 *et seq.*, and the terms of a nationwide settlement agreement related to FOIA entered into between Plaintiff James R. Mayock and Defendant for the benefit of aliens such as Plaintiff Hajro.[2]

## II. PARTIES

1. Defendant is without sufficient knowledge and information to form an opinion as to the truth and accuracy of Plaintiffs' paragraph 1 and, therefore, denies the same.

2. Defendant admits that James R. Mayock is an immigration attorney, but is without sufficient information and knowledge to form an opinion or belief as to the truth and accuracy of the remaining allegations of Plaintiffs' paragraph 2 and, therefore, denies the same.

3. Defendant admits the allegations contained in Plaintiffs' paragraph 3.

---

[1] The Complaint filed by Plaintiffs more specifically sets forth allegations against the United States Citizenship and Immigration Services ("USCIS"), a constituent unit of the U.S. Department of Homeland Security ("DHS"). The service functions of the former Immigration and Naturalization Services ("INS") were transferred to the USCIS with the abolishment of the INS on March 1, 2003. Moreover, oversight of U.S. immigration authorities was concurrently transferred from the head of the U.S. Department of Justice, i.e., the Attorney General, to the Secretary of DHS. Accordingly, this Answer addresses either the DHS and/or USCIS rather than the Department of Justice where appropriate.

[2] On May 21, 1992, James R. Mayock and the INS, predecessor to the USCIS, entered into an agreement in settlement of all claims and issues arising from *Mayock v. INS, et al.*, Civil No. C-85-5169-CAL, the relevant details of which are more fully described elsewhere in this Answer.

ANSWER
C08-1350 RMW                                    2

1    4. Defendant admits the allegations contained in Plaintiffs' paragraph 4.

2    5. Defendant admits the allegations contained in Plaintiffs' paragraph 5.

3    6. Defendant admits the allegations contained in Plaintiffs' paragraph 6.

4    7. Defendant admits the allegations contained in Plaintiffs' paragraph 7.

### III. JURISDICTION and VENUE

8. This paragraph contains a statement of jurisdiction and not averments of facts to which an answer is required, but to the extent that an answer is required, Defendant admits the allegations in Plaintiffs' paragraph 8.

9. This paragraph contains a statement of jurisdiction and not averments of facts to which an answer is required. To the extent a response is required, Defendant admits the allegation in Plaintiffs' paragraph 9.

10. This paragraph contains a statement of jurisdiction and not averments of facts to which an answer is required. To the extent that a response is required, Defendant admits the allegation of Plaintiffs' paragraph 10.

11. This paragraph contains a statement of venue and not averments of facts to which an answer is required. To the extent that a response is required, Defendant admits the allegation of Plaintiffs' paragraph 11.

### V. REMEDY SOUGHT

12. This paragraph constitutes Plaintiffs' statement of remedy sought and not averments of facts to which an answer is required. To the extent that a response is required, Defendant denies the same.

13. This paragraph constitutes Plaintiffs' statement of remedy sought and not averments of facts to which an answer is required. To the extent that a response is required, Defendant denies the same.

14. This paragraph constitutes Plaintiffs' statement of remedy sought and not averments of facts to which an answer is required. To the extent that a response is required, Defendant denies the same.

///

**1**     15. This paragraph constitutes Plaintiffs' statement of remedy sought and not averments of
**2** facts to which an answer is required. To the extent that a response is required, Defendant denies
**3** the same.

**4** **VI. STATEMENT OF FACTS**

**5**     16. This paragraph constitutes Plaintiffs' statement of remedy sought and not averments of
**6** facts to which an answer is required. To the extent that a response is required, Defendant denies
**7** the same.

**8**     17. Defendant admits the allegation contained in paragraph 17.
**9**     18. Defendants admits the allegation contained in Plaintiffs' paragraph 18.
**10**     19. This paragraph represents Plaintiffs' interpretation of the settlement agreement arising
**11** out of *Mayock v. INS et al.*, 714 F. Supp. 1558 (N.D. Cal. 1989), which requires no answer from
**12** Defendant. Said agreement, being a matter of public record, speaks for itself. To the extent that
**13** an answer is required, Defendant admits the allegation contained in Plaintiffs' paragraph 19.
**14**     20. Defendant admits the allegations contained in Plaintiffs' paragraph 20.
**15**     21. Defendant admits the allegations contained in Plaintiffs' paragraph 21.
**16**     22. Defendant admits the allegations contained in Plaintiffs' paragraph 22.
**17**     23. Defendant admits the allegations contained in Plaintiffs' paragraph 23.
**18**     24. Defendant admits the allegations contained in Plaintiffs' paragraph 24.
**19**     25. Defendant admits the allegations contained in Plaintiffs' paragraph 25.
**20**     26. Defendant denies the allegation contained in Plaintiffs' paragraph 26.
**21**     27. Defendant admits the allegations contained in Plaintiffs' paragraph 27.
**22**     28. Defendant admits the allegations contained in Plaintiffs' paragraph 28.
**23**     29. Defendant admits the allegations contained in Plaintiffs' paragraph 29.
**24** <u>Plaintiff Mirsad Hajro</u>
**25**     30. Defendant admits the allegations contained in Plaintiffs' paragraph 30.
**26**     31. Defendant admits the allegations contained in Plaintiffs' paragraph 31.
**27**     32. Defendant admits the allegations contained in Plaintiffs' paragraph 32.
**28**     33. Defendant admits the allegations contained in Plaintiffs' paragraph 33.

**1**    34. Defendant admits the allegations contained in Plaintiffs' paragraph 34.
**2**    35. Defendant admits the allegations contained in Plaintiffs' paragraph 35.
**3**    36. Defendant admits the allegations contained in Plaintiffs' paragraph 36.
**4**    37. Defendant admits the allegations contained in Plaintiffs' paragraph 37.
**5**    38. Defendant admits the allegations contained in Plaintiffs' paragraph 38.
**6**    39. Defendant admits the allegations contained in Plaintiffs' paragraph 39.
**7**    40. Defendant admits the allegations contained in Plaintiffs' paragraph 40.
**8**    41. Defendant admits the allegations contained in Plaintiffs' paragraph 41.
**9**    42. Defendant admits the allegations contained in Plaintiffs' paragraph 42.
**10**   43. Plaintiffs' allegation regarding the legal impact and effect of the USCIS's failure to
**11** immediately process Plaintiffs' FOIA request constitutes a conclusions of law, and not averment
**12** of fact, to which a response is not required. To the extent a response is required, Defendant denies
**13** this allegation. Defendant admits the remainder of Plaintiffs' paragraph 43.
**14**   44. Defendant admits the allegations contained in Plaintiffs' paragraph 44.
**15**   45. Defendant admits the allegations contained in Plaintiffs' paragraph 45.
**16**   46. Defendant is without sufficient information and knowledge to form an opinion or
**17** belief as to the truth or accuracy of Plaintiffs' allegation contained in paragraph 46 and, therefore,
**18** denies the same.
**19**   47. Defendant denies the allegations contained in Plaintiffs' paragraph 47.
**20**   48. Defendant admits the allegations contained in Plaintiffs' paragraph 48.
**21**   49. Defendant admits the allegations contained in Plaintiffs' paragraph 49.
**22**   50. Defendant is without sufficient information and knowledge to form an opinion or
**23** belief as to when Plaintiffs received a reply to their appeal of the USCIS's denial of their request
**24** for expedited processing, but admits that the appeal in question was, in fact, denied on March 21,
**25** 2008.
**26**   51. Defendant is without sufficient knowledge or information to form an opinion or
**27** belief as to when the agency final FOIA determination was received by Plaintiffs, but admits that
**28** such a determination was dispatched to Plaintiffs by letter dated March 4, 2008.

ANSWER
C08-1350 RMW                                        5

1   52. Defendant admits the allegations contained in Plaintiffs' paragraph 52.
2   53. Defendant admits the allegations contained in Plaintiffs' paragraph 53.
3   54. Defendant admits the allegations contained in Plaintiffs' paragraph 54.
4   55. Defendant is without sufficient knowledge or information to form an opinion or
5 belief as to the truth and accuracy of the allegation contained in Plaintiffs' paragraph 55 and,
6 therefore, denies the same.
7   56. Defendant denies the allegation contained in Plaintiffs' paragraph 56.
8   57. Defendant admits the allegations contained in Plaintiffs' paragraph 57.

### VII.  FIRST CAUSE OF ACTION

58. Defendant denies Plaintiffs' allegations contained in paragraph 58.
59. Defendant denies Plaintiffs' allegations contained in paragraph 59.
60. Defendant denies Plaintiffs' allegations contained in paragraph 60.
61. Defendant admits Plaintiffs' allegations contained in paragraph 61.

### VII.  SECOND CAUSE OF ACTION

62. Defendant denies Plaintiffs' allegations contained in paragraph 62.

### IX.  THIRD CAUSE OF ACTION

63. Defendant denies Plaintiffs' allegations contained in paragraph 63.

### X.  FOURTH CAUSE OF ACTION

64. Defendant denies that appropriate notice was not given to Plaintiffs pursuant to 6 C.F.R. § 5.5(c)(1).
65. Defendant denies Plaintiffs' allegations contained in paragraph 65.

### XI.  FIFTH CAUSE OF ACTION

66. Defendant denies Plaintiffs' allegations contained in paragraph 66.

### XII.  SIXTH CAUSE OF ACTION

67. Defendant denies Plaintiffs' allegations contained in paragraph 67.
68. Defendant denies Plaintiffs' allegations contained in paragraph 68.
69. Defendant denies Plaintiffs' allegations contained in paragraph 69.
70. Defendant denies Plaintiffs' allegations contained in paragraph 70.

71. Defendant denies Plaintiffs' allegations contained in paragraph 71.

## XIII. SEVENTH CAUSE OF ACTION

72. Defendant denies Plaintiffs' allegations contained in paragraph 72.

## XIV. EIGHTH CAUSE OF ACTION

73. Defendant denies Plaintiffs' allegations contained in paragraph 73.

## XV. NINTH CAUSE OF ACTION

74. Defendant denies Plaintiffs' allegations contained in paragraph 74.

75. Defendant denies Plaintiffs' allegations contained in paragraph 75.

76. Defendant denies Plaintiffs' allegations contained in paragraph 76.

## XVI. PRAYER

77.(A) – (P) Constitutes Plaintiffs' prayer for relief to which an answer is not required. To the extent that an answer is required, Defendant denies that Plaintiffs' are entitled to any of the relief sought and, accordingly, this Court should deny the same.

## AFFIRMATIVE AND/OR OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendants allege as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a claim against the Defendants upon which relief can be granted.

## SECOND DEFENSE

No acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiffs.

## THIRD DEFENSE

At all times alleged in the amended complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

## FOURTH DEFENSE

The Amended Complaint should be dismissed because the claims are moot.

///

ANSWER
C08-1350 RMW                                      7

1  WHEREFORE, Defendants pray for relief as follows:

2  That judgment be entered for Defendants and against Plaintiffs, dismissing Plaintiffs'
3  Amended Complaint with prejudice; that Plaintiffs take nothing; and that the Court grant such
4  further relief as it deems just and proper under the circumstances.

5  Dated: June 20, 2008                              Respectfully submitted,

6                                                    JOSEPH P. RUSSONIELLO
                                                     United States Attorney
7

8  _____/s/_____
                                                     ILA C. DEISS
9                                                    Assistant United States Attorney
                                                     Attorneys for Defendant

ANSWER
C08-1350 RMW                                8