JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MIRSAD HAJRO, JAMES R. MAYOCK, <br><br>          Plaintiffs, <br><br>     v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; <br> T. DIANE CEJKA, Director, USCIS National Records Center; <br> ROSEMARY MELVILLE, USCIS District Director of San Francisco; <br> MICHAEL CHERTOFF, Secretary, Department of Homeland Security; <br> MICHAEL B. MUKASEY, Attorney General Department of Justice, <br><br>          Defendants. | No. C 08-1350 RMW <br><br> **JOINT CASE MANAGEMENT STATEMENT;** and **[Proposed] ORDER** |

1. Jurisdiction and Service:

The basis asserted by plaintiff for this Court's jurisdiction is 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §551 *et seq.*, 5 U.S.C. § 555(b), §702, §704 and §706, 28 U.S.C. §1331 and 5 U.S.C. §552 *et seq*. The parties do not dispute that venue is proper in this district. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

2. Facts:

On November 19, 2007, Plaintiff Hajro filed a request under the Freedom of Information Act

Joint Case Management Statement
C08-1350 RMW                              1

(FOIA) with the National Records Center seeking a copy of his alien registration file.  On March 27, 2008, the National Records Center identified 442 pages responsive to Plaintiffs' request, and forwarded 356 pages in its entirety, withheld 78 pages in full and released 8 pages in part.  The Plaintiffs filed the amended complaint on June 10, 2008 seeking an injunctive relief to enforce the time requirements under FOIA, and enforcement of the terms of a settlement agreement related to FOIA entered between Plaintiff Mayock and the Defendants.  On July 31, 2008, the National Records Center released an additional 13 pages from Plaintiff Hajro's file.  On July 31, 2008, Defendants also provided Plaintiffs with a Vaughn Index.

   3. Legal Issues:

   1. Whether the FOIA "Track Three" policy (and 6 CFR 5.5(d)) violate the Mayock settlement agreement regarding requests for expedited FOIA processing.

   2. Whether Defendants' denial of Plaintiff Hajro's request for expedited FOIA processing violated the Mayock settlement agreement.

   3. Whether Defendants' failure to provide Plaintiff Hajro with a response to his FOIA request within 20 days violated the FOIA at 5 U.S.C. § 552(a)(6)(A) and the FOIA regs at 6 CFR 5.6(b).

   4. Whether Defendants' failure to notify Plaintiff Hajro of the unusual circumstances preventing Defendants from processing Plaintiff's FOIA request within 20 days violated the FOIA regs at 6 CFR § 5.5(c)(1).

   5. Whether the documents Defendants withheld after Plaintiff's FOIA request were properly exempt from disclosure under FOIA.

   6.  Whether Defendants have a pattern or practice of failing to comply with the time requirements set forth in 5 U.S.C. § 552(A),(B),(C).

   7. Whether the withholding of the documents pursuant to Plaintiff's FOIA request violated Plaintiff Hajro's due process rights in that he was prevented from adequately preparing his N-400 denial appeal brief.

   8. Whether the FOIA Track 3 policy violates equal protection.

   9. Whether the FOIA Track 3 policy circumvented the advance public notice and comment requirements of section 553 of the APA, specifically considering the agreement in Mayock.

1   4.  Motions:

2   Defendants intend to file a motion for summary judgment in accordance with the Local Rules

3   and the Fed. R. Civ. P.

4   5.  Amendment of Pleadings:

5   No parties, claims or defenses are expected to be added or dismissed.

6   6.  Evidence Preservation:

7   The parties do not have any evidence that falls within this category.

8   7.  Disclosures:

9   The parties believe that the initial disclosure requirements of Fed. R. Civ. P. 26 do not apply to

10  this case.

11  8.  Discovery:

12  Plaintiffs intend to take discovery.  Defendants do not believe discovery is appropriate in this

13  case and will object.

14  9.  Class Actions:

15  N/A

16  10.  Related Cases:

17  On March 21, 2008, the Court found CV-06-7827 JW is not related to this case.

18  11.  Relief:

19  Plaintiffs ask this Court to compel Defendants to provide Plaintiff Hajro a copy of all withheld

20  documents, direct Defendants to amend "Track Three" processing of FOIA requests to provide for

21  priority processing upon proof that substantial due process rights of the requestor would be

22  impaired by the failure to process immediately, issue a permanent injunction requiring Defendants

23  to 1) provide a copy of a requestor's file within the twenty day time limit mandated in 5 U.S.C. §

24  552(a)(6)(A); 2) give written notice if a twenty day extension of time is needed unusual

25  circumstances as mandated by § 552(a)(b)(B); establish a procedure to advise a requestor of

26  his/her right and the procedures to appeal the decision if a request for expedited processing is

27  denied, and for reasonable attorney's fees.

28

1  12.  Settlement and ADR:

2  An ADR Phone Conference is scheduled for August 13, 2008.

3  13.  Consent to Magistrate Judge for All Purposes:

4  The parties consent to magistrate judge jurisdiction.

5  14.  Other References:

6  The parties do not believe that this case is suitable for reference to binding arbitration, a
7  special master, or the Judicial Panel on Multidistrict Litigation.

8  15.  Narrowing of Issues:

9  The parties do not believe that the issues can be narrowed by agreement or by motion, and do
10 not have suggestions to expedite the presentation of evidence at trial (e.g. through summaries or
11 stipulated facts), and any request to bifurcate issues, claims or defenses.

12 16.  Expedited Schedule:

13 Defendants believe this matter can be resolve on a motion for summary judgment.

14 17.  Scheduling:

15 Defendants will file a motion for summary judgment after the initial case management
16 conference in accordance with the Local Rules and the Fed. R. Civ. P.

17 18.  Trial:

18 The parties do not anticipate the need for a trial in this case.

19 19.  Disclosure of Non-party Interested Entities or Persons:

20 The parties' intend to file the "Certification of Interested Entities or Persons" required by Civil
21 Local Rule 3-16.

22 20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this
23 matter.

24 None.

25 ///
26 ///
27 ///
28 ///

Joint Case Management Statement
C08-1350 RMW                                4

| | |
|---|---|
| Dated: August 8, 2008 | Respectfully submitted, |
| | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| | |
| | /s/<br>ILA C. DEISS[1]<br>Assistant United States Attorney<br>Attorneys for Defendants |
| Dated: August 8, 2008 | /s/<br>KIP EVAN STEINBERG<br>Attorney for Plaintiffs |

**CASE MANAGEMENT ORDER**

The Joint Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

Date: _____
RONALD M. WHYTE
United States District Judge

---

[1] I, Ila Deiss, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Joint Case Management Statement
C08-1350 RMW                                  5