1        Kip Evan Steinberg (SBN 096084)
LAW OFFICES OF KIP EVAN STEINBERG
2   Courthouse Square
1000 Fourth Street, Suite 600
3   San Rafael, CA 94901
Telephone: 415-453-2855
4   Facsimile: 415-456-1921
kip@steinberg-immigration-law.com
5

6   **Attorneys for Plaintiffs MIRSAD HAJRO and JAMES R. MAYOCK**

7

8           UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10           SAN JOSE DIVISION

11

12  MIRSAD HAJRO, JAMES R. MAYOCK    ) **Case No. CV 08 1350 PSG**
                            )
13         Plaintiffs,    ) **POINTS AND AUTHORITIES IN**
                            ) **SUPPORT OF PLAINTIFFS' MOTION**
14         v.    ) **FOR ATTORNEY'S FEES AND**
UNITED STATES CITIZENSHIP    ) **COSTS PURSUANT TO THE**
15  AND IMMIGRATION SERVICES;    ) **FREEDOM OF INFORMATION ACT**
T. DIANE CEJKA, Director,    ) **5 U.S.C. § 552(A)(4)(E); AND**
16  USCIS National Records Center;    )
ROSEMARY MELVILLE,    ) **ALTERNATIVELY, UNDER THE**
17  USCIS District Director of San Francisco    ) **EQUAL ACCESS TO JUSTICE ACT**
JANET NAPOLITANO, Secretary    ) **28 U.S.C. § 2412(d)**
18  Department of Homeland Security;    )
ERIC HOLDER, Attorney General    )
19  Department of Justice    ) **Date:  July 24, 2012**
                            )
20                              ) **Time: 10:00 a.m.**
                            )
21         Defendants    ) **Honorable Paul S. Grewal**
                            )
22  //

23  //

24  //

25  //

26  //

27

28  *Hajro v. USCIS - Case No. CV 08 1350 PSG*
Points and Authorities for Attorney's Fees

1

# TABLE OF CONTENTS

2   <u>Section</u>                                                                                          <u>Page No.</u>

3   TABLE OF CONTENTS................................................................................................ii

4   TABLE OF AUTHORITIES........................................................................................iv

5   I. INTRODUCTION....................................................................................................1

6   II. FACTS....................................................................................................................1

7

# PART ONE

8   III. ARGUMENT..........................................................................................................3

9   1. PLAINTIFFS' MOTION UNDER FOIA IS TIMELY..............................................3

10  2. THE FREEDOM OF INFORMATION ACT AUTHORIZES AN AWARD OF
    ATTORNEY'S FEES AND COSTS IN THIS CASE....................................................3

11
12  A.   FOIA Includes A Fee Shifting Provision To Encourage Government Agencies To Comply
    With FOIA Requests......................................................................................................3

13  B.    A Plaintiff Seeking To Recover Attorney's Fees Under FOIA Must Establish Both
    Eligibility For The Award Of Attorney's Fees And Entitlement To The Award..........................4
14
15       (i)  Plaintiffs "Substantially Prevailed" in this Action........................................4

16       (ii) Public Benefit................................................................................................5

    (iii) Commercial Benefit and Plaintiffs' Interest in the Records.........................5
17
18          Plaintiff Mirsad Hajro.........................................................................5

          Plaintiff James R. Mayock....................................................................6
19
20       (iv)  Reasonable Basis For Withholding.................................................................7

21  C. The Fees Sought By Plaintiffs' Counsel Are Reasonable.........................................8

22  IV.  CONCLUSION......................................................................................................9

23  //

24  //

25  //

26  //
    //

27

28  *Hajro v. USCIS - Case No. CV 08 1350 PSG*
    Points and Authorities for Attorney's Fees           ii

1

**PART TWO**

2

1. PLAINTIFFS' MOTION UNDER EAJA IS TIMELY.............................................................10

2. IF FOIA DOES NOT APPLY, THE EQUAL ACCESS TO JUSTICE ACT AUTHORIZES
AN AWARD OF ATTORNEY'S FEES AND COSTS IN THIS CASE......................................10

A.  Plaintiffs are "Prevailing Parties"..............................................................................11

B.  The Position of Defendants Was Not Substantially Justified....................................12

       Defendants' Agency Conduct Was Not Substantially Justified.........................................13

       Defendants' Litigation Position Was Not Substantially Justified.....................................14

       1. Motion to Dismiss..............................................................................................14

       2.  Motion for Summary Judgment........................................................................14

C.  No Special Circumstances Exist Which Make An Award Unjust...........................................15

D.  The Fees and Expenses Claimed by Plaintiffs are Reasonable.................................16

3. CALCULATION OF FEES...............................................................................................16

V.  CONCLUSION...................................................................................................................17

TABLE OF EXHIBITS...........................................................................................................18

16

*//*

17

*//*

18

*//*

19

*//*

20

*//*

21

*//*

22

*//*

23

*//*

24

*//*

25

*//*

26

*//*

27

28

**CASES**                                   **TABLE OF AUTHORITIES**

*Buch. Bd & Care Home v. W Va Dept of Health & Human Res.,* 532 U.S. 598 (2001)....... 4,11,12

*Carbonell v I.N.S.*, 429 F.3d 894 (9th Cir. 2005)............................................................12

*Chalmers v. Los Angeles*, 796 F.2d 1205 (9th Cir. 1986), *amended on denial of rehearing*, 808 F.2d 1373 (1987)............................................................................................8

*Church of Scientology v. United States Postal Service*, 700 F.2d 486 (9th Cir. 1983)..................4,6

*Commissioner, INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316 (1990)................................13,15,16,17

*Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C. Cir. 1977)............................................................4,5,7

*Exner v. Federal Bureau of Investgation*, 443 F. Supp. 1349 (S.D. Cal. 1978), *aff'd*, 612 F.2d 1202 (9th Cir. 1980)..........................................................................................4

*Guam Contractors Asso. v.  United States DOL*, 570 F. Supp. 163 (N.D. Cal. 1983)....................7

*Hajro v. Barrett*, 2012 WL 968087 (N.D. Cal.)......................................................................6

*Hajro v. USCIS*, 2011 WL 4854021 (N.D. Cal.).........................................................2,4,6,12,14

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct.1933 (1983).........................................................15

*Kali v. Bowen*, 854 F.2d 329 (9th Cir. 1988).........................................................................13

*Li v. Keisler*, 505 F.3d 913 (9th Cir. 2007)..........................................................................15

*Long v. IRS*, 596 F.2d 362 (9th Cir. 1979)...........................................................................4

*Long v. United States IRS*, 932 F.2d 1309 (9th Cir. 1991)..........................................................8

*Manos v. United States Dep't of the Air Force*, 829 F. Supp.1191 (N.D. Cal 1993)....................5

*Mayock v. I.N.S.*, 736 F. Supp. 1561 (N.D. Cal. 1990).........................................................5,6,7,8

*Nadarajah v. Holder*, 569 F.3d 906 (2009)...........................................................................16

*Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704 (D.C. Cir. 1977)....................3

*Northcross v. Bd. of Education Of the Memphis City Schs.*, 412 U.S. 427(1973)..........................3

*O'Neill, Lysaught & Sun v. DEA*, 951 F. Supp. 1413 (C.D. Cal. 1996)..........................................8

*Perdue v. Kenny*, 130 S.Ct. 1662 (2010)................................................................................8

*Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541 (1988)..........................................................13

1    *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856 (2004)......................................................13

2    *Seegull Mfg. Co. V. NLRB*, 741 F.2d 882 (6th Cir. 1984).........................................................5

3    *Thangaraja v. Gonzales*, 428 F. 3d 870 (9th Cir. 2005)................................................13,16

4    *Thomas v. City Of Tacoma*, 410 F.3d 644 (9th Cir. 2005)...........................................15

5    *Timms v. United States*, 742 F.2d 489 (9th Cir. 1984)....................................................13

6    *Velazquez v. Holder,* 2010 WL 5300862 (N.D. Cal.)......................................................13

7    **STATUTES**

8    *The Freedom of Information Act*, 5 U.S.C. § 552 et seq.......................................................*passim*

9    5 U.S.C. § 552(a)(4)(E)...............................................................................................1,3,11

10    5 U.S.C. § 552(a)(6)(A)...............................................................................................1,2,7

11    5 U.S.C. § 552(a)(6)(B)...............................................................................................1,2,8

12    5 U.S.C. § 552(a)(6)(D)(i)...........................................................................................14

13    *The Administrative Procedure Act*, 5 U.S.C. § 553 *et seq.*...........................................*passim*

14    5 U.S.C. § 553(b)(3)(A)...............................................................................................14

15    *The Equal Access To Justice Act*, 28 U.S.C. § 2412 *et seq.*.........................................*passim*

16    28 U.S.C. § 2412(d)...............................................................................1,10,11,13,16

17    42 U.S.C. § 1988(b)...................................................................................................15

18    **OTHER AUTHORITIES**

19    Civil L.R. 54-5..........................................................................................................3

20    Civil L.R. 54-6..........................................................................................................1

21    Federal Rule of Appellate Procedure 4(a)(1)(B)............................................................10

22    Federal Rule of Appellate Procedure 4(a)(2)................................................................10

23    H.R. Rep. No. 96-1418, 96 Cong., 2nd Sess. p.14 (1980)...........................................16

24    Mayock Settlement Agreement........................................................................2,7,8,9,12

25    S. Rep. No. 93-854, 93 Cong., 2d Sess. 19 (1974).......................................................6

26    USCIS Track 3 FOIA Processing Policy..................................................................8,9,12,13

27

28    *Hajro v. USCIS - Case No. CV 08 1350 PSG*
      Points and Authorities for Attorney's Fees       v

1

**I.  INTRODUCTION**

2         As required by Civil L.R. 54-6, counsel for the respective parties met and conferred for

3 the purpose of resolving all disputed issues relating to attorney's fees before making a motion for

4 attorney's fees.  The parties were not able to resolve these disputed issues.  Plaintiffs' counsel

5 now moves for an award of attorney fees and other litigation costs pursuant to The Freedom Of

6 Information Act, 5 U.S.C. § 552 (a)(4)(E).  (*Declaration of Kip Evan Steinberg in Support of*

7 *Plaintiffs' Motion for Award of Attorney's Fees and Costs* (*Exhibit C*).

8         **Part One** of this brief relates to Plaintiffs' claim for attorney fees under FOIA.

9 Defendants' counsel has stated to Plaintiffs' counsel her view that not all attorney's fees can be

10 awarded under FOIA, but that some attorney fees can only be awarded under the Equal Access

11 To Justice Act ("EAJA") 28 U.S.C. § 2412(d).  Plaintiffs' counsel does not agree, but is

12 submitting a claim for attorneys fees under EAJA, <u>in the alternative</u>, with this motion.

13        **Part Two** of this brief relates to the alternative claim for attorney fees under EAJA.

14

15

**II.  FACTS**

16        On October 13, 2011 this Court issued an Order granting partial summary judgment in

17 favor of the plaintiffs on eight of nine causes of action.[1] Specifically, the Court granted:

18        1.  Declaratory relief that when responding to requests from aliens and/or their attorneys

19 for a copy of an alien registration file in the absence of a pending removal hearing, Defendant

20 USCIS has engaged in a pattern and practice of violating The Freedom Of Information Act's

21 ("FOIA") time limit provisions;

22        2.  Injunctive relief requiring Defendant USCIS to: 1) provide a copy of a requestor's file

23 within the twenty-day time limit mandated by 5 U.S.C. § 552(a)(6)(A); and give 2) give the

24 written notice mandated by 5 U.S.C. § 552(a)(6)(B) if an extension of time is needed due to

25 "unusual circumstances."

26    ────────────────

27        [1]The decision is reported at 2011 WL 4854021 (N.D. Cal.)

28 *Hajro v. USCIS - Case No. CV 08 1350 PSG*
   Points and Authorities for Attorney's Fees        1

3.  Partial summary judgment in favor of Plaintiff Hajro on his claim that Defendant USCIS is withholding non-exempt documents;

4.  Partial summary judgment in favor of Plaintiffs on Plaintiffs' claim that Defendant USCIS's Track 3 FOIA processing policy and regulation violates the Settlement Agreement and was promulgated in violation of the APA and FOIA.

On May 7, 2012, the Court issued a Final Order (*Exhibit A*) and Permanent Injunction (*Exhibit B*).  The Court ordered:

"1) USCIS shall comply with the requirements set forth in 5 U.S.C. § 552(a)(6)(A) and (B).

a) USCIS shall provide a copy of a requestor's alien registration file within the twenty-business-day time limit mandated by 5 U.S.C. § 552(a)(6)(A)(i).

b) USCIS shall make a determination with respect to an FOIA appeal within the twenty-business-day time limit mandated by 5 U.S.C. § 552(a)(6)(A)(ii).

c) USCIS shall issue the written notice mandated by 5 U.S.C. § 552(a)(6)(B) to a requestor if an extension of an additional ten business days is needed due to "unusual circumstances."  This written notice must set forth the unusual circumstances, as defined in 5 U.S.C. § 552(a)(6)(B)(iii) for such extension and setting a new response date.  The final response shall be within 30 days of the original request date.

2) USCIS shall follow, implement, and execute the terms of the 1992 Mayock Settlement Agreement.

3) This injunction takes effect immediately, without prejudice to the government's right to pursue a stay pending appeal.

4) USCIS shall issue a written notice to the USCIS National Records Center describing the terms of this permanent injunction and instructing the National Records Center regarding compliance with the terms of this injunction."

//

//

*Hajro v. USCIS - Case No. CV 08 1350 PSG*
Points and Authorities for Attorney's Fees        2

**PART ONE**

**III. ARGUMENT**

**1.  PLAINTIFFS' MOTION UNDER FOIA IS TIMELY**

Civil L.R. 54-5 requires that fee applications "must be served and filed within 14 days of entry of judgment by the District Court." Final judgment was entered by the Court on May 7, 2012.  This left 14 days, or until May 21, 2012, in which to file Plaintiffs' motion for attorney's fees.  Pursuant to the stipulation of the parties, the Court ordered the deadline for filing for attorney's fees under FOIA extended to July 6, 2012. (Dkt. 90)  Plaintiffs' motion was filed within this time period.  It is therefore timely.

**2.  THE FREEDOM OF INFORMATION ACT
AUTHORIZES AN AWARD OF ATTORNEY'S
FEES AND COSTS IN THIS CASE**

**A.  FOIA Includes A Fee Shifting Provision To Encourage Government Agencies To Comply With FOIA Requests**

An award of attorney's fees and costs for this case is authorized by The Freedom Of Information 5 U.S.C. § 552 (a)(4)(E)(i):

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

"[T]he fundamental purpose of section 552(a)(4)(E) [is] to facilitate citizen access to the courts to vindicate their statutory rights...A grudging application of this provision, which would dissuade those who have been denied information from invoking their right to judicial review, would be clearly contrary to congressional intent." *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977).

The traditional role of statutory allowance of attorney fees to plaintiffs is to encourage individuals to seek judicial relief for the purpose of "vindicating national policy." *Northcross v. Bd. of Education Of the Memphis City Schs.*, 412 U.S. 427, 428 (1973).  Recognizing that the substantial costs of litigation would effectively create an insurmountable barrier for the ordinary

citizen seeking to press a FOIA compliance action, Congress incorporated the fee-shifting provision to encourage citizens to bring FOIA requests and to incentivize government agencies to comply with FOIA requests. *See, Cuneo v. Rumsfeld*, 553 F.2d 1360, 1363-64 (D.C. Cir. 1977).

**B.  A Plaintiff Seeking To Recover Attorney's Fees Under FOIA Must Establish Both Eligibility For The Award Of Attorney's Fees And Entitlement To The Award**

To recover fees pursuant to this statute, a plaintiff must first demonstrate that he has "substantially prevailed" and is therefore eligible for fees. *Church of Scientology v. United States Postal Service*, 700 F.2d 486, 489 (9th Cir. 1983)("If the facts show that the plaintiff has substantially prevailed on his or her FOIA action, then such party is eligible for an award of attorney's fees.") Eligibility does not automatically entitle a plaintiff to fees, rather, "[e]ntitlement to attorney's fees is left to the discretion of the district court." *Id*.  To determine whether a plaintiff is entitled to fees, the court will "consider the benefit to the public derived from the case, the commercial benefit to the complainant, the nature of the complainant's interest in the records, and whether the government withholding of the records has a reasonable basis in law." *Long v. IRS*, 596 F.2d 362, 370 (9th Cir. 1979).

**(i)  Plaintiffs "Substantially Prevailed" in this Action**

To "substantially prevail", a plaintiff must demonstrate that: (1) the filing of the action could reasonably have been regarded as necessary to obtain the information; and (2) the filing of the action had a substantial causative effect on the delivery of the information. *Church of Scientology,* 700 F.2d 486, 490 (9th Cir. 1983).

Plaintiffs substantially prevailed because the Court granted partial summary judgment in eight of nine causes of action.  2011 WL 4854021*16.   An action that results in only partial relief is sufficient to establish eligibility to an award of fees. See, e.g., *Buchannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (U.S. 2001) ("[A] 'prevailing party' is one who has been awarded some relief by the court.") The statute does not require complete success in order to "substantially prevail." *Exner v. Federal Bureau of Investgation*, 443 F. Supp. 1349, 1354 (S.D. Cal. 1978), *aff'd*, 612 F.2d 1202 (9th Cir. 1980).

Technically, Defendants also partially prevailed, but the claims upon which they prevailed were not central to the lawsuit, i.e. dismissal of some of the named defendants on some claims plus denial of the equal protection claim.   Despite this, Plaintiffs did not obtain only "partial relief".  Rather, they obtained *all* the relief they sought by means of this lawsuit.

In the predecessor litigation to this case, Judge Legge found that "Plaintiff (Mayock) clearly prevailed on his central claim and request for relief; that is, that so much time was being taken by the INS in the production of information that litigants who needed the information in proceedings before the INS could not receive it before their litigation terminated.  The fact that some specific forms of relief were not granted by this court...does not alter the fact that plaintiff substantially prevailed on the basic objective of this suit." *Mayock v. I.N.S.*, 736 F. Supp. 1561, 1563-1564  (N.D. Cal. 1990) Similarly, here, Plaintiffs "clearly prevailed" on their central claims.

**(ii) Public Benefit**

"[S]uccessful FOIA litigants enhance the public interest by bringing the government into compliance with the law." *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366-67 (D.C. Cir. 1977);  *Manos v. United States Dep't of the Air Force*, 829 F. Supp.1191, 1194 (N.D. Cal 1993).  In some cases, the "public benefit" may simply be "the vindication of the Act itself."  *Seegull Mfg. Co. V. NLRB*, 741 F.2d 882, 886 n.1 (6th Cir. 1984).  In *Mayock*, Judge Legge stated: "There is no doubt that the public did benefit from the results of this litigation.  The judgment compels the INS to comply with FOIA requirements, in a setting where the denial of the information was having a substantial adverse impact on the ability of the litigants to protect their interests in immigration litigation." *Mayock, supra*, at 1564.  The same is true in this case, more than twenty years later.

**(iii) Commercial Benefit and Plaintiffs' Interest in the Records**

Plaintiff Mirsad Hajro

Plaintiff Hajro is a private citizen with no commercial interest in this case.  His interest in the records he sought was to see the alleged evidence relied upon by the government to deny his

citizenship case.[2]  "A public benefit may result even though the specific document is for plaintiff's sole use."  *Church of Scientology*, 700 F.2d 486, 493 (9th Cir. 1983)   In this case, the Court rejected the deliberative process privilege claimed by Defendants and ordered Defendants to isolate the factual information sought by Plaintiff Hajro and disclose it.  *Hajro v. USCIS*, 2011 WL 4854021*11 (N.D. Cal).  "A ruling which establishes that the government may not withhold certain information pursuant to a particular FOIA exemption, in our view, benefits the public." *Church of Scientology*, *supra*, at 493.

In addition, Plaintff Hajro litigated his case in the context of a broader "pattern and practice" claim which benefits other persons similarly situated.  His claim illustrated in a concrete and tangible way the problems FOIA requestors face in obtaining evidence from their files in a timely manner in order to defend themselves and obtain a fair hearing.  His further interest in the litigation was to uphold the Mayock Settlement Agreement, of which he was a beneficiary, and vindicate the time limit and notice provisions of FOIA.  Such public oriented interests are favored.  ("Under the third criterion a court would generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-interest oriented...") S. Rep. No. 93-854, 93 Cong., 2d Sess. 19 (1974) (comments of Senator E. Kennedy) quoted in *Church of Scientology*, 700 F.2d at 493 n.6.

<u>Plaintiff James R. Mayock</u>

Plaintiff Mayock is an immigration attorney who needs to obtain copies of his clients' alien registration files on a timely basis in order to properly defend them before the Immigration Service in contexts which include situations other than appearing before an immigration judge in a removal hearing.

Again, it is helpful to quote Judge Legge's decision in *Mayock*: "Plaintiff (Mayock) was advancing his clients' interests, to the extent that he sought to obtain information for his clients by initially filing the FOIA request and this suit.  Once that portion of the case was concluded, the

---

[2]Mr. Hajro's citizenship petition was eventually approved by Magistrate Judge James. *Hajro v. Barrett*,  2012 WL 968087 (N.D. Cal.)

continued prosecution by plaintiff, to establish that the INS had a pattern and practice of not complying with FOIA, was more a public benefit than a commercial interest.  The relief plaintiff obtained was not just for himself, but also for other litigants and attorneys before INS.  While as an attorney he undoubtedly derives some financial interest from the success of this case, that is difficult to quantify and appears to be less than the public interest.  The court believes that plaintiff's limited commercial interest and personal interest in the records do not disqualify him from seeking attorneys' fees..." *Mayock*, supra, at 1564.  This is also true more than twenty years later for the same reasons.

**(iv) Reasonable Basis for Withholding**

When determining whether the government's conduct was reasonable, the court should consider the behavior of the government as far back as the filing of the initial FOIA request.  *See, Guam Contractors Asso. v. United States DOL*, 570 F. Supp. 163, 169 (N.D. Cal. 1983).  The District Court need not address the merits of the government's claimed exemptions, rather the "spirit within which the Government addressed the request." *Id*. At 170; *See also*, *Cuneo v. Rumsfeld, supra,* 553 F.2d at 1366 ("What is required [to meet this fourth factor] is a showing that the government had a reasonable basis in law for concluding that the information in issue was exempt and that it had not been recalcitrant in its opposition to a valid claim *or otherwise engaged in obdurate behavior*.") (*emphasis added*)

Evidence of recalcitrance and "obdurate behavior" is abundant in this case:

  Defendant USCIS  acted arbitrarily, capriciously, and improperly  by failing to follow the law in the following ways:

 - Defendant USCIS has continuously violated the Mayock Settlement Agreement for many years;

 - Defendant USCIS has engaged in a pattern and practice of violating FOIA's time-limit provisions to the detriment of thousands of requestors;

 - Defendant USCIS has engaged in a pattern and practice of failing to  provide a copy of a requestor's file within the twenty-day time limit mandated by 5 U.S.C. § 552(a)(6)(A);

 - Defendant USCIS has engaged in a pattern and practice of failing to give the written notice

1    mandated by 5 U.S.C. § 552(a)(6)(B) if an extension of time is needed due to "unusual

2    circumstances."

3     -  Defendant USCIS's Track 3 FOIA processing policy and regulation violates the Mayock

4    Settlement Agreement and was promulgated in violation of the APA and FOIA.

5     -  Defendant USCIS  violated Plaintiff Hajro's right to due process and a fair hearing on his

6    citizenship application by exceeding FOIA's time-limit provisions and improperly invoking the

7    deliberative process privilege.

8         USCIS has been recalcitrant and resistant by continuously failing to comply with the FOIA

9    statute and the Mayock Settlement Agreement for many years.  *See generally, O'Neill, Lysaught*

10   *& Sun v. DEA*, 951 F. Supp. 1413, 1426 (C.D. Cal. 1996) wherein the DEA was deemed

11   recalcitrant and resistant because it stubbornly refused to comply with FOIA mandates.

12   **C.  The Fees Sought By Plaintiffs' Counsel Are Reasonable**

13        To obtain fees, the plaintiff should submit a lodestar figure: the product of the hours of

14   work performed and the corresponding billable rate, which the court then has the discretion to

15   adjust.  The lodestar is presumed reasonable if the hours and rates are both reasonable.  *Long v.*

16   *United States IRS*, 932 F.2d 1309, 1314 (9th Cir. 1991).

17        "The lodestar looks to 'the prevailing market rates in the relevant community'." *Perdue v.*

18   *Kenny*, 130 S.Ct. 1662, 1672 (2010).  The hourly rate to be applied is the "rate prevailing in the

19   community for similar work performed by attorneys of comparable skill, experience, and

20   reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *amended on denial*

21   *of rehearing*, 808 F.2d 1373 (1987).   "Determining a 'reasonable attorney's fee' is a matter that is

22   committed to the sound discretion of a trial judge..." *Perdue, supra*, at 1676.

23        Plaintiffs are entitled to an award of attorney's fees because they prevailed on their central

24   claims.  *See Mayock v. INS*, 736 F. Supp. 1561, 1564 (N.D. Cal. 1990) (Attorney's fees are

25   appropriate for FOIA requestor whose central claims prevailed on summary judgment).  The

26   hourly rates and total hours are reasonable.  (*Steinberg Decl. Exhibit C*).

27        The declarations filed with this motion attest to the skill and expertise of the attorneys who

28   *Hajro v. USCIS - Case No. CV 08 1350 PSG*
     Points and Authorities for Attorney's Fees        8

worked on this matter.  (*Declaration of Kip Evan Steinberg*), (*Declaration of Eric W. Rathhaus*), (*Declaration of Robert DeVries*) (*Exhibits C,D,E,*)   The hours billed in this case were necessary and reasonable.   The *Declaration of Richard M. Pearl* (*Exhibit F*) confirms the reasonableness of the fees requested.  Plaintiffs' counsel has submitted contemporaneous time records documenting the time he spent working on Plaintiffs' case. [3] *(Exhibit K)*  A portion of the fee request represents time spent in preparing this fee application.  These fees are also reimbursable.  *Commissioner, INS v. Jean*, 496 U.S. 154, 163-166, 110 S.Ct. 2316, 2321-2323 (1990).

**IV. CONCLUSION**

Plaintiffs have demonstrated that they are eligible for an award of attorney's fees under FOIA because they substantially prevailed in this case.

Moreover, they have demonstrated that each factor under the entitlement analysis favors such an award.  Plaintiffs' actions greatly benefit the public because they vindicate the Act itself and uphold a settlement agreement that the government had illegally forsaken and abandoned. Plaintiffs' interest in this litigation is not commercial.  Finally, Defendant USCIS behaved unreasonably by invoking the deliberative process privilege inappropriately, failing to abide by the Mayock Settlement Agreement, failing to comply with FOIA statutory time-limits and notice provisions, and instituting a Track 3 FOIA processing procedure that violated the Settlement Agreement and was promulgated in violation of the APA and FOIA.

Accordingly, the Court should grant Plaintiffs' request for reasonable attorney's fees and costs under FOIA.

//

---

[3]  The total award sought is $304,419.62 at this point. See Attorney Time Record (*Exhibit K*). Of this amount, $350 for the filing fee was previously requested in Plaintiffs' Bill of Costs (Dkt. 91). Plaintiffs are seeking reimbursement of the filing fee either under the Bill of Costs or FOIA, not both. Additional fees will be requested if Defendants oppose this motion and Plaintiff's counsel needs to spend time on a reply.

*Hajro v. USCIS - Case No. CV 08 1350 PSG*
Points and Authorities for Attorney's Fees        9

**PART TWO**

In the alternative, Plaintiffs' counsel now moves for an award of attorney's fees pursuant to the Equal Access To Justice Act ("EAJA"), 28 U.S.C.§2412(d) (*See*, Application for Fees and Other Expenses Under the Equal Access to Justice Act, attached as *Exhibit G*).

**1.  PLAINTIFFS' MOTION UNDER EAJA IS TIMELY**

The EAJA statute requires fee applications to be filed within 30 days of "final judgment" in the action. 28 U.S.C. §2412(d)(1)(B).  A "final judgment" means a judgment that is final and not appealable.  28 U.S.C. §2412(d)(2)(G).  Thus, a motion for fees must be filed within 30 days after the expiration of the time for filing an appeal.  In federal district court, a party has 60 days after the judgment or order is entered by the district court to file an appeal (Federal Rule of Appellate Procedure 4(a)(1)(B)).  Thus, an EAJA fee application must be filed within 30 days after the expiration of the 60 day appeal period.

Final judgment was entered by the Court on May 7, 2012.   Defendants filed an appeal to the Ninth Circuit on December 12, 2012 based on FRAP 4(a)(2) which states:

> A notice of appeal filed after the court announces a decision or order - but before
> entry of the judgment or order - is treated as filed on the date of and after the entry.

Thus, under FRAP 4(a)(2), the effective date of the appeal is May 7, 2012.  This left 30 days, or until June 6, 2012  in which to file Plaintiffs' EAJA motion. Plaintiffs' motion was filed within this thirty day time period.  It is therefore timely.

**2.  IF FOIA DOES NOT APPLY, THE EQUAL ACCESS
TO JUSTICE ACT AUTHORIZES AN AWARD OF
ATTORNEY'S FEES AND COSTS IN THIS CASE**

Although it is Plaintiffs' position that the FOIA governs the awarding of  fees and costs in this case, to the extent that Defendants' may argue that the FOIA is not applicable, an award of attorney's fees and costs for this case may also be authorized by the Equal Access To Justice Act

*Hajro v. USCIS - Case No. CV 08 1350 PSG*
Points and Authorities for Attorney's Fees          10

("EAJA"), 28 U.S.C §2412(d)(1)(a):

> Except as otherwise specifically provided by statute[4], a court shall award to a prevailing party other than the United States *fees and other expenses*...incurred by that party in any civil action...brought by or against the United States...unless the court finds that the position of the United States was substantially justified or that specific circumstances makes an award unjust. *(emphasis added)*

Such "fees and other expenses" include reasonable attorney's fees and costs. 28 U.S.C. §2412(d)(2)(a). For an EAJA award, each of the following elements must be found:

1. The movant must be a "party" to the action

2. If the movant is an individual, his or her net worth must not have exceeded two million dollars at the time the civil action was filed

3. The action must be civil

4. The party must prevail

5. The government's position must lack substantial justification

6. No special circumstances make an award unjust

7. The requested attorney's fees must be reasonable.

As will be demonstrated in this brief, Plaintiffs meet each of the statutory requirements and are fully qualified for an award of the requested attorney's fees and costs, *assuming arguendo*, that EAJA applies.

**A.  Plaintiffs are "Prevailing Parties"**

Plaintiffs Hajro and Mayock are both individuals whose net worth did not exceed the statutory limit of two million dollars at the time this civil action was filed.  28 U.S.C. §2412(d)(2)(b)(i).   See, *declarations of Mirsad Hajro and James R. Mayock.*  (*Exhibit H and I*)

On May 7, 2012 the Court issued a ruling by which Plaintiffs substantially prevailed. (*Exhibit A*)  Plaintiffs are prevailing parties because they satisfy the test set forth by the Supreme Court in *Buckhannon Board & Care Home, Inc. V. West Virginia Department of Health & Human Resources,* 532 U.S. 598, 121 S.Ct. 1835 (2001) to determine "prevailing party" status.

---

[4]Here the "statute" is FOIA (5 U.S.C. § 552 (a)(4)(E)(i)).  Therefore EAJA should not apply.

*Hajro v. USCIS - Case No. CV 08 1350 PSG*
Points and Authorities for Attorney's Fees          11

"According to *Buckhannon*, a litigant must meet two criteria to qualify as a prevailing party. First, he must achieve a 'material alteration of the legal relationship of the parties.'  Second, that alteration must be judicially sanctioned."  See also, *Carbonell v I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005).

Both plaintiffs  achieved a material alteration of the legal relationship of the parties:

Before the Court's order, Plaintiff Hajro was seeking enforcement of FOIA's timing provisions and the Mayock Settlement Agreement of which he was a beneficiary.   He also was challenging the validity of Defendants' Track Three processing policy and Defendants' use of the deliberative process privilege to deny him access to information in a document he sought in support of his application for citizenship.

Before the Court's order, Plaintiff Mayock was seeking enforcement of FOIA's timing provisions and the Mayock Settlement Agreement of which he was the principal.   He also was challenging the validity of Defendants' Track Three processing policy.

After the Court's orders of October 13, 2011 and May 7, 2012, the government lost its exemption claim under the deliberative process privilege and is now subject to a permanent injunction granting Plaintiffs all the relief they sought by means of this lawsuit.  This is a material change in legal status.

Plaintiffs received a judicially sanctioned judgment on the merits which altered the legal relationship of the parties.  They were granted the relief they requested from the Court.

Finally, Plaintiffs are prevailing parties because the Court granted partial summary judgment in eight of nine causes of action.  2011 WL 4854021*16 (N.D. Cal.)   An action that results in only partial relief is sufficient to establish eligibility to an award of fees. *See*, *Buchannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-604, 121 S.Ct. 1835, 1839-40 (2001) ("[A] 'prevailing party' is one who has been awarded some relief by the court.")   Plaintiffs are therefore prevailing parties.

**B.  The Position of Defendants Was Not Substantially Justified**

Once the moving party establishes prevailing party status, the government can avoid

payment of fees only if it can show that both its pre-litigation conduct and litigation position were "substantially justified". 28 U.S.C. §2412 (d)(2)(D);  *Commissioner, INS v. Jean*, 496 U.S. 154, 158-160, 110 S.Ct. 2316, 2318-20 (1990).  The government bears the burden of proving that its position was substantially justified.  *Timms v. United States*, 742 F.2d 489,492 (9th Cir. 1984).  The government must show that its case had a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988).  In *Thangaraja v. Gonzales*, 428 F. 3d 870, 874 (9th Cir. 2005), the Ninth Circuit noted "it will be only a decidedly unusual case in which there is a substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record."

The government must meet its burden twice.  It must establish that the agency misconduct that gave rise to the litigation was substantially justified, *and* that its litigation position was also substantially justified.  If it cannot do *both*, EAJA fees must be awarded.  *Velazquez v. Holder,* 2010 WL 5300862*4 (N.D. Cal.)*,* citing *Kali v. Bowen*, 854 F.2d 329,332 (9th Cir. 1988).

**<u>Defendants' Agency Conduct Was Not Substantially Justified</u>**

Although Congress has established that a decision against Defendants should not create a presumption that their position was not substantially justified, *Velazquez, supra*, citing *Scarborough v. Principi*, 541 U.S. 401, 415, 124 S.Ct. 1856, 1866 (2004), the Court's October 13, 2011 and May 7, 2012 Orders clearly show that Defendants' position which gave rise to this litigation was not substantially justified.  This section of the brief will show that the agency's action which gave rise to this litigation was not substantially justified.

Defendants' counsel has stated to Plaintiffs' counsel her position that a request for attorneys fee for litigating the Track Three "notice and comment" claim is governed by EAJA and not by the FOIA.  Plaintiffs will therefore not address here the myriad other agency actions which were also not substantially justified, however, they were listed earlier on pages 8-9 of this brief.

As the Court has already determined, Defendant USCIS's Track 3 FOIA processing was

*Hajro v. USCIS - Case No. CV 08 1350 PSG*
Points and Authorities for Attorney's Fees        13

promulgated in violation of both the APA and the FOIA. 2011 WL 4854021 *15 (N.D. Cal.). It is clear that this agency action was not substantially justified because it violated two federal statutes, 5 U.S.C. § 553(b)(3)(A) (APA) and 5 U.S.C. § 552(a)(6)(D)(i) (FOIA).

## **Defendants' Litigation Position Was Not Substantially Justified**

The Court need not address whether Defendants' litigation position was substantially justified if the Court finds that the underlying agency action was not substantially justified.

1. Motion to Dismiss

Defendants filed a "Motion To Dismiss In Part" (Dkt. 32 and 33). Defendants moved "to dismiss the Amended Complaint in part for lack of subject matter jurisdiction, lack of standing, and failure to state a claim upon which relief can be granted." (Def. MTD, p2). Plaintiffs then filed an "Opposition To Motion To Dismiss For Lack Of Jurisdiction". (Dkt. 35). Defendants eventually filed a "Notice Of Withdrawal Of Motion" (Dkt. 63) withdrawing their motion to dismiss and proposed order (Dkt. 32 and 33).

This action by Defendants, filing a motion to dismiss and later withdrawing the motion, created additional unnecessary work for Plaintiffs involving substantial legal research and the writing of an Opposition. Such action was not "substantially justified". Defendants themselves dropped several legal arguments and repeated several arguments in their motion for summary judgment (Dkt. 47) making their motion to dismiss superfluous and unnecessary.

2. Motion for Summary Judgment

Defendants partially prevailed on their motion for summary judgment. However, the arguments on which they prevailed (dismissal of Defendant Holder, dismissal of Defendants Napolitano, Cejka, and Melville on Plaintiffs' FOIA claims, and denial of Plaintiff's equal protection claim) were not central to the case. Plaintiff prevailed on all claims that were central to the case. See, Court's Amended Order (Dkt. 77)[5], Order Of Permanent Injunction (Dkt.87)

_____

[5] 2011 WL 4854021 (N.D. Cal.)

*Hajro v. USCIS - Case No. CV 08 1350 PSG*
Points and Authorities for Attorney's Fees          14

and Order Entering Final Judgment (Dkt. 88).

Defendants' legal arguments in support of the agency's unreasonable actions, were themselves unreasonable and were rejected by the Court. The agency's unreasonable and unlawful actions over the course of many years have been previously discussed in this brief. See pp. 8-9, *infra*.

**C. No Special Circumstances Exist Which Make An Award Unjust**

"A prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Thomas v. City Of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct.1933, 1937(1983) (*internal punctuation omitted*). "In applying the 'special circumstances' exception, we focus on two factors: "(1) whether allowing attorneys fees would further the purposes of § 1988 and (2) whether the balance of the equities favors or disfavors the denial of fees." *Thomas, supra*, at 648.[6]

Allowing attorneys fees in this case would fulfill the Congressional purpose of EAJA which is "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Commissioner, INS v Jean*, 496 U.S. 154,163, 110 S.Ct. 2316, 2321 (1990). *Accord, Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007)( purpose of EAJA is "to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority.") The balance of the equities disfavors the denial of fees because Plaintiffs prevailed on eight of nine causes of action and obtained all the relief they sought in the lawsuit.

No special circumstances exist which would make an attorney's fees award unjust. In this case, an award of attorney's fees is warranted, equitable, and just, as well as consistent with the legislative purpose of EAJA.

//

---

[6]*Thomas* was a civil rights case in which attorneys fees were sought under 42 U.S.C. § 1988(b). EAJA uses the same "special circumstances" language.

**D. The Fees and Expenses Claimed by Plaintiffs are Reasonable**

A prevailing party may be awarded "reasonable fees and expenses" incurred in the action. 28 U.S.C.§2412(d)(2)(A).

Fees are awarded, in part, as an inducement to those who might otherwise be deterred by the expense involved to defend against unreasonable government action. "An administrative remedy in these circumstances cannot be truly effective unless a prevailing party is made whole." [H.R. Rep. No. 96-1418, 96 Cong., 2nd Sess. p.14 (1980)]  The hours billed in this case were necessary and reasonable.  Plaintiffs' counsel has submitted contemporaneous time records documenting the time he spent working on Plaintiffs' case.  *(Exhibit K)*  A portion of the fee request represents time spent in preparing this fee application.  These fees are also reimbursable. *Commissioner, INS v. Jean*, 496 U.S. 154, 163-166, 110 S.Ct. 2316, 2321-2323 (1990).

### 3.  CALCULATION OF FEES

EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.§2412(d)(2)(A).

Congress clearly intended that an EAJA award reflect the increased cost of living due to inflation.  Courts have routinely recognized cost of living increases in modifying the $125 per hour rate.  Cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which counsel's work was performed, and then dividing the CPU-U figure for March, 1996 the effective date of EAJA's $125 statutory rate.  *Thangaraja v. Gonzlaes*, 428 F.3d 870, 876-877 (9th Cir. 2005) The CPI-U figure for March,1996 was 155.7.  *Nadarajah v. Holder*, 569 F.3d 906, 918 (2009).  In this case, the correct adjustment of the base rate is $191.86 per hour for work performed in 2012.  See, *Declaration of Kip Evan Steinberg* attached as *Exhibit C*, pp. 5-6.

The Ninth Circuit has published "the applicable statutory maximum hourly rates under

EAJA, adjusted for increases in the cost of living" on its website for the years 2007 to 2011.  <u>See</u>, "Statutory Maximum Rates Under the Equal Access to Justice Act" from the Ninth Circuit website http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (*Exhibit J*).

For work performed in 2011, the correct adjustment of the base rate is $180.59 per hour.

For work performed in 2010, the correct adjustment of the base rate is $175.06 per hour.

For work performed in 2009, the correct adjustment of the base rate is $172.24 per hour.

For work performed in 2008, the correct adjustment of the base rate is $172.85 per hour.

For work performed in 2007, the correct adjustment of the base rate is $166.46 per hour.

## V.  CONCLUSION

"(T)he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions."  *Commissioner, INS v Jean*, 496 U.S. 154,163, 110 S.Ct. 2316, 2321 (1990).

This case presents precisely the type of circumstances which the EAJA intended to address and for which Plaintiffs, as prevailing parties, are entitled to compensation.  Plaintiffs' counsel is thus entitled to an award for fees and costs for time expended and expenses incurred in litigating this case.  For the reasons set forth in this motion, the award should be in the amount requested.

-----

As explained in Part One of this brief, it is Plaintiffs' position that all attorneys fees should be awarded in this case under FOIA not EAJA.  Defendants' counsel has informally expressed her view to Plaintiffs' counsel that the "APA claims" are governed by EAJA. Plaintiffs counsel does not agree because the APA claims are inextricably intertwined with FOIA in this case.  However, due to the jurisdictional timeliness requirements of filing under EAJA, Plaintiffs' counsel has filed this EAJA motion in the alternative and estimated the number of hours associated specifically with the FOIA/APA claims from his contemporaneous time record. <u>See</u>, *Declaration of Kip Evan Steinberg*, attached as *Exhibit C*.

Dated: June 5, 2012                    Respectfully submitted,


                                       _____
                                              /s/
                                       KIP EVAN STEINBERG
                                       Attorney for Plaintiffs



**TABLE OF EXHIBITS**

**Exhibit**                                          **Page**

**A**        Order Entering Judgment                  1

**B**        Order of Permanent Injunction            5

**C**        Declaration of Kip Evan Steinberg        8

**D**        Declaration of Eric Walter Rathhaus     17

**E**        Declaration of Robert De Vries          23

**F**        Declaration of Richard Pearl            28

**G**        Application for Fees and Other Expenses Under the Equal Access

             to Justice Act                          93

**H**        Declaration of Mirsad Hajro             95

**I**        Declaration of James R. Mayock          98

**J**        Statutory Maximum Rates Under the Equal Access To Justice Act

                                                    101

**K**        Time Record                            103

*Hajro v. USCIS - Case No. CV 08 1350 PSG*
Points and Authorities for Attorney's Fees        18