United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIRSAD HAJRO and JAMES R. MAYOCK, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; T. DIANE CEJKA, Director, National Records Center; ROSEMARY MELVILLE, District Director of San Francisco; JANET NAPOLITANO, Secretary, Department of Homeland Security; ERIC HOLDER, Attorney General, Department of Justice, <br><br> Defendants. | Case No.: 08-1350-PSG <br><br> **ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> **(Re: Docket No. 93)** |

Plaintiff Mirsad Hajro ("Hajro") and Plaintiff James R. Mayock ("Mayock") (collectively "Plaintiffs") seek recovery of attorneys' fees and costs from Defendant United States Citizenship and Immigration Services ("USCIS"), T. Diane Cejka ("Cejka"), Rosemary Melville ("Melville"), and Janet Napolitano ("Napolitano") (collectively "Defendants"), pursuant to the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552(a)(4)(E).  Having considered the parties' papers and oral arguments, the court GRANTS-IN-PART Plaintiffs' motion.

1

## I.  BACKGROUND

The long history of this case is detailed in the court's October 12, 2011 order denying-in-part and granting-in-part the parties' cross-motions for summary judgment.[1]  In this order, the court repeats only those facts relevant to the pending request.

In November 2007, Hajro filed a FOIA request with the USCIS's National Records Center to obtain a copy of his alien registration file after his application for naturalization was rejected on the grounds that he had provided false testimony.  Hajro sought expedited processing of his request pursuant to USCIS's system of prioritizing FOIA requests.  In 2007, USCIS implemented a three-track system for processing FOIA requests: "Track 1" for simple requests, "Track 2" for complex inquiries requiring additional time, and "Track 3" for expedited processing for individuals subject to removal proceedings and scheduled for a hearing before an immigration judge.[2]  Hajro's expedited processing request was denied; USCIS did not provide him with its decision or his records until March 2008.

Mayock was the plaintiff in a 1992 suit resulting in a settlement agreement ("Settlement Agreement") with the Immigration and Naturalization Service ("INS")[3] regarding its pattern and practice of violating various provisions of FOIA.  He sued in his role as an immigration attorney who made FOIA requests to INS to obtain his clients' alien registration files.  Following the Settlement Agreement, Mayock continued, at times, to make FOIA requests for his clients.  As in

---

[1] *See Hajro v. U.S. Citizenship & Immigration Serv.*, 832 F. Supp. 2d 1095, 1100-03 (N.D. Cal. 2011).

[2] *See* Special FOIA Processing Track for Individuals Appearing Before an Immigration Judge, 72 Fed. Reg. 9017-01 (Feb. 28, 2007).

[3] INS no longer exists as a separate government agency.  Its duties were transferred to the Department of Homeland Security and split between USCIS, U.S. Immigration and Customs Enforcement, and U.S. Customs and Border Patrol.

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

the case with Hajro, USCIS failed to provide its decisions to Mayock within the limits set under FOIA.

In March 2008, Mayock and Hajro filed suit against USCIS, Cejka, Melville, Napolitano, and Eric Holder in this court, seeking declaratory and injunctive relief under FOIA and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 553, 702, 704, and 706.  The parties each moved for summary judgment on the nine claims brought in the suit and this court proceeded to rule.[4]  Plaintiffs prevailed on eight of their nine claims:

(1)     "Track 3" of USCIS's multi-track policy violated the Settlement Agreement;

(2)     USCIS's denial of Hajro's request for expedited processing violated the Settlement Agreement;

(3)     The timing of USCIS's response to Hajro with the requested material violated FOIA Section 552(a)(6)(A) and 6 C.F.R. § 5.6(b);

(4)     USCIS's failure to notify Hajro of the "unusual circumstances" preventing USCIS from processing his FOIA request within the 20-day statutory limit violated 6 C.F.R. § 5.5(c)(1);

(5)     USCIS had a pattern or practice of failing to comply with the timing requirements set forth by FOIA Sections 552(a)(6)(A), (B), (C);

(6)     USCIS unlawfully withheld the information requested by Hajro in violation of FOIA Section 551 *et seq.* and 555(b);

(7)     USCIS's withholding of nonexempt material violated Hajro's due process rights because of the consequential interference with his ability to adequately appeal his naturalization denial; and

(8)     USCIS's adoption of the "Track 3" policy without notice and comment rulemaking procedure violated Section 553 of the APA.

Holder prevailed on his summary judgment motion, and all claims against him were dismissed.[5] The motions of Napolitano, Cejka, and Melville were granted as to Plaintiffs' FOIA claims.[6]

---

[4] *See Hajro,* 832 F. Supp. 2d at 1099-1100.

[5] *Id.*

[6] *Id.*

3

1  USCIS was granted summary judgment for Plaintiffs' ninth claim that the "Track 3" policy

2  violated the Fifth Amendment guarantee of equal protection.[7]

3      The court later issued a permanent injunction mandating that Defendants comply with their

4  obligations under FOIA, specifically 5 U.S.C. § 552(a)(6), and under the Settlement Agreement.[8]

5  Defendants have appealed to the Ninth Circuit Court of Appeals, where the case is currently

6  pending.  While awaiting the Ninth Circuit's decision, Plaintiffs' counsel has moved to recover

7  attorneys' fees for his representation in this court.

8                    **II.  LEGAL STANDARDS**

9

10      FOIA authorizes the court to "assess against the United States reasonable attorney fees and

11 other litigation costs reasonably incurred in any case under this section in which the complainant

12 has substantially prevailed."[9]  An award of fees is not mandatory under the Act; it lies within the

13 discretion of the court.[10]  To determine whether a fee award is appropriate, the court must consider

14 whether plaintiffs are both eligible for and entitled to recovery.[11]  Plaintiffs are eligible if they have

15 substantially prevailed on their action, which generally requires that they show two criteria have

16 been met: (1) "filing of the FOIA action was necessary to obtain the information sought" and (2)

17 "the action had a 'substantial causative effect' on the ultimate receipt of that information."[12]

18      Assuming plaintiffs have met the threshold eligibility requirement, the court must then

19 determine whether they are entitled to fees.  The court evaluates four factors: (1) "the public benefit

20 from disclosure"; (2) "any commercial benefit to the plaintiff resulting from disclosure"; (3) "the

---

[7] *Id.*

[8] *See* Docket No. 87.

[9] 5 U.S.C. § 552(a)(4)(E).

[10] *See Long v. U.S. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991).

[11] *See id.*

[12] *Id.* (internal citations omitted).

4

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

nature of the plaintiff's interest in the disclosed records"; and (4) "whether the government's withholding of the records had a reasonable basis in law."[13]  The court also may consider "whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate."[14]

If the court finds plaintiffs are both eligible for and entitled to fee recovery, plaintiffs must provide the court with their fee bill "for its scrutiny of the reasonableness of (a) the number of hours expended and (b) the hourly fee claimed."[15]  If both the number of hours and the hourly fee are reasonable, this lodestar figure enjoys a "strong presumption" that it "represents a reasonable fee."[16]  The court may, however, "authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome [the] strong presumption."[17]

### III. DISCUSSION

**A.      Delay of Motion**

In their written objection to Plaintiffs' motion for attorneys' fees, Defendants argued that the court should stay the motion pending outcome of their appeal to the Ninth Circuit.[18]  At oral argument, however, Defendants suggested that they were not, in fact, seeking a stay but merely opposing Plaintiff's motion with an argument regarding its timeliness.  Plaintiffs responded that

---

[13] *Id.*

[14] *Church of Scientology v. U.S. Postal Serv.*, 700 F.2d 486, 492 (9th Cir. 1983) (internal citations and quotations omitted).

[15] *Long*, 932 F.2d at 1313-14.

[16] *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

[17] *Long*, 932 F.2d at 1314; *see also Morales*, 96 F.3d at 363-64.

[18] *See* Docket No. 99.

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

their inability to collect post-judgment interest until the court issued a decision on their motion would be injurious, especially in light of the amount of time an appeal could take.[19]

The court must confess that in light of their statements at the hearing, Defendants' present position is not entirely clear.  But understanding that Defendants in any event believe Plaintiffs' request is premature, the court begins by noting it "has broad discretion to stay proceedings as an incident to its power to control its own docket."[20]  Defendants have argued that staying Plaintiffs' motion is a proper exercise of that discretion in light of the interests of judicial economy to avoid having the court's fee order rendered moot if the order granting Plaintiffs summary judgment is reversed.  Defendants point to *Karuk Tribe of California v. U.S. Forest Service* to support their position.[21]  In *Karuk*, the district court granted a stay on the plaintiff's motion for attorneys' fees in the interests of judicial economy and to avoid overcompensation of the plaintiff.[22]

*Karuk* is distinguishable.  There, the plaintiff had lost or settled all of its claims and had appealed the claims on which it had lost.[23]  Here, Plaintiffs have prevailed on all but one of their claims.  In light of the Plaintiffs' success in this court and the potential loss of post-judgment interest that would occur absent an order regarding attorneys' fees,[24] the court will not postpone Plaintiffs' motion.[25]   This case has been delayed enough.

---

[19] *See* Docket No. 100.

[20] *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997).

[21] *See* Case No. Civ. 04-4275(SBA), 2006 WL 228943, at *2 (N.D. Cal. Jan. 30, 2006). Defendants cite two out-of-district cases, *Glaxo Group, Ltd. v. Apotex, Inc.*, 272 F. Supp. 2d 772 (N.D. Ill. 2003) and *1st Westco Corp. v. Sch. Dist. Of Philadelphia*, CIV A. 91-2727, 1993 WL 117539 (E.D. Pa. Mar. 31, 1991).  Although informative, these cases are not binding on the court's determination.

[22] *Id.*

[23] *Id.*

[24] *See Perkins v. Standard Oil Co.*, 487 F.2d 672, 676 (9th Cir. 1973).

[25] *Cf. Rosenfeld v. United States*, 859 F.2d 717, 725 (9th Cir. 1988) (noting interim fee awards under FOIA should "be available to enable meritorious litigation to continue").

6

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

**B.      Applicability of 5 U.S.C. § 552(a)(4)(E)**

Before determining Plaintiffs' eligibility or entitlement to fees, the court must first address

to which of Plaintiffs' claims Section 552(a)(4)(E) applies.  As noted previously, Section

552(a)(4)(E) provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

The issue before the court is the breadth of the phrase "any case under this section."  Plaintiffs

understandably seek a broad interpretation of the phrase, to include "any FOIA action whether the

claim is based on FOIA, the APA, the Constitution, the violation of a settlement agreement, or any

other legal tool used to improve FOIA processing."[26]  Defendants, just as understandably, argue for

a narrow interpretation, to allow attorneys' fees only where plaintiffs have obtained a court order

"requiring disclosure of agency records improperly withheld."[27]  The court divides the claims into

three groups: (1) Claims Three, Four, Five, and Six, which are direct causes of action under FOIA;

(2) Claims One and Two, which concern violations of the Settlement Agreement; and (3) Claims

Seven, Eight, and Nine, which concern Hajro's due process rights, and whether Defendants' policy

violated the APA or the Equal Protection Clause.

**1.      Claims Three, Four, Five, and Six**

To the extent that Plaintiffs' claims secured access to documents Defendants otherwise

withheld, both the statute and the case law support application of Section 552(a)(4)(E).[28]  Causes of

action may also arise under FOIA for an agency's pattern and practice of violating the Act's

---

[26] Docket No. 106 at 4.

[27] Docket No. 105 at 4.

[28] *See, e.g.*, *Long*, 932 F.2d at 1314 (seeking records from the IRS); *Hiken v. Dep't of Defense*, Case No. C 06-02812 JW, 2012 WL 3686747, at *1 (N.D. Cal. Aug. 21, 2012) (seeking records from Department of Defense).

7

mandates[29] and for an agency's undue delay providing documents to a requester.[30] Plaintiffs' claims regarding Defendants' pattern or practice of violating FOIA through untimely responses and Hajro's individual claims regarding the delay of Defendants' production, therefore, fall within the umbrella of Section 552(a)(4)(E)'s "any case under this section" language. Accordingly, Section 552(a)(4)(E) applies to Claim Three (untimely response under FOIA to Hajro's request for documents); Claim Four (untimely explanation under FOIA of Defendants' decision not to expedite Hajro's request); Claim Five (pattern or practice of violating FOIA's time limits); and Claim Six (withholding documents in violation of FOIA).

### 2. Claims One and Two

The applicability of Section 552(a)(4)(E) to Plaintiffs' claims regarding the Settlement Agreement requires further discussion. Plaintiffs sought from this court a declaration that Defendants' policies and procedures for handling FOIA requests violated the Settlement Agreement. Obtaining a settlement agreement when a case is brought under FOIA satisfies the "substantially prevailed" requirement,[31] but that reasoning does not apply in this case. Here, Hajro

---

[29] *See Mayock v. Nelson*, 938 F.2d 1006, 1007 (9th Cir. 1991); *Liverman v. Office of Inspector General*, 139 Fed. Appx. 942, 944 (10th Cir. 2005); *Payne Enterprises, Inc. v. U.S.*, 837 F.2d 486, 491 (D.C. Cir. 1988); *Gilmore v. U.S. Dept. of Energy*, 33 F. Supp. 2d 1184, 1186 (N.D. Cal. 1998).

[30] *See Gilmore*, 33 F. Supp. 2d at 1187 (finding court had jurisdiction to hear case regarding untimely responses because of substantial support that "strongly suggests that an agency's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA, and is an improper withholding of the requested documents"); *see also Payne Enterprises, Inc.*, 837 F.2d at 491 (noting courts "have long recognized that there may very well be circumstances in which prolonged delay in making information available or unacceptably onerous opportunities for viewing disclosed information require judicial intervention") (internal citations and quotations omitted).

[31] *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001) (noting settlement agreements with consent decrees satisfy the "substantially prevailed" requirement under Fair Housing Amendments Act and American with Disabilities Act); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 451 (9th Cir. 2010) (finding same under 42 U.S.C. § 1988); *Davy v. CIA*, 456 F.3d 152, (D.C. Cir. 2006) (finding same under FOIA).

8

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

United States District Court
For the Northern District of California

and Mayock sought to enforce the Settlement Agreement, which is not in and of itself a case brought under FOIA and therefore not obviously within the scope of Section 552(a)(4)(E).

The Ninth Circuit's opinion in *Prison Legal News v. Schwarzenegger* is instructive in determining the applicability of Section 552(a)(4)(E) to Claims One and Two.[32]  There, the plaintiff, a non-profit organization producing literature and advocating for prisoners, had negotiated a settlement agreement with the defendants, the California Department of Corrections and Rehabilitation and various state officials, regarding the defendants' practice of censoring prisoners' First Amendment and Fourteenth Amendment rights.[33]  After entering a settlement agreement, the plaintiff continued to monitor the defendants' compliance with the agreement, with the district court retaining jurisdiction over the dispute.[34]  The plaintiff moved for an award of attorneys' fees under 42 U.S.C. § 1983 for its work monitoring the defendants' actions, despite not having brought an action complaining of noncompliance or obtaining any further judicial action regarding the substance of the earlier claims.[35]

The Ninth Circuit held 42 U.S.C. § 1988, the fee provision for actions brought pursuant to § 1983, permitted attorneys' fees awards for parties who monitor compliance with settlement agreements they obtained in earlier actions in which they substantially prevailed.[36]  The fact that the plaintiff's subsequent monitoring did not lead "to any judicially sanctioned relief" was irrelevant to the determination – the monitoring itself was sufficient to authorize a fee award.[37]

---

[32] 608 F.3d 446 (9th Cir. 2010).

[33] *Id.* at 448.

[34] *Id.* at 449.

[35] *Id.*

[36] *Id.* at 452.

[37] *Id.* (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986)); *see also Balla v. Idaho*, 677 F.3d 910, 917-18 (9th Cir. 2012) (reaffirming the holding in

9

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Although *Prison Legal News* dealt with 42 U.S.C. § 1983, not FOIA, the reasoning applies here with equal force.[38]  Mayock prevailed in the earlier litigation with INS by obtaining the Settlement Agreement.  This case was brought to ensure Defendants' compliance with the Settlement Agreement.  Mayock, like the plaintiff in *Prison Legal News*, was monitoring Defendants' compliance, and therefore is permitted to recover attorneys' fees under FOIA's provisions.[39]  That Mayock brought a successful action to force compliance – unlike the plaintiff in *Prison Legal News* who neither brought an action nor obtained further judicial enforcement[40] – is merely additional evidence that Mayock is eligible for attorneys' fees.[41]  Accordingly, Section 552(a)(4)(E) applies to Claim One ("Track 3" violates the Settlement Agreement) and Claim Two (Defendants' response to Hajro violated the Settlement Agreement).

### 3.    Claims Seven, Eight and Nine

Plaintiffs argue that because Claims Seven, Eight and Nine are related to Defendants' violation of FOIA, Section 552(a)(4)(E) equally applies to them.  Claim Seven involves the violation of Hajro's due process rights in his immigration hearing resulting from the delay in Defendants' response to his FOIA request.  In Claim Eight, Plaintiffs successfully argued Defendants' Track 3 policy violated the APA's requirement of notice and comment before

---

*Prison Legal News* that actions brought to monitor compliance are eligible for attorneys' fees awards).

[38] *See Rosenfeld v. United States*, 859 F.2d 717, 724 (9th Cir. 1988) (noting that FOIA's fee provision is comparable to the fee provision in 42 U.S.C. § 1988); *see also* S. Rep. 93-854, at169-72 (1974) (pointing to 42 U.S.C. §§ 2000a-3(b) and 2000e-5(k) in explaining purpose and function of FOIA's attorney fee provision).  *Cf. Del. Valley*, 478 U.S. at 561 (looking to Civil Rights Act to interpret Clean Air Act's attorneys' fees provision).

[39] *See Prison Legal News*, 608 F.3d at 452; *Balla*, 677 F.3d at 918.

[40] 608 F.3d at 452.

[41] *See Balla*, 677 F.3d at 918 (noting plaintiffs who brought motion seeking compliance with settlement agreement but was denied remained entitled to attorneys' fees because of role in monitoring compliance).

10

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

**United States District Court**
For the Northern District of California

instituting a new rule.  In Claim Nine, Plaintiffs did not prevail on their argument that Defendants' policy violated the Equal Protection Clause.  Plaintiffs argue that the three claims arise out of Defendants' violation of FOIA, and that due process, equal protection, and APA causes of action are merely tools by which to enforce FOIA.

In support of this position, Plaintiffs point to two decisions: *Mayock v. INS* and *Oregon Natural Desert Association v. Locke*.  The district court in *Mayock v. INS*, the primogenitor of this case, awarded attorneys' fees under Section 552(a)(4)(E) because it found INS had violated the FOIA through its pattern and practice of untimely responses.[42]

In the second case, *Oregon Natural Desert Association v. Locke*, the Ninth Circuit interpreted the term "any case under this section" in Section 552(a)(4)(E) to include "a case challenging the validity of a regulation governing the processing of FOIA requests" and authorized an award of attorney fees under that construction.[43]  At issue in *Locke* was the National Oceanic and Atmospheric Administration Fisheries' regulation that defined responsive documents as those within the administration's possession and control at the time that it received a request.[44]  In conjunction with seeking a court order to produce requested documents, the plaintiff also challenged the validity of the regulation and prevailed.[45]  The district court noted that the plaintiff was eligible for attorneys' fees under Section 552(a)(4)(E) despite the Defendants' claim that the plaintiff "was not seeking relief available under FOIA, namely, the release of documents."[46]  Because the plaintiff "was challenging a regulation which [the court] found violated FOIA," the

---

[42] 736 F. Supp. 1561, 1563 (N.D. Cal. 1990).

[43] 572 F.3d 610, 618 (9th Cir. 2009).

[44] *See id.*; *see also* 15 C.F.R. § 4.5(a) (prior to amendment).

[45] *Locke*, 572 F.3d at 613.

[46] *Or. Natural Desert Ass'n v. Gutierrez*, 442 F. Supp. 2d 1096, 1099 (D. Or. 2006) (overruled on other grounds).

11

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

court reasoned it was "eligible to receive attorney fees under FOIA."[47]  On review, the Ninth

Circuit agreed.[48]

     Neither *Mayock* nor *Locke*  stand for the proposition that violations of other rights – such as

due process, equal protection, or protections afforded by the APA – that occur in parallel with

FOIA violations permit an award of attorneys' fees under Section 552(a)(4)(E).  In both cases, the

courts found the defendants' actions violated the FOIA itself.  In *Mayock*, INS's practice and

pattern of delayed responses violated FOIA's time limit requirements,[49] and in *Locke*, NOAA's

regulation regarding the cut-off dates for document searches violated FOIA's mandates regarding

turning over all relevant documents within the possession and control of the agency.[50]  Neither

*Locke* nor *Mayock*, therefore, support Plaintiffs' expansive interpretation of Section 552(a)(4)(E).

     Plaintiffs also point to the legislative history of Section 552(a)(4)(E) to suggest that their

broad reading is appropriate.  Congress added the attorneys' fees provision to FOIA in 1974 as a

method "crucial to effectuating the original congressional intent that judicial review be available to

reverse agency refusals to adhere strictly to the Act's mandates."[51]  The history continues:

> Congress has established in the FOIA a national policy of disclosure of government
> information, and the committee finds it appropriate and desirable, in order to effectuate that
> policy, to provide for the assessment of attorneys' fees against the government where the
> plaintiff prevails in FOIA litigation.[52]

In 2007, Congress amended § 552(a)(4)(E) to extend its application to cases where plaintiffs who

obtain relief through "a voluntary or unilateral change in position by the agency, if [their] claim is

---

[47] *Id.*

[48] *Locke*, 572 F.3d at 618.

[49] *See* 736 F. Supp. at 1561.

[50] *See Or. Natural Desert Ass'n v. Gutierrez*, 419 F. Supp. 2d 1284, 1286 (D. Or. 2006).

[51] S. Rep. 93-854, at 169-72 (1974).

[52] *Id.*

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

United States District Court
For the Northern District of California

not insubstantial."[53]  In so doing, Congress endorsed the "catalyst theory" that permitted recovery of attorneys' fees if the agency's change in position resulted from only the initiation of litigation.[54] Congress also overturned the Supreme Court's decision rejecting that theory and holding recovery was only permissible when plaintiffs obtained a judicial order or settlement agreement.[55]

The legislative history, to be sure, supports a policy of authorizing attorneys' fees awards when violations of FOIA occur, most notably when agencies improperly withhold documents or act in an "obdurate" manner.[56]  But nothing in this history suggests the intrusion of parallel rights, like due process, resulting from the same set of actions that violate FOIA – namely, withholding or delaying the production of documents – sustains recovery under Section 552(a)(4)(E).

Because Plaintiffs have provided no case law that supports their broad reading of Section 552(a)(4)(E) and because the legislative history lends no further support to their interpretation, the court declines Plaintiffs' invitation to read expansively the recovery permissible under Section 552(a)(4)(E).  Accordingly, Section 552(a)(4)(E) does not apply to Claims Seven, Eight, or Nine.

## C.      Eligibility for Attorneys' Fees

Having determined that § 552(a)(4)(E) applies only to Claims One through Six, the court turns now to determining whether Plaintiffs are eligible for attorneys' fees for these claims. Plaintiffs argue that because they prevailed on their summary judgment motions on Claims One through Six, they have substantially prevailed on the claims and are eligible for attorneys' fees.

As to Claims One and Two, Defendants argue only that § 552(a)(4)(E) does not apply to causes of action arising under the Settlement Agreement.  The court has addressed and disposed of

---

[53] OPEN Government Act of 2007, Pub. L. No. 110-175, § 4, 121 Stat. 2524 (2007).

[54] *See Church of Scientology v. U.S. Postal Serv.*, 700 F.2d 486, 492 (9th Cir. 1983).

[55] *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Serv.*, 532 U.S. 598, 605 (2001).

[56] *See* S. Rep. 93-854, at 172.

13

that argument; monitoring compliance is sufficient to warrant an award of attorneys' fees.[57] Because the Plaintiffs prevailed on summary judgment of Claims One and Two, which resulted in injunctive relief requiring Defendants to comply with the Settlement Agreement, they have substantially prevailed and are eligible for attorneys' fees for Claims One and Two.[58]

Defendants maintain that Plaintiffs did not substantially prevail on Claims Three, Four, Five, and Six, which involve their violations of FOIA's requirements for processing information requests. As Defendants explains, they had identified and provided to Hajro all of the documents relevant to his request by March 4, 2008 – six days before Hajro and Mayock initiated this action. As to the court's order that Defendants turn over the notes of an officer adjudicating Hajro's 2003 application, Defendants opine that it "was not information sought by Hajro," and so before the litigation even began, "Hajro obtained all of the records he sought."[59] Defendants conclude, therefore, that Hajro did not meet the necessary standard because the litigation did not cause receipt of his records.

Underlying Defendants' argument is an assumption that Claims Three through Six all concern improperly withholding responsive documents in violation of FOIA. Claims Three and Four, however, stem from separate causes of action: the delay in Hajro's receipt of the responsive documents and notice of Defendants' decision. Relief for these claims, therefore, is predicated on *when* Hajro received the responsive documents, not *if* he received the responsive documents.[60] Defendants' delivery of responsive documents prior to the initiation of the court proceedings does not address the four-month delay in notifying Hajro about its decision regarding his document

---

[57] *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 451 (9th Cir. 2010).

[58] *See Long v. U.S. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991).

[59] Docket No. 105.

[60] *See Payne Enterprises, Inc. v. U.S.*, 837 F.2d 486, 491 (D.C. Cir. 1988); *Gilmore v. U.S. Dept. of Energy*, 33 F. Supp. 2d 1184, 1186 (N.D. Cal. 1998).

14

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

request.  Hajro prevailed on his summary judgment motion regarding those claims, and as a result, obtained injunctive relief ensuring that Defendants will comply with FOIA's time limits.  His success on Claims Three and Four resulted in a judicial order, which satisfies the threshold eligibility requirement under § 552(a)(4)(E).[61]

In a similar vein, Claim Five concerned not the improper withholding of responsive documents but a separate cause of action: Defendants' pattern or practice of violating FOIA's time limits.  Hajro's receipt of the documents prior to the initiation of this case does not affect whether he and Mayock substantially prevailed in their claim that in its furnishing of responsive documents Defendants had a pattern and practice of violating FOIA's time mandates.  As with Hajro's claims regarding Defendants' delay in delivering responsive documents, they prevailed on their summary judgment motion on Claim Five, which resulted in injunctive relief requiring Defendants to end its pattern and practice of violating FOIA.  Accordingly, Plaintiffs substantially prevailed on Claim Five and are eligible for attorneys' fees.

Claim Six is the only cause of action concerning Defendants' withholding responsive documents from Hajro.  Defendants' argument, however, that the documents the court ordered it to turn over to Hajro were not within his request is unpersuasive.  Hajro sought any and all records reflecting that he provided false testimony to an immigration officer.  Of the 356 entire pages and 8 partial pages that Defendants initially furnished and the 12 pages it subsequently turned over, none contained a reference about his alleged false testimony.  Defendants withheld 86 pages under the deliberative process privilege, but provided no details regarding the contents of those pages beyond boilerplate language regarding their creation during the deliberative process.  The court found that Defendants failed to meet their burden to exempt those documents and ordered Defendants to supply Hajro with the factually responsive document.

---

[61] *See* 5 U.S.C. § 552(a)(4)(E)(ii)(I) ("For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through . . . judicial order . . . .").

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Defendants now claim that the document with the information relevant to Hajro's request does not exist, and so Hajro received all of the documents he requested in Defendants' initial disclosure.[62]  But even where defendants ultimately prevail on a dispute regarding proper withholding of documents, plaintiffs who succeed in forcing a defendant into some action as a result of the initiation of litigation has changed the legal relationship.[63]  That change supports plaintiffs' argument that they have substantially prevailed.[64]  Here, as a result of his request, Hajro obtained an injunction requiring Defendants to isolate and furnish documents relating to his false testimony, which in turn resulted in Defendants' admission that documents with the facts he requested did not exist.  Hajro significantly altered the relationship between him and Defendants, and as a result, he has substantially prevailed on Claim Six and is eligible for attorneys' fees.

**D.      Entitlement to Attorneys' Fees**

Having determined that Plaintiffs substantially prevailed on Claims One through Six and are eligible for attorneys' fees, the court now turns to whether Plaintiffs are entitled to an award under Section 552(a)(4)(E).  The court must consider at least four factors in its determination: (1) the public benefit from disclosure; (2) any commercial benefit to the plaintiff resulting from disclosure; (3) the nature of the plaintiff's interest in the disclosed records; and (4) whether the government's withholding of the records had a reasonable basis in law.[65]  As the parties have not

---

[62] The court is troubled by this admission in light of the fact that the basis for denying Hajro's application centered entirely on the allegation that he falsely testified to an immigration officer.

[63] *See Nw. Coal. for Alternatives to Pesticides v. EPA*, 421 F. Supp. 2d 123, 127 (D.D.C. 2006).

[64] *Id.*

[65] *See Am. Small Bus. League v. U.S. Small Bus. Admin.*, Case No. C 08-00829 MHP, 2009 WL 1011632, at *4 (N.D. Cal. Apr. 15, 2009).

16

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

argued any other factors for determining entitlement to attorneys' fees, the court limits its discussion to the four required factors.[66]

### 1. Public Benefit

In considering the public benefit of actions brought under FOIA, courts should "take into account the degree of dissemination and the likely public impact that might result from disclosure."[67]  "[A]n award of attorney's fees is not favored when it merely subsidizes a matter of private concern."[68]  But "[a] public benefit may result even though the specific document is sought for plaintiff's sole use."[69]  For example, a "ruling which establishes that the government may not withhold certain information pursuant to a particular FOIA exemption" or an order establishing "the principle that there are some exceptional cases where the government must specifically process requests for information on a priority basis" qualify as public benefits, even if the documents sought were for private use.[70]

Plaintiffs sought in Claims One and Two enforcement of the Settlement Agreement, which had been negotiated to end a previous pattern or practice of FOIA violations by INS, USCIS's predecessor.  In Claim Five, Plaintiffs sought injunctive relief to end Defendants' pattern and practice of violating FOIA's time limit requirements.  By obtaining injunctive relief mandating Defendants comply with its obligations under the Settlement Agreement and FOIA, Plaintiffs have benefitted other applicants seeking records to aid in disputes with Defendants.  The public benefit factor weighs in favor of awarding fees for Claims One, Two, and Five.

---

[66] *Id.*

[67] *Church of Scientology v. U.S. Postal Serv.*, 700 F.2d 486, 493 (9th Cir. 1983).

[68] *Id.*

[69] *Id.*

[70] *Id.*

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

As for Claims Three and Four, Hajro sought injunctive relief for potential future delays in any subsequent FOIA requests he may make in an individual capacity.  Although the injunctive relief sought primarily benefited Hajro in his private capacity, it also established that in cases where due process concerns arise, such as citizenship status proceedings, Defendants must expedite their decisions on FOIA requests.  The court thus finds the public benefit factor weighs in favor of awarding fees for Claims Three and Four.

In Claim Six, Hajro sought documents relating to alleged false testimony leading to the denial of his naturalization request.  Plaintiffs do not provide specific arguments explaining how Hajro's request for documents for his personal dispute with Defendants provides a public benefit.  They point only to the overarching goal of their case to alter Defendants' FOIA's policies.  Hajro's request for documents for personal use may have initiated the ensuing claims, but Claim Six, on its own, does not provide a public benefit.  The court thus finds the public benefit factor does not weigh in favor of awarding fees for Claim Six.

### 2.      Commercial Interests and Nature of Plaintiffs' Interest in the Action

Courts must consider to what degree plaintiffs commercially benefit from their claims.  "[I]f the potential for private commercial benefit was sufficient incentive to encourage . . . pursuit of [a] claim, it would not be improper for [a] district court to deny [an] attorney's fees request."[71]  Commercial interest is often considered simultaneously with the nature of the plaintiff's interest in the action.[72]  "If either commercial benefit will inure to the plaintiff from the information or plaintiff intends to protect a private interest . . . an award of attorney's fees is not recoverable."[73]

---

[71] *Id.* at 494.

[72] *Id.*

[73] *Id.*

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Through Claims One, Two, and Five, Plaintiffs sought injunctive relief to correct the Defendants' practice and pattern of violating its obligations under FOIA.  Hajro is a private citizen and nothing in the evidence before the court suggests he has any commercial interest in pursuing these claims.  Although he may receive some personal benefit from the change in Defendants' policy, the public benefit from the injunctive relief he pursued reflects that he sought more than just to protect a private interest.  Mayock is an immigration attorney who may achieve some financial benefit from Defendants' change in policy, but as noted in *Mayock v. INS*, by pursuing claims to correct patterns and practices violating FOIA, Mayock obtained relief "not just for himself, but also for other litigants and attorneys."[74]  As such, he argues that it was "more a public benefit than a commercial interest."[75]  The court agrees.  The overarching lack of commercial interest and the nature of Plaintiffs' interests weigh in favor of granting attorneys' fees for Claims One, Two, and Five.

As to Claims Three, Four, and Six, as noted above, Hajro is a private person and nothing in the evidence suggests Hajro has any commercial interests in pursuing claims for Defendants' failure to comply with FOIA's time limits or to comply with its FOIA obligations to supply responsive documents.  Hajro's interest in those claims, however, was personal: he sought injunctive relief to protect his private interest in speedily obtaining documents to succeed in his naturalization dispute with Defendants.  Although the lack of commercial interest weighs in favor of granting attorneys' fees for Claims Three, Four, and Six, the personal nature of Hajro's interest in the claims weighs against it.

---

[74] 736 F. Supp. 1561, 1563 (N.D. Cal. 1990).

[75] *Id.*

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

### 3.     Reasonable Basis in Law

The fourth factor courts must consider is to what degree the agency's position is reasonably based in the law.  Under this criterion, "a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or frustrate the requester."[76]

Defendants, perhaps with good reason, do not provide an argument suggesting their pattern and practice of consistently straying from their obligations under FOIA had a reasonable basis in law.  As the court noted in its order granting summary judgment to Plaintiffs on Claims One, Two, and Five regarding Defendants' pattern and practice of untimely responses, "the experiences of Plaintiffs establish a pattern or practice of violations" and Defendants failed even to assert that they were in compliance with FOIA's time limits.[77]  Because Defendants' violations have no reasonable basis in the law, this factor weighs in favor of granting attorneys' fees for Claims One, Two, and Five.

Defendants argue, however, that as to Claims Three, Four, and Six concerning Hajro's personal causes of action for the delay and withholding of information, the delay and withholding were the result of "bureaucratic difficulty in handling" instead of bad faith.  Such bureaucratic inefficiency, Defendants argue, cannot be the basis of an attorneys' fees award.  Instead, according to Defendants, only obdurate behavior or bad faith will tilt this final factor in Plaintiffs' direction.[78]

---

[76] *Church of Scientology*, 700 F.2d at 492 n.6 (quoting S. Rep. 93-854, at 172).

[77] *Hajro v. U.S. Citizenship & Immig. Serv.*, 832 F. Supp. 1095, 1108 (N.D. Cal. 2011).

[78] *See Read v. FAA*, 252 F. Supp. 2d 1108, 1111 (W.D. Wash. 2003) ("[T]he Court recognizes that delay due to bureaucratic ineptitude alone is not sufficient to weigh in favor of an award of attorney's fees"); *Ellis v. United States*, 941 F. Supp. 1068, 1080 (D. Utah 1996) (noting that where "plaintiffs' challenge is to the government's delay in releasing the records rather than its substantive claims of exemption, the reasonableness factor does not favor a fee award so long as the government did not engage in obdurate behavior or bad faith").

20

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Hajro's claims, however, arise out of Defendants' practice of consistently violating FOIA's time requirements. The delay in responding to his request was not an isolated event, such that Defendants could point to bureaucratic inefficiency as the sole cause of his injury. Plaintiffs brought forward at least twenty-six other attorneys who have experienced similar delays in responses. Defendants failed to comply with its obligations under both FOIA and the Settlement Agreement to ensure FOIA requesters with rights at risk were given high-priority status. Hajro was just one victim of that pattern or practice.

The court also notes that Defendants' inability to produce documents containing facts about Hajro's alleged false testimony suggests that Defendants' delays and withholding may not have been in good faith. Rather than admitting early in the FOIA procedures that they possessed no documents responsive to Hajro's limited request for evidence of his alleged false testimony, it produced documents without that evidence and claimed the rest were exempt. Hajro was forced to initiate this action to obtain from Defendants an admission that evidence upon which his naturalization application was denied was not within its records. Defendants may seek to claim that this is the result of bureaucratic inefficiency, but the evidence suggests its actions teeter on the edge of obduracy.

The court finds that for Claims Three, Four, and Six the fourth factor weighs in favor of granting attorneys' fees.

Having considered the weight of the four factors on each of Plaintiffs' eligible claims, the court finds that Plaintiffs are entitled to attorneys' fees for Claims One, Two, and Five because all four of the factors weigh heavily in favor of granting a fee award. The court finds that Plaintiffs are entitled to recover attorneys' fees for Claims Three and Four regarding the delay in responding to Hajro's request. The court found three of the four factors weighed in favor of awarding fees and the fourth factor, Hajro's personal interest in the claims, does not weigh strongly against.

21

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

The court finds that Claim Six concerning the withholding of Hajro's requested documents is also entitled to an award of attorneys' fees.  The court notes Hajro's private interest and the lack of public benefit from the disclosure of the documents weigh against a grant of attorneys' fees and only two of the four factors weigh in favor of granting attorneys' fees: Defendants' lack of a reasonable basis in law for withholding the information and Hajro's lack of commercial interest. Although the factors are evenly split, the court weighs Defendants' unreasonable stance more heavily in light of the purposes of Section 552(a)(4)(E).  Congress intended with the provision to incentivize plaintiffs to ensure open government and vindicate their rights by removing the obstacle of attorneys' fees.[79]  The court thus finds Hajro is entitled to an award of attorneys' fees under Section 552(a)(4)(E).

**E.      Reasonableness of the Fees Requested**

Having concluded that Plaintiffs are eligible for and entitled to attorneys' fees under Section 552(a)(4)(E) for Claims One through Six, the court turns now to Plaintiffs' fee request.  To determine a reasonable fee award, the court begins with the lodestar: reasonable rates multiplied by reasonable hours expended.[80]  The resulting figure is presumptively reasonable.[81]  But "[t]he product of reasonable hours times a reasonable rate does not end the inquiry."[82]  The court may

---

[79] *See Rosenfeld v. United States*, 859 F.2d 717, 724 (9th Cir. 1988) (noting that "the FOIA attorney's fee provision shares many of § 1988's objectives: . . . to insure that private citizens have meaningful opportunity to vindicate their rights protected by [FOIA]  . . . and unless reasonable attorney's fees could be awarded for bringing these actions, Congress found that many legitimate claims would not be redressed"); *Manos v. U.S. Dept. of Air Force*, 829 F. Supp. 1191, 1193 (N.D. Cal. 1993) (same).

[80] *See Hiken v. DOD*, Case No. C 06-02812 JW, 2012 WL 3686747, at *2 (N.D. Cal. Aug. 21, 2012).

[81] *See id.*

[82] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

United States District Court
For the Northern District of California

also consider any of the *Kerr* factors that have not already been subsumed in the initial lodestar determination that support either an upward or downward adjustment of the lodestar.[83]

### 1.     Hours Expended

Attorneys' fees awards may only include hours "reasonably expended" on the litigation.[84] Hours that are "excessive, redundant, or otherwise unnecessary" must be excluded.[85]   The court "must base its determination whether to award fees for counsel's work on its judgment as to whether the work product . . . was both useful and of a type ordinarily necessary to advance the . . . litigation."[86]   In light of the fact that "awarding attorneys' fees to prevailing parties . . . is a tedious business," the court "should normally grant the award in full" if the party opposing the fee request "cannot come up with specific reasons for reducing the fee request."[87]   Fees may also be recovered for work performed on motions for attorneys' fees.[88]

Plaintiffs have requested fees for three attorneys as follows:

Kip Evan Steinberg

- 2007: 20.9 hours at $550 per hour = $11,495
- 2008: 176.1 hours at $550 per hour = $96,855
- 2009: 180.3 hours at $600 per hour = $108,180
- 2010: 22.2 hours at $600 per hour = $13,320
- 2011: 62.2 hours at $625 per hour = $38,875
- 2012: 27.6 hours at $625 per hour = $17,250

Total Hours: 489.3        Total Fees Requested: $285,975

---

[83] *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *see also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

[84] *See Hensley*, 461 U.S. at 433.

[85] *Id.*

[86] *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003).

[87] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

[88] *See Comm'r, INS v. Jean*, 496 U.S. 154, 163-65 (1990); *Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995).

23

Eric Walter Rathhaus

- 2008-2011: 29.3 hours at $450 per hour = $13,185

Robert De Vries

- 2008: 0.4 hours at $550 per hour = $220
- 2009: 4.8 hours at $600 per hour = $2880

They have requested recovery for costs totaling $2,159.12.  Plaintiffs also request attorneys' fees and costs for work performed on this motion: 44.4 hours at $625 per hour, for a total of $21,500 and $287.17 in costs.

Defendants object to Plaintiffs' fee requests as unreasonable.

### a.    Time on Claims Ineligible for Recovery

Defendants argue first that Plaintiffs' hours are unreasonable because they include time spent on claims for which FOIA does not provide recovery, namely those claims arising under the Settlement Agreement, the APA, or the Constitution.  Indeed, Plaintiffs' counsel's records do not differentiate among the various claims in this case.  To the extent that the claims arising under the Settlement Agreement fall within the undifferentiated fees, the court has already determined Plaintiffs are entitled to fee recovery for those claims.  The question remains, however, to what extent Plaintiffs may recover attorneys' fees for the three claims to which FOIA does not apply.

The due process, Equal Protection, and APA claims are analogous to state law pendant claims brought alongside constitutional violations under 42 U.S.C. § 1983.[89]  Standing alone, state law pendant claims cannot be the basis for attorneys' fees recovery under 42 U.S.C. § 1988, the relevant fee provision.[90]  But when plaintiffs prevail on their constitutional claims, they may also

---

[89] *See Carreras v. City of Anaheim*, 768 F.2d 1039, 1050 (9th Cir. 1985) (overruled on other grounds); *see also Rosenfeld v. United States*, 859 F.2d 717, 724 (9th Cir. 1988) (noting courts view FOIA and 42 U.S.C. § 1988 "as comparable").

[90] *See Mateyko v. Felix*, 924 F.2d 824, 828 (9th Cir. 1990).

24

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

recover for pendant claims stemming from a "common nucleus of operative facts."[91]   In light of the

overlap in interpretations of Section 552(a)(4)(E) and 42 U.S.C. § 1988,[92] the court adopts that

reasoning here.

The due process, Equal Protection, and APA claims arose from Defendants' untimely

response to Plaintiffs' requests for documents under FOIA.   They share a "common nucleus of

operative facts" with the claims for the direct FOIA violations and for which Plaintiffs can recover

attorneys' fees.   The due process, Equal Protection, and APA claims derive from the same set of

facts as the FOIA claims: Defendants failed to provide Plaintiffs with requested documents within

the timeframe required by FOIA.[93]   Plaintiffs can, therefore, recover attorneys' fees for their due

process, Equal Protection and APA claims.   In other words, Claims Seven through Nine, standing

alone, do not qualify for fee recovery under Section 552(a)(4)(E).   But because they accompany

and relate to Claims One through Six, which do qualify for fees under Section 552(a)(4)(E), the

court may award attorneys fees for them.

Plaintiffs prevailed on their due process and APA claims but lost on the Equal Protection

claim.   To determine whether it should reduce Plaintiffs' fees as a result, the court engages in a two

part inquiry.[94]   The court must first determine whether the successful and unsuccessful claims are

---

[91] *See Carreras*, 768 F.2d at 1050.

[92] *See Rosenfeld v. United States*, 859 F.2d 717, 724 (9th Cir. 1988).

[93] *Cf. Carreras*, 768 F.2d at 1041-43 (finding fee award appropriate where plaintiffs prevailed on state constitutional grounds for same state actions also giving rise to federal constitutional issue on which district court refrained from ruling); *Hall v. W. Production Co.*, 988 F.2d 1050, 1056-57 (10th Cir. 1993) (finding fee award for breach of contract claim appropriate where plaintiffs also prevailed on ADEA claim arising out of same set of facts); *Walls v. Cent. Contra Costa Transit Auth.*, Case No. CV-08-224 PJH (JSC), 2012 WL 2711252, at *5 (N.D. Cal. Apr. 30, 2012) (finding state law claims were grounds for fee award where they arose out of termination that also gave rise to § 1983 claims).

[94] *See Hensley*, 461 U.S. at 435; *Thomas v. City of Tacoma*, 410 F.3d 644, 649-50 (9th Cir. 2005); *see also Judicial Watch v. U.S. Dep't of Commerce*, 470 F.3d 363, 369 (D.C. Cir. 2006) (noting *Hensley*'s reasoning applies to FOIA attorneys' fees provision).

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

**United States District Court**
For the Northern District of California

related, and if so, it must shift its focus to the degree of success to ascertain the appropriate fee award.[95]  Claims are related when they share a "common core of facts" or "similar legal theories."[96]

Here, the court has already found the Equal Protection claim stems from the same set of facts as Plaintiffs' successful claims, specifically Defendants' untimely response to Plaintiffs' FOIA requests.  Turning to the second factor, the degree of success, the court finds that Plaintiffs achieved their goals of enforcing the Settlement Agreement and obtaining an injunction requiring Defendants' compliance with FOIA's mandates despite the fact that they failed to prevail on the Equal Protection claim.  Accordingly, the court will not reduce Plaintiffs' fees on account of the unsuccessful Equal Protection claim.[97]

### b.   Block-billing and Non-contemporaneous Time-Keeping

Having determined Plaintiffs may recover for the due process, Equal Protection, and APA claims, the court turns to Defendants' second objection to fees they claim were billed in 2007 before Hajro submitted his FOIA request and received documents.  Hajro filed his FOIA request on November 19, 2007.[98]  Plaintiffs' counsel billed 4.5 hours on November 5, 2007, 0.8 hours on

---

[95] *See Hensley*, 461 U.S. at 435; *Thomas*, 410 F.3d at 649-50.

[96] *See Hensley*, 461 U.S. at 435; *Thomas*, 410 F.3d at 649-50.

[97] The court acknowledges the apparent incongruity of awarding attorneys' fees for a claim to which FOIA does not apply and on which Plaintiffs did not prevail.  But as the Supreme Court and the Ninth Circuit have both instructed, "the result is what matters," not how many legal theories plaintiffs use to achieve their relief.  *See Hensley*, 461 U.S. at 435 (noting where litigants obtain "excellent results" "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit" because "the result is what matters"); *Thomas*, 410 F.3d at 650 ("At the heart of [the attorneys' fees] inquiry is whether Plaintiff's 'accomplishments in this case justify the fee amount requested.'") (quoting *Thorne v. City of El Segundo*, 802 F.2d 1131, 1142 (9th Cir. 1986)); *see also Mendez v. Cnty of San Bernardino*, 540 F.3d 1109, 1126-27 (9th Cir. 2008); *Jackson v. Lombardi*, Case No. C 09-01016 WHA, 2010 WL 4607839, at *2 (N.D. Cal. Nov. 5, 2010).

[98] Docket No. 1 Ex. I, Ex. J.

26

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

November 8, 2007, and 0.4 hours on November 15, 2007.[99]  In response to Defendants' objection, Plaintiffs assert only that the time in fact was spent on this case.

In light of the fact that the events giving rise to most of the claims in this suit occurred only after Hajro filed his FOIA request and Defendants failed to timely respond, the court finds it appropriate to subtract from the fee award the hours billed before the request.  The attorneys' fees award, therefore, is reduced by the 5.7 hours billed before November 19, 2007.  Because one of the main complaints in this case was the untimeliness of Defendants' response to Plaintiffs' FOIA requests, and not just the quality of the response, the remainder of Plaintiffs' fees for 2007 should be recovered.

Defendants also claim Plaintiffs' counsel engaged in block-billing and non-contemporaneous time-keeping, both of which, as Defendants point out, are disfavored forms of recording fees.[100]  Plaintiffs' counsel swore in an affidavit that the records reflect contemporaneous time-keeping, save for hours calculated based on a separate Equal Access to Justice Act fee request not at issue here.  Because statements taken under oath and under penalty for perjury are given "considerable weight,"[101] the court accepts Plaintiffs' counsel's statement and rejects Defendants' argument regarding non-contemporaneous billing.

As to Defendants' block-billing argument, having reviewed the fee requests, the court agrees that Plaintiffs engaged in block-billing in some instances.   The court has identified in the table below the dates, hours, and descriptions it has determined are unreasonable block-billing.

---

[99] Docket No. 94 Ex. K.

[100] *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

[101] *See Hiken v. Dep't of Defense*, Case No. C 06-02812 JW, 2012 WL 3686747, at *7 (N.D. Cal. Aug. 21, 2012).

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

United States District Court
For the Northern District of California

| Date | Hours | Descriptions[102] |
|---|---|---|
| 12/22/2007 | 7.0 | Meeting with Mirsad Hajro.  Read "Freedom of Information Act And Privacy Act Practice Before The Department of Homeland Security" *Immigration Briefings*. Legal research re FOIA and Settlement Agreement, first draft of complaint |
| 1/26/2008 | 2.5 | Meeting in Larkspur with JM to discuss and strategize about case and review breach letter, draft complaint, and legal research.  Reviewed "The Open Government Act of 2007".  Sent breach letter to Rosemary Melville and Diane Cejka. Emails to JM, Eric Sinrod, and Mirsad Hajro. |
| 3/3/2008 | 2.7 | Email to JM with Questions re his FOIA cases.  Email exchange with Eric Sinrod re standing issue for James Mayock in original Mayock litigation.  Telephone call with Mirsad Hajro re case.  Discussed case strategy with litigator Matt White.  Reviewed Mayock federal court decisions. |
| 3/7/2008 | 6.5 | Emailed Beverly Jacklin, editor at *Interpreter Releases* to obtain clear copy of document in July 27, 1992 *IR* at page 919 re DOJ policy on FOIA expedites.  Reviewed email reply with attached document.  Traveled to federal district court San Francisco to try to obtain copy of July 6, 1988 order by Court in Mayock case re standing and mootness. Met docket clerk Jeff Issac at clerk's office and reviewed original docket of original Mayock district court case. Discussed ordering case file from Federal Records Center. Prepared final edits on Complaint and Exhibits. |

Because Plaintiffs failed to itemize the hours required for the varied tasks for these days, the court is unable to determine the validity of the requests.[103]  As a result, the court exercises its discretion to reduce the hours for these block-billed entries by twenty percent, the amount noted by the Ninth Circuit as the middle range for time increases that occurs through block-billing.[104]  Out of the total 18.7 hours, the court will subtract twenty percent, or 3.74 hours.

---

[102] All of the descriptions are direct quotations from Plaintiffs' counsel's fee request.  *See* Docket No. 94-5 Ex. K.

[103] *See Welch*, 480 F.3d at 948.

[104] *Id.*

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

United States District Court
For the Northern District of California

To summarize, the court reduces the fee award by the 5.7 hours billed before November 19, 2007 and by 3.74 hours for block-billing. Defendants have not raised any other objections to Plaintiffs' fee requests and so the court will grant the remaining hours. The court finds that 479.86 hours were reasonably expended in this four-year-plus litigation resulting in injunctions requiring Defendants to comply with their FOIA obligations.

### 2.      Reasonable Hourly Rate

To determine a reasonable hourly rate, the court must consider "certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases."[105]  The court also looks to "the forum in which the district court sits"[106] and to "the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."[107]  "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[108]

Plaintiffs request fees ranging from $550 to $625 for lead counsel and $450 to $600 for associated counsel. Plaintiffs provide an affidavit from an expert who opines that having been informed "of the nature of the case, the qualifications of Plaintiffs' counsel, including their CV's, and the hourly rates they are requesting," in his opinion "the hourly rates requested . . . are well in

---

[105] *Moreno*, 534 F.3d at 1114.

[106] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

[107] *Welch*, 480 F.3d at 946.

[108] *Camacho*, 523 F.3d at 980 (citation omitted).

29

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

line with the non-contingent market rates charged for reasonably similar services by attorneys of reasonably similar qualifications and experience."[109]

The court finds the requested hourly rate is reasonable.  In similar cases where parties sought to monitor and enforce consent decrees, attorneys with the same number of years of experience as counsel here were awarded $575 for 27 years of experience and $430 for 10 years of experience.[110]  Plaintiffs' counsel has more experience than the attorneys in those cases: lead counsel graduated from law school in 1980 and associated counsel graduated in 1994 and 1980. The requested rates are within comparable rates for attorneys of the same experience and for the same type of case.[111]

The court also finds adequate documentation for the costs requested by Plaintiffs in the amount of $2,446.29.

Accordingly, the court GRANTS Plaintiffs' motion for attorneys' fees in the amount of $318,568[112] and costs in the amount of $2,446.29.

## IV.  CONCLUSION

Section 552(a)(4)(E) applies only to Claims One through Six; Claims Seven, Eight, and Nine are not causes of action alleging violations of FOIA.  Plaintiffs are both eligible for and entitled to attorneys' fees for Claims One through Six.  Because Claims Seven through Nine are related to the eligible claims, Plaintiffs may recover attorneys' fees for those claims as well.

---

[109] Docket No. 94 Ex. F.

[110] *See Armstrong v. Brown*, 805 F. Supp. 2d 918, 921 (N.D. Cal. 2011); *Valdivia v. Brown*, 848 F. Supp. 2d 1141, 1143 (C.D. Cal. 2011).

[111] *Cf. Hiken v. Dep't of Defense*, Case No. C 06-02812, 2012 WL 3686747, at *5 (N.D. Cal. Aug. 21, 2012) (approving in FOIA action $200 per hour for attorneys with six to ten years of experience).

[112] The total amount Plaintiffs requested – $323,760 – minus $5,192 for the hours the court excluded.

30

Having reviewed the rates and hours, the court has determined that Plaintiffs are entitled to $318,568 in attorneys' fees and $2,446.29 in costs.

**IT IS SO ORDERED.**

Dated: October'37, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 08-1350
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES